1    **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2    Name _BloodsAW    Theopric    K._

3         (Last)                    (First)              (Initial)

4    Prisoner Number _N/A_

5    Institutional Address _PBSP, ASU-El, P.O. Box 7500_

6    _Crescent City, CA. 95532_
=====================================================

7              **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**

8    _BloodsAW Theopric_                    )
9    (Enter the full name of plaintiff in this action.)  )
                                            )
                              _et al._      )
10                vs.                        )    Case No. _CO8 - 1696 - JF_
                                            )    (To be provided by the Clerk of Court)
11   _Woodford J.S._                         )
                                            )    **COMPLAINT UNDER THE**
12   _Sullenger L._                          )    **CIVIL RIGHTS ACT,**
                                            )    **Title 42 U.S.C § 1983**
13   _DeMeo    P._                           )
                                            )
14   _O'Donnell D.J._                        )
     (Enter the full name of the defendant(s) in this action)  )
15   ─────────────────────────────────────  )

16   *[All questions on this complaint form must be answered in order for your action to proceed..]*

17   I.    Exhaustion of Administrative Remedies.

18         [**Note:** You must exhaust your administrative remedies before your claim can go

19         forward. The court will dismiss any unexhausted claims.]

20         A.    Place of present confinement _PBSP_

21         B.    Is there a grievance procedure in this institution?

22                     YES (✓)    NO ( )

23         C.    Did you present the facts in your complaint for review through the grievance

24               procedure?

25                     YES (✓)    NO ( )

26         D.    If your answer is YES, list the appeal number and the date and result of the

27               appeal at each level of review. If you did not pursue a certain level of appeal,

28               explain why.

     COMPLAINT                        - 1 -

1.  Informal appeal *Wilber C.E., A.C. is in violation of my First amendment right all three of my appeals were denied malici-*

2.  First formal level *ously. All three of my appeals went to Director's Level Review an mal iciously denied. Supreme Court Reports*

3.  Second formal level *88 LAW. ED. Oct. 1943 TERM U. S. 320 (pp. 219 to end) U.S. 321-322 III Partic ular circumstance under which exhaus*

4.  Third formal level *tion of state remedies is or is not necessary.*

*CV-00752-JF-550*

E.  Is the last level to which you appealed the highest level of appeal available to you?

        YES ( ✓ )     NO ( )

F.  If you did not present your claim for review through the grievance procedure, explain why._____

_____

_____

II.  Parties.

A.  Write your name and your present address.  Do the same for additional plaintiffs, if any.

*BloodSAW Theopric, P20045, ASU-EI, P.O. Box 7500, Crescent City, CA. 95532*

B.  Write the full name of each defendant, his or her official position, and his or her place of employment.

*Woodford J.S., Warden, San Quentin;*

COMPLAINT                    - 2 -

1  Sullenger L., Correctional Officer, PBSP;
2  DeMeo P., Sergeant, PBSP;
3  O'Donnell D.J., Sergeant, PBSP;

4

5  III.    Statement of Claim.

6      State here as briefly as possible the facts of your case.  Be sure to describe how each

7  defendant is involved and to include dates, when possible.  Do not give any legal arguments or

8  cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a

9  separate numbered paragraph.

10  Woodford J.S., Warden 12-22-99 U.S.C. Amendmen-
11  ts I-IV-V-VIII-XIII-XIV, Lack of Jurisdictio-
12  n Over Subject Matter, Deprivation of Rights, Ha-
13  rassment. Sullenger L., C/O 2-24-04 U.S.C. Ame-
14  ndments I-IV-V-VIII-XIII-XIV, Lack of Jurisdi-
15  ction Over Subject Matter, Deprivation of Rights,
16  Harassment. DeMeo P., Sergeant 2-24-04 U.S.C.
17  Amendments I-IV-V-VIII-XIII-XIV, Lack of Ju-
18  risdiction Over Subject Matter, Deprivation of Rights,
19  Harassment. O'Donnell D.J., Sergeant 2-24-04
20  U.S.C. Amendments I-IV-V-VIII-XIII-XIV, Lack
21  of Jurisdiction Over Subject Matter, Deprivation of
22  Rights, Harassment.

23  IV.    Relief.

24      Your complaint cannot go forward unless you request specific relief.  State briefly exactly

25  what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

26  I am asking the court for just compensation for
27  monetary, punitive, an liability damages.
28  I am asking the court for a permanent injunct-

COMPLAINT                    - 3 -

1  ion for cruel and unusual punishments. I am
2  legally and medically entitle to single cell
3  housing Im asking the court to grant me that
4  right

5      I declare under penalty of perjury that the foregoing is true and correct.

6

7      Signed this __17__ day of _March_ , 20 _08_

8

9                    _T. Bloodsaw_

10                    (Plaintiff's signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                    - 4 -

**FORM E**

Proof of Service by Mail

[Case Name and Court Number]

I declare that:

I am a resident of *PBSP* in the county of *Del Norte*, California. I am over the age of 18 years. My residence address is:

*ASU-E1, P.O. Box 7500, Crescent City, CA. 95532*.

On *3-17-08*, I served the attached *Civil Rights Act* on the *U.S. Dist. Court* in said case by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid, in the United States mail at *PBSP* addressed as follows:

*U.S. District Court, Northern District of Calif., 450 Golden Gate Ave., San Francisco, CA. 94102*.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on *3-17-08* [date], at *Crescent City*, California.

*Bloodsaw Theopric*
[Type or Print Name]

*T. Bloodsaw*
[Signature]



STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



January 9, 2008

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0716017        DISCIPLINARY

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

EO7-10-0013

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region: 1. P___ 2. ___   Log No. 1. ___ 2. ___   Category 1/7

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Bloodsaw Theopric   NUMBER: P20045   ASSIGNMENT: ___   UNIT/ROOM NUMBER: ASU-E1

A. Describe Problem: C/O, Sullenger L. I am taking the privilege of asking you for jurisdiction requirements for my false imprisonment at PBSP according to the U.S.C. Amendments I-IV-V-VIII-XIII-XIV. I am at PBSP under a fraudulent CDC No. P20045 on 11-8-02 I was unlawfully arrested as a parole violator P.C. 5011. a parole warrant is P.C. 3056. Since my arrival at ASU you have shown a great deal of hostility on my behalf and as favors to southern hispanics. When I arrived at ASU their was no st-

If you need more space, attach one additional sheet.

B. Action Requested: anding count, you stopped at my celldoor while I was sitting on my bed having muscle spasms an dizziness demanding me to stand up for count I said I needed medical attention you said so what stand up. I refused your order

Inmate/Parolee Signature: T. Bloodsaw   Date Submitted: 11-28-07

C. INFORMAL LEVEL (Date Received: ___)

Staff Response: Bypass - informal review not required

Staff Signature: ___   Date Returned to Inmate: ___

RECEIVED BRANCH DEC -5 2007

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

medically Felony complaint not endorsed P.C. 872. Order holding defendant to answer. Standing count started 10-9-07 you are the only C/O that en____ i___ CDC 115 is a fraudulent document Log No. E07-10-0013 CCR 3017. Supreme Court Reports 88

Signature: T. Bloodsaw   Date Submitted: 11-28-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim   CDC Appeal Number:

NOV 2 9 2007

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____  Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

BYPASS

_____

_____

Staff Signature: _____  Title: _____  Date Completed: _____
Division Head Approved:                                                              Returned
Signature: _____  Title: _____  Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*C.E. Wilber, Appeals Coordinator, it appears to me that you are taking the matter into your own hand's for malice reasons. 78 S.Ct.1332, 357 U.S.513 Speiser v. Randall (1958) 9 S.Ct.122, 128 U.S.456 Cornelius v. Kessel (1888) 3084.1. Right to Appeal.*

Signature: _____ *T. Bloodsaw* _____  Date Submitted: *11-30-07*

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____  Due Date: _____
☐ See Attached Letter

Signature: _____  Date Completed: _____

Warden/Superintendent Signature: _____  Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*Constitutional Law. 3000. Definitions. 3013. Unlawful Influence. 3075.1. Intake Processing. 3273. Acceptance and Surrender of Custody. 3377.1. Inmate Custody Designations. 3901.17.1. Authority to Place Parole Hold. 3375. Classification Process. 26 S.Ct. 282, 200 U.S. 321 United States v. Detroit Timber & Lumber Co. (1906) 43 Cal. Rptr. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965)*

Signature: _____  Date Submitted: *12-4-07*

For the Director's Review, submit all documents to:  Director of Corrections
                                                      P.O. Box 942883
                                                      Sacramento, CA 94283-0001
                                                      Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)                                                      Date: _____


0716017

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | _____ |
| | 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BloodsAw Theopric | P20045 | | ASU-E1 |

A. **Describe Problem:** You left and sent Sergeant, DeMeo and another C1-0 to my cell telling me to cuff up. After I told him I was having muscle spasms an dizziness I was taken to a holding cell for one hour and refused medical attention. Earlier that day C/O, Sullenger blow sometype of hazardous solution with a loud oder in my face hoping I would fall going into the shower if I fell that means I have to double cell. Im entitle to single cell housing since my arrival 2-24-04 legally an

If you need more space, attach one additional sheet.

B. **Action Requested:** That C/O, Sullenger L. show jurisdiction requirements not by the use of fraudulent documents PBSP has no legal authority for my confinement

CV-00752-JF-Suit 550

Inmate/Parolee Signature: _T. Bloodsaw_    Date Submitted: 11-28-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Bypass- informal review not required

Staff Signature: _____    Date Returned to Inmate: _____

RECEIVED DEC -5 2007 BRANCH APPEALS

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

LAW.ED. Oct. 1943 TERM U.S. 320 (pp. 219 to end) U.S. 321-322 III Particular circumstance under which exhaustion of state remedies is or is not necessary. 3084.7 Exceptions to the Regular Appeal Process. 72 S. Ct. 205, 342 U.S. 165 Rochin v. California (1952)

Signature: _T. Bloodsaw_    Date Submitted: 11-28-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                              Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

41 Cal. Rptr. 590, 62 Cal. 2d 176 People v. Gallegos (1964) 481 F. 2d 1028 Johnson v. Glick (1973) 106 S. ct. 1078, 475 U.S. 312 Whitley v. Albers (1986) 96 S. ct. 1848, 425 U.S. 738 Hospital Bldg. Co. v. Trustees of Rex Hospital (1976) 59 S. ct. 954, 307 U.S. 496 Hague v. CIO (1939)

Signature: _____T. Bloodsaw_____ Date Submitted: 11-30-07

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

196 P. 2d 590, 87 Cal. App. 175 Whitlow v. Superior Court of Cal. in and for Ventura County (1948) 118 Cal. Rptr. 120, 43 Cal. App. 3d 8-09 Chambers v. Municipal Court (1974) 651 F. 2d 1289 Palmer v. Roosevelt Lake Log Owners Ass'n (1981) 80 S. ct. 412, 361 U.S. 516 Bates v. City of Little Rock (1960) 92 U.S. 275, 92 U.S. 275 Chy Lung v. Freeman (1875) 83 S. ct. 1790, 374 U.S. 398 Sherbert v. Verner (1963)

Signature: _____T. Bloodsaw_____ Date Submitted: 12-4-07

For the Director's Review, submit all documents to:    Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

I/M COPY

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**

GPL= 3.3    CCCMS-NO    DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 5-28-2020 | PBSP | ASUE-01L | E07-10-0013 |

| VIOLATED RULE NO(S). | SPECIFIC CHARGE: | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3017 | COUNT PROCEDURES VIOLATIONS | ASU-1 | 10-25-07 | 1630 |

CIRCUMSTANCES

On October 25, 2007 at 1630 hours, while I was assigned as Administrative Segregation Unit-1 (ASU-1) Floor Officer, I was conducting the 1630 Institutional Standing Count. Prior to starting the count, the control booth officer announced over the public address system, "Count Time, 1630 standing count, all inmates must be standing with their bright light on." While performing the standing count, I arrived in front of cell ASUE-01 occupied by inmate BLOODSAW, P-20045. I observed inmate BLOODSAW sitting on his toilet with his light on. I could see that BLOODSAW was fully clothed and not using the restroom, so I informed BLOODSAW that it was time for standing count. BLOODSAW responded by stating, "*I aint standing.*" I gave BLOODSAW a direct order to stand for count. BLOODSAW refused the order, and stated, "*write your 115, I aint standing.*" BLOODSAW continued to ignore my order and remained sitting on the toilet. According to the California Code of Regulations, Title 15, Section 3274 (1), it states: *At least one daily count shall be a standing count wherein inmates shall stand at their cell door. This procedure is performed to insure the health and safety of the inmates and the security of the institution.* At Pelican Bay State Prison all inmates are aware that the 1630 count has been established as the standing count. I notified Sergeant P. DeMeo that BLOODSAW was refusing to comply with institutional count procedures. Sgt. P. DeMeo returned to BLOODSAW'S cell and ordered him to stand for count. BLOODSAW refused. Sgt. P. DeMeo then ordered BLOODSAW to back up to the door and submit to hand restraints. BLOODSAW complied and with the order and was placed in hand restraints. BLOODSAW was escorted to the ASU-1 rotunda holding cell and was examined by ASU-1 medical staff. It was determined that there was no medical reason why BLOODSAW was unable to stand for count. BLOODSAW became highly agitated and disrespectful to ASU-1 floor staff and medical staff by yelling at them and referring to them as, "punk-ass bitches." After approximately fifteen minutes BLOODSAW was returned to his cell with no further incident. BLOODSAW is aware of this report.

**This inmate is not EOP or crisis Bed.** Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment in not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| C/O L. SULLENGER | 10/3/07 | ASU-1 FLOOR #1 | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| Sgt. D.J. O'Donnell | 10/30/07 | N/A | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | LOC. | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☒ SERIOUS | F | 10/31/07 | J.F. PEDROSO, LT. | | ☐ HO  ☒ SHO  ☐ SC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒CDC 115 | BY: (STAFF'S SIGNATURE) C/O Hurley | DATE 10/4/07 | TIME 1110 | TITLE OF SUPPLEMENT N/A | | |
|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) N/A | DATE | TIME |

HEARING N/A

EE ATTACHED HEARING DISPOSITION

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) Lt. G.A. Kelley, Senior Hearing Officer | SIGNATURE | | | DATE 11/11 | TIME 0852 |
| REVIEWED BY: (SIGNATURE) FOSS, CAPT | DATE 11/14/07 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE M.A. COOK, AWGP | | DATE | |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY (STAFF'S SIGNATURE) C/O | | DATE 11/20/07 | TIME 1200 |

STATE OF CALIFORNIA
# SERIOUS RULES VIOLATION REPORT
DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 3017 | 10-25-07 | PBSP | E07-10-0013 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☐ YES  ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution.     INMATE'S SIGNATURE ▶    DATE

☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution.     INMATE'S SIGNATURE ▶    DATE

DATE NOTICE OF OUTCOME RECEIVED     DISPOSITION

☐ **I REVOKE** my request for postponement.     INMATE'S SIGNATURE ▶    DATE

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE ▶ Refused Sign | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | | |
| ☒ ASSIGNED | DATE 11/5/07  NAME OF STAFF C.H. Roberts | | |
| ☐ NOT ASSIGNED | REASON GP1 3.3 | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE (X) Refused Sign | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | | |
| ☐ ASSIGNED | DATE  NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON DNUC per CCR 3315(D)(2) | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE: None

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☒ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ N/A | DATE |
|---|---|---|

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ C/O Hurley | TIME 1110 | DATE 11/5/07 |
|---|---|---|---|

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE __1__ OF __2__

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER E07-10-0013 | INSTITUTION PBSP | TODAY'S DATE 11/11/07 |
|---|---|---|---|---|

☐SUPPLEMENTAL  ☒CONTINUATION OF:    ☐CDC 115 CIRCUMSTANCES    ☒HEARING    ☐I.E .REPORT    ☐OTHER

**Hearing**: On 11/11/07 at approximately 0825 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O M. ROBERTS and C/O P. COLE) to his refusal was completed.

**District Attorney**: This has not been referred for criminal prosecution.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: There is no reason to believe that BLOODSAW is illiterate or does not speak English. The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing. Staff Assistant will not be assigned.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 10/25/07.

**Finding**: Guilty of the Div. F-3 (CCR 3315 (a)(2)(B) offense COUNT PROCEDURE VIOLATION. While this offense is not explicitly listed under CCR 3315 as a serious offense, it is justified by the fact that such misconduct potentially breaches institutional security as well as causing disruptions of facility operations. This offense requires evidence that the inmate failed or refused to present himself at the designated place and time for the institutional count. This finding is based upon the following preponderance of evidence:

A. The testimony of OFFICER SULLENGER in the disciplinary report of 10/25/07 wherein SULLENGER testifies that BLOODSAW refused to stand for the institutional 1630 hours standing count and stated "I ain't standing. Write me a 115." The unit sergeant responded and BLOODSAW was removed from the cell to ascertain his well being and became disrespectful referring to staff by stating "Punk-ass bitches."
B. BLOODSAW'S refusal to attend the hearing and provide any reasonable explanation for his actions.
C. The SHO notes this RVR should have been classified a more serious violation as a division D offense specifically 'Willfully Obstructing/Delaying a Peace Officer'.

**Disposition**: Assessed 30 day credit forfeiture for this Div. F offense. With this notice, BLOODSAW is informed that his credit restoration period began 10/26/07 and this restoration period is a minimum of three months (if within 60 days of

| SIGNATURE OF WRITER G. A. KELLEY | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 11/11/07 |
|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 11/20/07 | TIME SIGNED: 1200 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE __2__ OF __2__

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER E07-10-0013 | INSTITUTION PBSP | TODAY'S DATE 11/11/07 |
|---|---|---|---|---|

☐SUPPLEMENTAL ☒CONTINUATION OF: ☐CDC 115 CIRCUMSTANCES ☒HEARING ☐I.E .REPORT ☐OTHER

scheduled release, the minimum is reduced to one month). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. BLOODSAW is referred to CCR §3084.1 for information on appeal procedures.

| SIGNATURE OF WRITER G. A. KELLEY | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 11/11/07 |
|---|---|---|
| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 11/20/07 | TIME SIGNED: 1200 |

# HEALTH CARE SERVICES REQUEST FORM (PBSP 7362)

43047

## PART I: TO BE COMPLETED BY THE PATIENT

If you believe this to be an urgent/emergent health care need, contact the correctional officer on duty

REQUEST FOR  MEDICAL ☑  PSYCHIATRY ☐  MENTAL HEALTH ☐  DENTAL ☐  PHARMACY ☐

NAME: Bloodsaw Theopric    CDC # P20045    HOUSING ASU-E1

PHARMACY REFILL: _____    *Pharmacy, place labels on back of form*

THE REASON YOU WANT HEALTH CARE (DESCRIBE YOUR HEALTH PROBLEM AND HOW LONG YOU HAVE HAD THE PROBLEM)

On 10-25-07 C/O Sulleager L. demanded me to stand up
for count while I was having muscle spasms an dizziness I
refused his order I told him I needed medical attention
it was denied he had me put in a cage    emergency

PATIENT'S SIGNATURE  + Bloodsaw    DATE 10-30-07 10-25-07

## PART II: TO BE COMPLETED BY THE TRIAGE RN/RDA/MTA

Date & Time Received: _____    Received by: _____

Reviewed by RN/RDA, Date 10-30-07 Time: _____    Signature _____  Triage Designation _____

S:

O:    T:    P:    R:    BP:    WEIGHT:

A:

P:

Signature/Date/Time:

| APPOINTMENT SCHEDULED AS: | EMERGENCY ☐ (immediately) | URGENT ☐ (within 24 hours) | ROUTINE ☑ (within 14 calendar days) |
|---|---|---|---|

REFERRED TO PCP: _____    DATE OF APPOINTMENT: _____

Print/Stamp Name  NAKAI ___    Signature/Title  H. Nirmm    Date & Time Completed 10/31/7

## COPAYMENT INFORMATION – TO BE FILLED OUT BY DEPARTMENTAL STAFF

1. ☐ Visit was for an emergency
2. ☐ Visit was for diagnosis or treatment of a communicable disease condition (See Title 17, Chapter 4, Subchapter 1, Section 2500 CCR)
3. ☐ Visit was for mental health services
4. ☐ Visit was a follow-up requested by the clinician.
5. ☐ Visit was for State mandated evaluation or treatment (e.g., Annual TB tests)
6. ☐ Visit was for reception screening and evaluation only
7. ☑ Visit is NOT exempt from co-payment. Send PINK copy to Inmate Trust Office.

DISTRIBUTION

ORIGINAL – Unit Health Record    YELLOW – Pharmacy    PINK – Inmate Trust    GOLDENROD – Inmate/Patient
PBSP 7362 (Rev 7/03)

Name: Bloodsaw    CDC#: P20045  Housing: ASU-E1  Institution PBSP

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

November 29, 2007

**BLOODSAW, P20045**
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*Your disciplinary appeal is incomplete. You must attach legible copies of all documents you received during the disciplinary process. For example: the completed CDC 115, Rule Violation Report, the laboratory report, the Mental Health Assessment Form, the completed CDC 115-A, Serious Rule Violation Report, the CDC 115, Investigative Employee report, supplemental reports for the CDC 115, the CDC 7219, Report of Injury, the complete CDC 837, Incident Report, and the CDC 1030, Confidential Information Disclosure Form.*

*PLEASE ATTACH "FINAL COPY" OF RVR PROVIDED TO YOU AFTER YOUR HEARING.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

February 5, 2008

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0718027        DISCIPLINARY

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator.  You must comply with instructions from that office.

N. GRANNIS, Chief
Inmate Appeals Branch

**\*\*\*\*PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE\*\*\*\***

E07-10-0015

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | | 1. | 1/2 |
| 2. | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BloodsAw Theopric | P20045 | | ASU-E1 |

A. Describe Problem: DeMeo P., Sergeant I am taking the privilege of ask-
ing you for jurisdiction requirements for my false imprison-
ment at PBSP according to the U.S.C. Amendments I - IV - V -
VIII - XIII - XIV. On 11-8-02 I was unlawfully arrested as a
parole violator P.C. 5011. a parole warrant is P.C. 3056. CDC has
lawful authority for my confinement at PBSP. CDC No. P2004-
5 is a fraudulent CDC No. their is not a felony complaint end-
orsed against me P.C. 872. Order holding defendant to answer

If you need more space, attach one additional sheet.

case No. YA053506. On your fraudulent CDC 115 you m-
ade false statements but you never denied being a raciest.
I was suffering from muscle spasms and dizziness sitting
on my bed when CIO, Sullenger came by for count I refused

Inmate/Parolee Signature: T. Bloodsaw          Date Submitted 11-29-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

Bypass - informal review not required

BRANCH  DEC 10 2007  RECEIVED

Staff Signature:          Date Returned to Inmate:

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono. CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

ory remarks their was no standing count until 10-9-07 you repe-
ated words that I've heard the southern hispanics say. I m m-
edically an legally entitle to single cell housing since my arrival
2-24-04. 3000. Definitions. 3084.7. Exceptions to the Regular Appeals.

Signature: T. Bloodsaw          Date Submitted 11-29-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

NOV 30 2007
16

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved:                                                             Returned
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*C.E. Wilber, Appeals Coordinator is abridging my First am-*
*endment right to petition for a redress of grievances. 96 S.Ct.*
*1848, 425 U.S. 738 Hospital v. Trustees of Rex Hospital (1976)*
*43 Cal. Rptr. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965)*

Signature: *T. Bloodsaw*    Date Submitted: *12-4-07*

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*Constitutional Law. 3075.1. Intake Processing. 3273. Acceptan-*
*ce and Surrender of Custody. 3377.1. Inmate Custody Designatio-*
*ns. 3901.17.2. Criteria for Placement of Parole Hold. 68 S.Ct. 1049,*
*334 U.S. 266 Price v. Johnston (1948) 41 Cal. Rptr. 590, 62 Cal. 2d 17-*
*6 People v. Gallegos (1964) 80 S.Ct. 412, 361 U.S. 516 Bates v. City*
*of Little Rock (1960) 59 S.Ct. 954, 307 U.S. 496 Hague v. CIO (1939)*

Signature: *T. Bloodsaw*    Date Submitted: *12-5-07*

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)



0718027

2

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region       Log No.       Category

1. _____  1 _____  _____

2. _____  2 _____  _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME *BloodsAW Theopric*  NUMBER *P20045*  ASSIGNMENT _____  UNIT/ROOM NUMBER *ASU-E1*

A. Describe Problem: *his order I said I need medical attention I was not sitting on the toilet as he said. I was still suffering when you came to my cell ordering me to cuff up and put me in a cage for one hour without medical attention a psychiatric technician has nothing to do with it if that statement was true. I am disable and I have permanent disabilities I have X-RAY reports to prove that. You made false statements that you were explaining to me CDCR policy you showed hostility and made derogat-*

If you need more space, attach one additional sheet.

B. Action Requested: *That Sergeant, DeMeo show legal jurisdiction requirements according U.S. Constitution Amendments your CDC 115 is a fraudulent document Log No. E07-10-0015 CCR 3004(b) CV-00752-JF-suit 550*

Inmate/Parolee Signature: *T. Bloodsaw*     Date Submitted: *11-29-07*

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: *Bypass - informal review not required*

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

*Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM U.S. 320 (pp 219 - to end) U.S. 321-322 III Particular circumstance under which exhaustion of state remedies is or is not necessary. 26 S.Ct.282, 200 U.S. 321 United States v. Detroit Timber + Lumber Co. (1906)*

Signature: *T. Bloodsaw*     Date Submitted: *11-29-07*

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:



First Level  ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____  Title: _____  Date Completed: _____
Division Head Approved:                                              Returned
Signature: _____  Title: _____  Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

87 S. Ct. 1727, 387 U.S. 523 Camara v. Municipal Court of City and County of San Francisco (1967) 106 S. Ct. 1078, 475 U.S. 31-2 Whitley v. Albers (1986) 481 F. 2d 1028 Johnson v. Glick (1-973) 320 F. Supp. 513 Blyden v. Hogan (1970)

Signature: _____T. Bloodsaw_____  Date Submitted: 12-4-07

Second Level  ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____  Date Completed: _____

Warden/Superintendent Signature: _____  Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

92 U.S. 275, 92 U.S. 275 Chy Lung v. Freeman (1875) 72 S. Ct. 205, 342 U.S. 165 Rochin v. Calif. (1952) 89 S. Ct. 1322, 394 U.S. 618 Shapiro v. Thompson (1969) 78 S. Ct. 1332, 357 U.S. 513 Speiser v. Randall (1958) 9 S. Ct. 122, 128 U.S. 456 Cornelius v. Kessel (1888) 118 Cal. Rptr. 120, 43 Cal. App. 3d 809 Chambers v. Municipal Court (1974) 97 U.S. 652, 97 U.S. 652 Barney v. Dolph (1878)

Signature: _____T. Bloodsaw_____  Date Submitted: 12-5-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

I/M COPY

STATE OF CALIFORNIA
## RULES VIOLATION REPORT
GPL= 3.3    CCCMS=NO    DEPARTMENT OF CORRECTIONS
804 FAXED: 10-31-07

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | EPRD: 6-21-2020 | PBSP | ASUE-01L | E07-10-0015 |

| VIOLATED RULE NO(S). | SPECIFIC CHARGE: | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3004 (b) | DISRESPECT W/OUT POTENTIAL FOR VIOLENCE | ASU-1 | 10-25-07 | 1635 |

CIRCUMSTANCES

On October 25, 2007, at approximately 1635 hours, while I was assigned as the Administrative Segregation Unit-1 (ASU-1) Facility Third Watch Sergeant, I informed inmate BLOODSAW, P-20045, ASUE-01L that he was removed from his assigned cell to establish there is not a medical reason he should not have to not stand for the Institutional 1630 Standing Count. As I was explaining the CDCR policy for the Institutional Count Procedures to inmate BLOODSAW, he became very agitated, using vulgar language toward me with a very loud voice. Inmate BLOODSAW was very belligerent and called me a *"bitch ass, raciest, mother fucker"*, and stated, *"I'll see you in court you bitch ass mother fucker."* At 1645 hours inmate BLOODSAW was medically cleared by Psychiatric Technician (P.T.) A. Brown and escorted to his assigned cell without further incident. Inmate BLOODSAW is aware of this report.

This inmate is not EOP or crisis Bed. Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment in not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| P. DeMEO, SERGEANT   SGT P. DeMeo | 10-31-07 | ASU, 3rd watch | M/T |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| J.C. ANDERSON, SGT.   Anderson sgt | 11/01/07 | N/A | |

| CLASSIFIED | OFFENSE DIVISION: | CLASSIFIED BY (Typed Name and Signature) | LOC | HEARING REFERRED TO |
|---|---|---|---|---|
| ☒ ADMINISTRATIVE  ☐ SERIOUS | ADMIN. 11/02/07 | J.F. PEDROSO, LT.  J.F. PEDROSO, LT. OFC | | ☒ HO  ☐ SHO  ☐ SC  ☐ |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) J. HURLEY, C/O | DATE 1/5/07 | TIME 1170 | TITLE OF SUPPLEMENT N/A |
|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) N/A | DATE | TIME | BY: (STAFF'S SIGNATURE) N/A   | DATE | TIME |

HEARING

SEE ATTACHED HEARING DISPOSITION

REFERRED TO  ☐ CLASSIFICATION   ☐ BPT/NAEA
ACTION BY: (TYPED NAME)
R.E. BERRY, HEARING OFFICER

| | SIGNATURE | DATE | TIME |
|---|---|---|---|
| REVIEWED BY: (SIGNATURE) M. FOSS, CAPTAIN | | 11/?/07 | |
| | CHIEF DISCIPLINARY OFFICER'S SIGNATURE M.A. COOK, AWGF | DATE 11-26-07 | |

COPY OF CDC 115 GIVEN INMATE AFTER HEARING

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE   1   OF   1

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER E07-10-0015 | INSTITUTION PBSP | TODAY'S DATE 11/8/07 |
|---|---|---|---|---|

☐SUPPLEMENTAL ☑CONTINUATION OF: ☐CDC 115 CIRCUMSTANCES ☑HEARING ☐I.E .REPORT ☐OTHER

**Hearing:** On 11-08-07 at approximately 0830 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O B. PRICE and C/O J. KAY) to his refusal was completed.

**Due Process:** Per California Code of Regulations, Title 15, Section 3320 (a), the disciplinary must be served on the inmate within 15 days of discovery. Per California Code of Regulations, Title 15, Section 3320 (b), the charges must be heard, with specific exceptions, within 30 days of service on the inmate. Per California Code of Regulations, Title 15, Section 3320 (f), failure to meet these time constraints precludes the hearing from assessing a credit forfeiture. Failure to meet these time constraints does not preclude the hearing officer from assessing any other appropriate penalties. As credit forfeitures are not available to an administrative hearing in any case, these time constraints have no practical relevance for this hearing. As noted, the inmate received a copy of hearing documents more than 24 hours in advance of the hearing. There are no due process issues.

The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant:** BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, Correctional Officer M. Roberts, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Officer Roberts confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee/Witnesses:** Per CCR 3314 (c), the inmate does not have the right to assignment of an investigative employee or request witnesses at this hearing. The hearing officer requested no witnesses.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 10-25-07.

**Finding:** Guilty of the administrative offense DISRESPECT WITHOUT A POTENTIAL FOR VIOLENCE. This charge requires evidence that the inmate took an action or made a comment or remark that was intended to offend, insult or otherwise disrespect the intended victim and the circumstances of the remark did not include a potential for violence or mass disruption. This finding is based upon the following preponderance of evidence:

A.  The testimony of Correctional Sergeant P. Demeo in the disciplinary report of 10-25-07 wherein Sergeant Demeo testifies that inmate BLOODSAW called him a "BITCH ASS RACIST MOTHERFUCKER".

**Disposition:** With this notice, BLOODSAW is counseled that this behavior is not appropriate and given a reprimand.

| SIGNATURE OF WRITER R. E. BERRY | TITLE SERGEANT | DATE NOTICE SIGNED 11/8/07 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 11-27-07 | TIME SIGNED: 0900 |

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

November 30, 2007

**BLOODSAW, P20045**
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).*

*YOU HAVE ALREADY SUBMITTED AN APPEAL REGARDING THIS ISSUE ON 11-29-07.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

February 20, 2008

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0718874        DISCIPLINARY

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses.  Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator.  You must comply with instructions from that office.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

*Emergency Appeal*

*Emergency Appeal*

EU 7-10-0013

**PBS**

Location: Institution/Parole Region   Log No.

Category  1/7

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

1. _____  1. _____
2. _____  2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME  BloodsAw Theopric   NUMBER P20045   ASSIGNMENT _____   UNIT/ROOM NUMBER ASU-E1

A. Describe Problem: O'Donnell D.J., Sergeant I am taking the privilege of asking you for jurisdiction requirements for my false imprisonment at PBSP according to the U.S.C. Amendments I-IV-V-VIII-IX-XIII-XIV. I am unlawfully confined at PBSP as a hostage under a fraudulent CDC No. P20045 on 11-8-02 I was illegally arrested as a parole violator P.C. 5011. a parole warrant is P.C. 3056. you need a warrant to give me orders. When I arrived at ASU their was no standing count.

If you need more space, attach one additional sheet.

B. Action Requested: That Sgt, O'Donnell D.J. produce a warrant P.C. 3056. and show jurisdiction requirements

CV-00752-JF-550

Inmate/Parolee Signature: T. Bloodsaw          Date Submitted: 12-17-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Bypass - informal review not required

BYPASS

DEC 24 2007 BRANCH

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

That CDC 115 that your signature is on is a fraudulent document. 87 S.Ct.1727, 387 U.S. 5___ ___ Municipal Court of City and County of S.F. (1967) 2___ ___ 200 U.S. 321 United States v. Detroit Timber & Lumber Co. 3901.17.1. Authority to Place Parole Hold.

Signature: T. Bloodsaw          Date Submitted: 12-17-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

DEC 18 2007
21

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved:                                                    Returned
Signature: _____    Title: _____    Date to Inmate: _____

F  If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*C.E. Wilber you have made intentional false statements. 3000. Definitions. 3273. Acceptance and Surrender of Custody. 3377.1. Inmate Custody Designations. 3075.1. Intake Processing. 3075.3. Discharge Certicates. ✱ 412 80 S. Ct. 412*

Signature: *T. Bloodsaw*    Date Submitted: *12-18-07*

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*Constitutional Law. Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM U.S. 320 (pp. 219 to end) U.S. 321-322 III Particular circumstance under which exhaustion of state remedies is or is not necessary. 43 Cal. Rptr. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965) 651 F. 2d 1289 Palmer v. Roosevelt Lake Log Owners Ass'n (1981) ✱ 122 9 S. Ct. 122*

Signature: *T. Bloodsaw*    Date Submitted: *12-20-07*

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

                                                                    Date: _____

CDC 602 (12/87)



0718874

State of California

# Memorandum

Date    :  10/09/07

To      :  ASU Inmates

From    :  Department of Corrections
           Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  **1630 Standing Count**

Effective immediately all Inmates will stand and present themselves with their cell lights on for the daily 1630 Standing Count.  PBSP count pfocedures indicate that the 1630 hours count will be a mandatory standing count.  Failure to comply will result in disciplinary action.


D. O'DONNELL                                    Date: 10/09/07
Correctional Sergeant
ASU 3rd Watch

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

December 18, 2007

**BLOODSAW, P20045**
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*Your disciplinary appeal is incomplete. You must attach legible copies of all documents you received during the disciplinary process. For example: the completed CDC 115, Rule Violation Report, the laboratory report, the Mental Health Assessment Form, the completed CDC 115-A, Serious Rule Violation Report, the CDC 115, Investigative Employee report, supplemental reports for the CDC 115, the CDC 7219, Report of Injury, the complete CDC 837, Incident Report, and the CDC 1030, Confidential Information Disclosure Form.*

*PLEASE ATTACH "FINAL COPY" OF YOUR RVR ISSUED TO YOU AFTER YOUR HEARING.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**





6te4
74

DEPUTY DAILY WORKSHEET      11/28/02 0111

STATION: LNX

UNIT: 31A     SHIFT: D   DATE: 11/08/02   0600 - 1400      CLASS: 2`        TYPE: P

# 470671 SATO BRADLEY J                         O/T:          O/T PA:
# 260296 HOODYE SEAN C                          O/T:
VEH: SD2337    MILES: ( 39824 -> 39845 ) :   21        MOBILE: 15793
SPEC EQP: SG 9 TAZER 4

PORTABLES: 18472                          18473

ARRESTS /FEL-MA:      FA:      MJ:      FJ:      CITS/HZ:      NHZ:        PKG:
         /MSD-MA:     FA:      MJ:      FJ:

PATROL AREA/TIME: 06/252

TIME-SHIFT: 480   TT: 9   HDL: 209   WRT: 0      PTL: 252    UNALLOC: 10     RPTS:

INCIDENT ASSIGNMENTS:

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|-----|-----|-----|
| 0037 | 924B | 0543 |     | 0600? | 0600? | 0700? | 0370 | O | R |   |   | 60 |   |   |

LOC: VEH PREP/BRIEF
CLR: 754  STATION SERVICE: Briefing

| 0056 | 931 | 0715 | 0718 | 0745 | 0745 | 0747 | 0371 | C | P |   | 2 |   |   |   |

LOC: 1358 97TH ST, LA
CLR: 772  Assist CHP
NARR: CHP ON SCENE CODE 4

| 0067 | 927H | 0817 | 0817 | 0821 | 0823 | 0831 | 0373 | 9 | P | 2 | 8 |   |   |   |

LOC: 10910 WILTON PL, LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: CONT WANDA FB/A RE: 927H ...NO 927H C-4..

| 0068 | 902R | 0849 | 0849 | 0849 | 0856 | 0915? | 0373 | 9 | E | 7 | 19 |   |   |   |

LOC: 2041 CULLIVAN ST, LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: CONT VERCIL FB/A RE: JAMES MARTIN NOT BREATHING. STA 14 ARRVD @TREATED JAMES PRNCD DEAD
      AT 0833HRS JAMES SUFFRED FRM CHRONIC EMPHASYMA.

| 0126 | 925 | 1157 |   | 1150? | 1200? | 1400? | 0372 | O | R |   | 120 |   |   |   |

LOC: CENTURYBL/LA SALLE AV, LA
CLR: 283  WARRANTS: Felony, In County
NARR: CONT THEO MB/A WAS COMBATIVE AGAINST US. CENTURY @ LASALLE STA 814 ARRVD TREATED THEO WE
      WENT TO CENTINELA HOSP FOR INJURIES...

CERTIFIED A TRUE AND CORRECT COPY
OF ORIGINAL MAINTAINED WITHIN FILES
OF THE LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT · LENNOX STATION 11/28/62

TITLE · NAME        EMPLOYEE NUMBER



```
Unit: 31A        Shift: 2        Shift Date: 11/08/02
/0542* LOGON () ,X,,31A,D,110802,Y,2,0600,1400,470671,,,260296,,,39824,,SD2337,SG 9 TAZER
4,15793,18472,18473,,,,,,,,,,,,,,,,,, <000>
/0542* MDTON (470671) MDT01639 <000>
/0543* ** ASSIGN/D {470671} LNX02312-0037 R/924B VEH PREP/BRIEF <000>
/0543* 10/97 (470671) LNX02312-0037 <000>
/0711* 10/98 (470671) LNX02312-0037 <000>
/0711* CLEAR (470671) ,LNX02312-
0037,,754,,,,,,,,,,,0370,,,0600,0600,0700,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0715  ** ASSIGN/D (475469) LNX02312-0056 R/931 1358 97TH ST,LA
/0718* ACK (470671) LNX02312-0056 <000>
/0745* ENR (470671) LNX02312-0056 <000>
/0745* 10/97 (470671) LNX02312-0056 <000>
/0747* 10/98 (470671) LNX02312-0056 <000>
/0748* CLEAR (470671) ,LNX02312-0056,,772,,,,,,CHP ON SCENE CODE
4,,,,0371,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0759* INQ (470671) VEH,2EPW323,CA,,,,,,,, <000>
/0759* INQ (470671) VEH,2EPW323,CA,,,,,,,, <000>
/0800* INQ (470671) WANT9,,CA,HAVEN,DENNIS,,,,,,M,B,,,,,042371,,,,,,,,,, <000>
/0800  HIT () IW S 470671 MDT0  ,CA0190099  ,HAVEN DENNIS   , M B  ,000 000 042371 000 CA ,
00000000 00000000 ,H 001 F 000 M 001 O 000 00 ,  N HAVEN DENNIS VANBURE  ,M B 122371 600
240 BLK BRO ,LAM4 090502 $1174 ,1611 N SCHAR ST HOLLYWOOD CA  ,617471219420 RSTR A3887553
CA ,W M 40508A/VC M ,4000A1X/VC I * ,4RWL898 CA  ,  ,
/0802  ACK (297076) HIT
/0813* INQ (470671) WANT9,,CA,BERRY,MARCUS,ANTJUAN,,,,,M,B,,,,,033181,,,,,,,,,, <000>
/0813  HIT () MKE/WANTED PERSON NAM/BERRY,RANDELL LARRY SEX/M RAC/B DOB/19820331 WGT/150
EYE/BR0 HAI/BLK OLN/B600730488254 OLS/MI  OFF/DANGEROUS DRUGS
/0813  ACK (195863) HIT
/0815  INQ (195863) VEH,31A,,,,,,CA,,1FALP45XXTF145561,,,,,,,,,,,X
/0815  ACK (195863) RESP
/0816  ACK (195863) RESP
/0817  ** ASSIGN/B (475469) LNX02312-0067 P/927H 10910 WILTON PL,LA
/0817* ACK (470671) LNX02312-0067 <000>
/0821* ENR (470671) LNX02312-0067 <000>
/0823* 10/97 (470671) LNX02312-0067 <000>
/0831* 10/98 (470671) LNX02312-0067 <000>
/0842* INQ (470671) VEH,,CA,,,,,1FMZU32EXWZA29284,,,,X <000>
/0849  ** ASSIST/B (475469) LNX02312-0068 E/902R 2041 CULLIVAN ST,LA
/0849  CHGHDL (475469) LNX02312-0068,31D/D->31A/D
/0849  ACK (409547) LNX02312-0068
/0849* ENR (470671) LNX02312-0068 <000>
/0856* 10/97 (470671) LNX02312-0068 <000>
/0923* INQ (470671) VEH,2HMB760,CA,,,,,,,, <000>
/0927* INQ (470671) WANT9,,CA,BLOGSHAW,FLOYD,LEE,,,,,M,B,,,,,062458,,,,,,,,,, <000>
/0928* INQ (470671) WANT9,,CA,BLOODSHAW,FLOYD,LEE,,,,,M,B,,,,,062458,,,,,,,,,, <000>
/0929  HIT () MKE/WANTED PERSON - CAUTION NAM/BLOODSHAW,THEOPRIC KENT SEX/M RAC/B POB/LA
DOB/19570624 WGT/150 EYE/BR0 HAI/BLK FBI/496721PA9 OFF/PAROLE VIOLATION - SEE MIS
/0929  ACK (277125) HIT
/1024* INQ (470671) WANT9,,CA,BLOODSHAW,THEOPRIC,,,,,M,B,,,,,062457,,,,,,,,,, <000>
/1024  HIT () IW S 470671 MDT0  ,CA0190099  ,BLOODSHAW THEOPRIC   , M B  ,000 000 062457
000 CA , 00000000 00000000 ,H 001 F 000 M 001 O 000 00 ,  N BLEDSOE WILLIAM T JR  ,M X
```

68
106 76

Unit: 31A          Shift: 2       Shift Date: 11/08/02

010454 511 195 BRO BRO ,COM4 082602 $277 ,2358 R 21ST ST SGH CA  ,SD10539619800 RSTR
B0306426 CA ,W M 8537/PC M ,640B1/PC M  ,PED CA  ,  ,
/1024  HIT () SEARCH REVEALS: HIT MADE ON NAM/BLOODSHAW,THEOPRIC KENT ** ARMED AND
DANGEROUS ** **ARMED AND DANGEROUS** FELONY WARRANT 5011 PAROLE VIOL
NAM/BLOODSHAW,THEOPRIC KENT 19570624 M B 506 150 BLK BRO POB/LA BAIL/NO BAIL
FCN/7040224901563 NIC/W883192088 ENTERED/CALIF-NCIC  CII/A08953256  FBI/496721PA9
                              IMMEDIATELY CONFIRM WITH CA034035G DEPT OF CORR-
ID/WARRANTS MNE/CRN0   TELEPHONE 916 445-6713    CHECKING NCIC   INQUIRY MADE TO
RESTRAINING ORDER SYSTEM
/1024  HIT () HIT MADE ON NAM/BLOODSHAW,THEOPRIC K HIT # 001 DO NOT ARREST OR DETAIN BASED
   SOLELY ON THIS RESPONSE CDC PAROLE RECORD NAM/BLOODSHAW,THEOPRIC K 19580624 M B 506 150
BRO BLK  OLN/N9672705 HOME CITY/LOS ANGELES PRIMARY OFFENSE/H11350A DISCHARGE
DATE/99999999 AGENCY/CA DEPT OF CORRECTIONS MISC/PRIOR TO RELEASE, CONTACT AGEN T OR ID
WARRANTS AT (916)445-6713 P OSSIBLY AT LARGE MAY BE ADDITIONAL INFO FROM DOJ VCIN AT 916
227-4736 NUMBER OF PRIOR CONTACT MSGS/ 0 SEND CONTACT MESSAGE IDENTIFYING CO
/1024  HIT () MKE/WANTED PERSON - CAUTION NAM/BL00DSHAW,THE0PRIC KENT SEX/M RAC/B POB/LA
DOB/19570624 WGT/150 EYE/BRO HAI/BLK FBI/496721PA9 OFF/PAROLE VIOLATION - SEE MIS
/1025  ACK (277125) HIT
/1025  ACK (277125) HIT
/1025  ACK (277125) HIT
/1025  ACK (277125) HIT
/1156* URN REQUEST (470671) X,4,0399,053,CR,S,BLOODSHAW,THEOPRIC,KENT,,M,B,,, <000>
/1157  URN () 402-11595-0399-053
/1157* ** ASSIGN/D (470671) LNX02312-0126 R/925 CENTURYBL/LA SALLE AV,LA <000>
/1157* HOLD (470671) LNX02312-0068 <000>
/1157* 10/97 (470671) LNX02312-0126 <000>
/1157* 10/15 (470671) <000>
/1433* 10/98 (470671) LNX02312-0068 <000>
/1433* CLEAR (470671) ,LNX02312-0068,,212,,,,,,CONT VERCIL FB/A RE: JAMES M,ARTIN NOT
BREATHING. STA 14 ARRV,D @TREATED JAMES PRNCD DEAD AT 0,833HRS JAMES SUFFRED FRM
CHRONIC,EMPHASYMA.,0373,,,,,0915,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1435* CLEAR (470671) ,LNX02312-0067,,212,,,,,,CONT WANDA FB/A RE: 927H ....,NO 927H C-
4..,,,,0373,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1440* 10/98 (470671) LNX02312-0126 <000>
/1440* CLEAR (470671) ,LNX02312-0126,,283,,,,,,CONT THEO MB/A WAS COMBATIVE,AGAINST
US.CENTURY @ LASALLE ST,A 814 ARRVD TREATED THEO WE WENT,TO CENTINELA HOSP FOR
INJURIES.,.,0372,00,,1150,1200,1400,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1442* CHGENDMILES (470671) 000000 -> 39845 <000>
/1442* CHGPATROL (470671) /000 -> 06/252 <000>
/1442* LOGOFF (470671) <000>
/1442* MDTOFF (470671) <000>

*Discovery 2*

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|-------------|------------|-----------------|-------|-----------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |

It is further alleged as to count(s) 1 and 2 that said defendant(s), THEOPRIC KENT BLOODSAW, was on and about the 27TH day of DECEMBER, 1989, in the SUPERIOR Court of the State of CALIFORNIA, for the County of LOS ANGELES, convicted of a serious felony, to wit: 1ST DEGREE BURGLARY, in violation of section 459 of the PENAL Code, case BA004642 within the meaning of Penal Code Section 667(a)(1).

It is further alleged as to count(s) 1, 2, and 3 pursuant to Penal Code section 667.5(b) that the defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction(s):

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|-------------|------------|-----------------|-------|-----------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |
| YA034031 | H&S 11350 | 10/07/1997 | LOS ANGELES | CA | SUPERIOR |

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant(s) did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

\* \* \* \* \*

*FELONY COMPLAINT*

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT, CASE NUMBER YA053506, CONSISTS OF 3 COUNT(S).

Executed at INGLEWOOD, County of Los Angeles, on November 13, 2002.

_____

DECLARANT AND COMPLAINANT

........................................................................................................................................

STEVE COOLEY, DISTRICT ATTORNEY

BY: _____
VICTORIA L. ADAMS, DEPUTY

AGENCY: LASD - LENNOX PATROL    I/O: MARK DET. RENFROW    ID NO.: 274578    PHONE : 310-671-7531

DR NO.: 402-11595-0399-053    OPERATOR: DCS    PRELIM. TIME EST.: 2 HOUR(S)

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY R'TN DATE |
|---|---|---|---|---|---|
| BLOODSAW, THEOPRIC KENT | 008953256 | 6/24/1957 | 7475221 | $220,000 | 11/13/2002 |

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

HH 79
HH 176

**FELONY COMPLAINT – ORDER HOLDING TO ANSWER – P.C. SECTION 872**

It appearing to me from the evidence presented that the following offense(s) has/have been committed and that there is sufficient cause to believe that the following defendant(s) guilty thereof, to wit:

*(Strike out or add as applicable)*

THEOPRIC KENT BLOODSAW

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|-----------|--------|--------------|--------------------|----------------|
| 1 | PC 245(c) | 3-4-5 | | |
| 2 | PC 243(c)(2) | 16-2-3 | | |
| 3 | PC 422 | 16-2-3 | | |
| | | | PC 1170.12(a)-(d) | MSP Check Code |
| | | | PC 667(a)(1) | +5 yrs per prior |
| | | | PC 667.5(b) | +1 yr. per prior |

I order that the defendant(s) be held to answer therefor and be admitted to bail in the sum of:

THEOPRIC KENT BLOODSAW     _____ Dollars

and be committed to the custody of the Sheriff of Los Angeles County until such bail is given. Date of arraignment in Superior Court will be:

THEOPRIC KENT BLOODSAW     _____ in Dept _____

at: _____ A.M.

Date: _____          _____
                                *Committing Magistrate*

```
LEGAL STATUS SUMMARY  TYPE-   D    PSP      ** DISCREPANT **11/21/2007 21:33
-------------------------------------------------------------------------
 CDC NUMBER  | NAME                                    | ETHNIC |  BIRTHDATE
  P20045     | BLOODSAW,THEOPRIC,KENT                   | BLA    |  06/24/1958
-------------------------------------------------------------------------
 TERM STARTS | MAX REL DATE   MIN REL DATE   MAX ADJ REL DT | MIN ADJ REL DT
  06/11/2003 | 11/27/2023     09/02/2021     11/27/2023     | 09/02/2021
-------------------------------------------------------------------------

BASE TERM 10/00 + ENHCMNTS  11/04 = TOT TERM  21/04    | PAROLE PERIOD
                                                        | 3 YRS
-------------------------------------------------------------------------

PRE-PRISON + POST SENTENCE CREDITS
CASE    P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019   P2931 POST-SENT  TOT
-------------------------------------------------------------------------
 YA053506
            185                             92              28    305

 PC296 DNA COMPLETED


-------------------------------------------------------------------------
 RECV DT/ COUNTY/    CASE          SENTENCE DATE      CREDIT     OFFENSE
 CNT     OFF-CODE    DESCRIPTION                      CODE       DATE
-------------------------------------------------------------------------
 CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

 --CONTROLLING CASE --
 6/11/2003  LA    YA053506            5/13/2003  NO STRIKES: 2
                  01 P667.5(B) PPT-NV                      3
                  01 P667(A)    01 PFC SERIOUS             3
   01 P245(C)
                  ADW ON PO OR FIREMAN                     3      11/08/2002
                     (U)WPN
   02 P243(C)(2)
                  BATT ON PO                   CS          3      11/08/2002
                     (U)WPN
   03 P422
                  TERRORIST THREAT             CS          3      11/08/2002
   04 P203
                  MAYHEM                       CS          3      11/08/2002
                     ATT
   05 P203
                  MAYHEM                       CS          3      11/08/2002
                     ATT


-------------------------------------------------------------------------
 TRAN                              RULE  _____ D A Y S _____
 TYPE   DATE    END DATE LOG NUMBER NUMBER  ASSESS LOST REST DEAD
-------------------------------------------------------------------------
 BEG 11/24/1998            ******BEG BAL*******
 ADD 06/11/2003            YA053506
 BCL 10/23/2003            IV3100472 3062(H)    30   30
 ADD 06/11/2003            YA053506
 BCL 03/28/2005            A05030073 3005B      30   30

        ****** CONTINUED *******
```

```
LEGAL STATUS SUMMARY --CONTINUATION--    PAGE     2
-----------------------------------------------------------------------------
   CDC NUMBER  |  NAME
     P20045    |  BLOODSAW,THEOPRIC,KENT
-----------------------------------------------------------------------------


  ADD 06/11/2003          YA053506
  BCL 02/23/2006          A06020050 3005B          30    30
  ADD 06/11/2003          YA053506
  BCL 12/29/2006          B07010032 3005B          30    30
  BCL 01/22/2007          B07010077 3005C          30    30
  BCL 03/05/2007          B07030009 3005C          30    30
  BCL 04/12/2007          B07040031 3005C         150   150
  ADD 06/11/2003          YA053506
  ADD 06/11/2003          YA053506
  ADD 06/11/2003          YA053506
  BCL 10/03/2007          E07100003 3005(B)         30    30
  ADD 06/11/2003          YA053506
  BCL 10/25/2007          E07100013 3017            30    30
  ADD 06/11/2003          YA053506
     CURRENT PC BALANCE:     0         CURRENT BC BALANCE:     816

-----------------------------------------------------------------------------
```

STATE OF CALIFORNIA
CALCULATION WORKSHEET
OBIS CREDIT CODES 3, 4, OR 6
CDC 1897E. Electronic (04/00)

DEPARTMENT OF CORRECTIONS

## CALCULATION WORKSHEET FOR PC SECTION 667(e) AND PC SECTION 2933.1

This form is used to calculate the Earliest Possible Release Date (EPRD) for inmates sentenced as a second-strike offender (Penal Code Sections 667(e) or 1170.12) and violent offenders whose offense date is on or after September 21, 1994. When sentenced as a second-strike offender, the OBIS credit code is 3 (20%). When the offense is a violent offense committed on or after September 21, 1994, the OBIS credit code is 4 (15%), or 6 (15%) if a second-stike violent offense.

### Section A - Original EPRD Calculation

1. Start Date    6-11-03

2. Plus Time Imposed    + 21/04
   = 10-11-24

3. Minus Pre/Postsentence Credit    305
   = 12-11-23

4. Minus Vested Credit
[PC 667(e) divide by 2]
[PC 2933.1 divide by 5.66]
(round down)    - 14
   = 11-27-23

5. Plus Dead Time    +

6. Equals Maximum Date    = 11-27-23

7. Minus Start Date (Line 1)    - 6-11-03

8. Equals days to serve    = 7474

9. Minus Dead Time    -

10. Equals Days Where Credit May Be Applied    = 7474

11. Equals CDC Conduct Credit
(divide Line 10 by 5 [PC 667(e)] or 6.66 [PC 2933.1], round down)    = 1494

12. Maximum Date (Line 6)    11-27-23

13. Minus CDC Conduct Credit (Line 11)    - 1494

14. Equals Original EPRD    = 10-25-19

### Section B - Days "C" or "D2" From Start Date through Original EPRD (Do not include C/D2 time that occurs after the original ERPD)

| From | Thru* | | Number of Days** |
|------|-------|---|------------------|
| 1-14-04 | 6-9-05 | c/c | 331 |
| 6-10-05 | 8-2-05 | D2 | 54 |
| 8-3-05 | 4-11-07 | c/c | 617 |

Total Days "C" and/or "D2" From Start Date to Original EPRD    1002

Equals CDC Conduct Credit Not Applied While C/D2 (divide total days C/D2 by 1 [PC 667(e)] or 5.66 [PC 2933.1] round down)    250

*If the current work group is "C" or "D2" use the original EPRD as the "THRU" date. If the last day of "D2" is earlier than the original EPRD, use the earlier date as the "THRU" date.

**Number of Days equals "THRU" date minus "FROM" date plus 1 day.

### Section C - Credit Losses and Restorations

| Date of CDC 115 | Loss | Restored | Net Loss |
|-----------------|------|----------|----------|
| Total Losses | | | 330 |
| | | | |
| | | | |
| | | | |
| Net Credit Losses | | | 330 |

### Section D: Calculating Adjusted EPRD

1. Original EPRD (from Section A, Line 14)    10-25-19

2. Plus Credit Not Applied While C/D2 (from Section B)    250

3. Plus Net Credit Lost (from Section C)    + 330

4. Equals Adjusted EPRD (cannot exceed Maximum Date):    = 5-27-21

5. Minus Maximum Date (from Section A, Line 6)

6. Equals Excess Credit Loss to Apply to Next Period Being Calculated***

***Mixed Credit Codes: when credit lost exceeds credit applied (Adjusted EPRD is later than Maximum Date), substract the Maximum Date from the Adusted EPRD which equals the days lost to apply to the next period being calculated.

CALCULATED BY (Name and Title)    M. Dodd    CCRA    DATE 5-7-07

INMATE'S NAME    Bloodshaw, T    CDC NUMBER P20045    LOCATION PBSP

38
/

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS

## CHRONOLOGICAL HISTORY

CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| NOV 2 4 1998 | REC'D NKSP-RC                            n/c | BmR | | |
| DEC 0 8 1998 | INTAKE AUDIT | DB | EPRD | 2/7/2000 |
| JAN 22 1999 | CTF NEW ARRIVAL | KC | | |
| 2-5-99 | Intake Audit, WCC applied thru 2-5-99 QV | KA | | |
| 6-23-99 | 30 days Loro 115 dtd 6-3-99, A'eff 5-22-99, WCC applied thru 5-31-99 | KA | EPRO | 7-20-99 |
| 2-5-99 | Reviewed for Compliance with PC296 | KA | | |
| 8-24-99 | 30 days Loro 115 dtd 6-22-99, C Status eff 8-4-99 | KA | EPRO | 1-26-2000 |
| 12-8-99 | 121 days Loro 115 dtd 8-11-99, D² eff 8-1-99, EPRD projected with D² eff 12-4-99 | | EPRO | 7-23-2000 |
| 12-12-99 | Transfer Audit | | | |
| 12-22-99 | Rec'd SQ main | BT | ½ EPRD | 7-7-00 |
| 5/02/00 | Intake/60 day Audit A-1 eff 12/30/99 | SA | | |
| 7-1-00 | Correction to T/C | OK | ½ EPRD | 7-1-00 |
| 7-3-00 | Parole Audit                3 days served | OK | CDD | 7-1-03 |
| 7-4-00 | Parole to Reg III, LA Co, Englewood #2 | OK | DR | 7-4-00 |
| 8-2-00 | AROLE SUSPENDED EFF    7-5-00  CODE 1 | PL | Suspended | |
| 9-28-00 | Arrest/Hold/Reinstate | Cla | -85 | |
| 10-16-00 | Read. Rent 3 Pitchess | Cla | | |
| 11-1-00 | Rev. Hrg.-Par Rev RTC 9 mos Elig. | Cla | PRRD | 3-27-01 |
| 11-15-00 | Rec'd. CIM/RCC | Cla | MRRD | 6-25-01 |
| 11-15-00 | Rec'd. CIM-E | Cla | CDD | 3-22-04 |
| 11-20-00 | Rec'd. CIM/RCW | Cla | DR | 3-27-02 |
| 11-29-00 | RCW Intake Audit | Cla | | |
| DEC 2 2 2000 | REC'D ISP | NB | | |

PELICAN BAY A.S.U.

| Number | Name | Page |
|---|---|---|
| 0045 | BLOODSAW, THEOPRIC K. | 1 |

z 39

| | | |
|---|---|---|
| STATE OF CALIFORNIA | **CHRONOLOGICAL HISTORY** | DEPARTMENT OF CORRECTIONS |
| | | CDC 112 (7-83) |

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| 1-11-2001 | Intake / 60 day pre-release CAZ | DN | PRRD | 3-27-2001 |
| 1-26-01 | Credit Code Review | Lm | | |
| MAR 1 4 2001 | 10 day Pre-Release Audit ~~PER IN 269 ACTUAL DAYS IN CUSTODY THIS REVOCATION~~ ~~180~~ ~~TOTAL SERVED TO DATE 180~~ | J | CDD / DR | 3-22-2004 / 3-27-2001 |
| 3-27-2001 | REVOCATION TO RELEASE Reg 3 / INGLE 2 / LA | MS | -21 | |
| 4-12-2001 | PAROLE SUSPENDED EFF 3-29-01 CODE 1 | W | PRRD | 10-14-01 |
| 4-19-01 | ARREST / REINSTATE | Au | MRRD | 1-14-02 |
| 5-23-01 | Revocation Hrg. Results PR RTC 9E mos. Special Condition | Au | CDD / DN | 10-9-04 / 10-16-02 |
| 7-27-01 | Rec'd CIM-MIN | MP | | |
| 8-3-01 | Intake / 60 day Count | A | | |
| 10-9-01 | 10 Day Ret. to Parole Audit. Total Rev. Days served to date: 360 Days | Lc | | |
| 10/16/01 | Ret. To Par. Reg III, INg 2 LA CO | Bc | | |
| 11-14-01 | SUSPENDED EFF 10-17-01 CODE 2 — P, EFP DUE IN TO PRISON FOR FURTHER PROCEEDINGS | GR | 86 day / -86 days | |
| 01-11-02 | ARRESTED / REINSTATED 01-11-02 | W | PRRD | 07-30-02 |
| 3-15-02 | "S" activated waiver | W | MRRD | 11-07-02 |
| 06-24-02 | REV HEARING: RTC 10 MOS SB 16 eligible SPEC COND REAFFIRMED | W | CDD | 01-08-05 |
| 8-27-02 | PAR SUSPENDED EFF 8-12-02. code 2 RETURN TO PRISON FOR FURTHER PROCEEDINGS | JA | DR | 07-30-03 |
| 11-9-02 | ARREST / Reinstate off 11-9-02 | | -89 | |
| 12-6-02 | Rev Screening RTC 9 months | | RRD | 8-6-2003 |
| | SB16 Ineligible opt | Rwc | CDD | 4-7-2005 |
| 6-11-03 | Rec'd CCI IV RC PVWNT | RUS | DR | 8-6-2004 |
| 7-24-2003 | **INTAKE AUDIT** | CB | | |

PELICAN BAY A.S.U.

73 40

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**CHRONOLOGICAL HISTORY**                                                         CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time Controls EPPD | Release Date |
|------|------------------------|----------|-------------|--------------|
| 7-24-2003 | **RESTITUTION ORDERED PER** LA **CO. CASE #** YA053506 , **$** 250.00 | CB | | 10-25-2019 |
| 7-24-2003 | PC296 DNA Required | CB | | |
| 7-24-2013 | PC3060.7 Supervision case | CB | | |
| 11-04-2003 | BCL-30 days for CDC 115 log# 1V3100472, dated 10-23-2003. | dbh | eprd 11-24-2019 | |
| NOV 05 2003 | **REC'D CSP-LAC** | mB | | |
| 11-25-2003 | Intake audit | RMB | | |
| 1-29-69 | Transfer Audit | | | |
| 2-24-04 | REC'D PELICAN BAY | DH | | |
| 3-25-04 | Intake Aud #9 | CW | | |
| 3-11-05 | PC296 Complete fr OBIS | CW | | |
| 4-27-05 | BCL 30 days, log #A0503073 dtd 3-28-05 Discharge LA County Case #YA034031 at STATMAX dtd 4-4-2005, remains on LA County Case #YA053506. | CW | eprd 12-24-19 | |
| 3-29-06 | BCL 30 days log#A06020050 dtd 2/23/06 | M | EPRD 1-23-20 | |
| 3-29-06 | 'C' status eff 7-14-04 thru 6-9-05 per 128g dtd 7-29-04; 'D2' eff 6-10-05 thru 8-2-05 per 128g dtd 10-18-05; | | EPRD 4-28-20 | |
| | 'C' status eff 8-3-05 per 128g dtd 10-18-05 | M | EPRD 5-28-20 | |
| 2-1-07 | BCL 30 days, Log#B07010032 dtd 12-29-06 | M | EPRD 6-27-20 | |
| 4-13-07 | BCL 30 days, log#B07010077 dtd 1-22-07 | M | EPRD 7-27-20 | |
| 4-25-07 | BCL 30 days, Log B07030009 dtd 3-5-07 | M | EPRD 12-24-20 | |
| 4-30-07 | BCL 150 days, Log B07040031 dtd 4-12-07 | M | EPRD 5-27-21 | |
| 5-7-07 | D1 eff 4-12-07 per 128g dtd 4-19-07 | M | | |

PELICAN BAY A.S.U.

| Number | Name | | Page |
|--------|------|--|------|
| P20045 | Bloodsaw THEOPRIC Kent | | 1h |

BOARD OF PRISON TERMS

**SUMMARY OF REVOCATION HEARING AND DECISION**

(BPT Rules, Chapter 6, Article 3)

MRRD 11-07-02  STATE OF CALIFORNIA

| | |
|---|---|
| PAROLE REVOCATION RELEASE DATE | 07-30-02 |
| CONTROLLING DISCH DATE | 01-08-05 |
| DISCH REVIEW DATE | 07-30-03 |

## I. PRELIMINARY INFORMATION

**A. TYPE OF HEARING**

[X] Revocation
[ ] Revocation Extension
[ ] Revocation: Psychiatric Treatment
[ ] Prerevocation

**B. LOCATION OF HEARING:** ___ SAC ___

Parolee in Custody at time of Hearing

[X] Yes    [ ] No

**C. BASIS FOR CHARGES**

[X] Parole Violation Report, dated   1-23-02
[ ] Other _____
_____ dated _____

**D. OPTIONAL WAIVER**    [ ] Yes    [X] No

Date signed by parolee _____ Date of BPT action _____

Assessment _____ [ ] Ineligible    [ ] Eligible
(Check one)

**E. LEGAL DATA**

[ ] The crime for which the parolee was committed to prison occurred on or before 12-31-78.
[X] The crime for which the parolee was committed to prison occurred on or after 1-1-79.
Date of arrest on current parole violation charge(s) _____ 1-11-02
Date hold was placed on current parole violation charge(s) _____ 1-11-02

**F. PRESENT AT HEARING**

1. [X] Parolee (If parolee absent, why?)   TESTIFIED
2. [X] Hearing Officer(s)   Thomas Wadkins DC
   (NAMES)
3. [X] Attorney    [ ] Waived    [ ] Disapproved    Name   RESOC
4. [X] Agent of Record   WILLIAMS - TESTIFIED
   (NAME OR REASON IF NOT PRESENT)
5. [X] Hearing Agent   VINCENTE
   (NAME OR REASON IF NOT PRESENT)
6. [ ] Observer(s) _____
   (NAME AND ORGANIZATION)

**G. WITNESSES**

| Present | | Name | Notified | | Wit. Desig.** | | If absent, state specific reason |
|---|---|---|---|---|---|---|---|
| Yes | No | | *Meth. | Date | Stat. | Req. | |
| ✓ | | Detective Mark Renfrow | TT | 6-18 | A | S | FTA - unknown |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

*NOTIFICATION METHOD

M = Memo    PC = Personal Contact
L = Letter    Sp = Subpoena
Ph = Phone    TT = Teletype

**USE ABBREVIATION FOR WITNESS DESIGNATION:

Status: A = Adverse    Requested By: S = State
         F = Friendly                    P = Parolee
         V = Victim

| NAME | CDC NUMBER | INST/REGION | HEARING DATE |
|---|---|---|---|
| Woodshaw, Theopric | P20045 | Duel 2 / III | 6-24-02 |

WHITE-C FILE
CANARY-BPT
PINK-PAROLEE

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

I. Preliminary Information (Cont.)

H. HEARING    [ ] CANCELLED    [ ] POSTPONED
   REASON:

[ ] Atty. Unavailable          [ ] Parolee Ret'd to Prison       [ ] Interpreter Needed
[ ] Parolee Unavailable        [ ] Parolee Signed Waiver         [ ] Psych. Evaluation
[ ] Witness Unavailable        [ ] Parolee Request               [ ] Add'l. Witness/Testimony

[ ] Other: ...............................................................................................

Specify witnesses/documents needed for next hearing: ...................................................

I. OBJECTIONS  [✓] None   [✓] Yes    State objections (s) and panel's ruling and reasons on continuation sheet.

## II. SUMMARY OF FINDINGS

A. ADMISSIONS/DENIALS AND FINDINGS

1. Charges                                        2. Plea              3. Findings

| Charge# | Code | Brief Description of Conduct | Admit | Deny | No Plea | Good Cause | No Good Cause | Dismiss |
|---------|------|------------------------------|-------|------|---------|------------|---------------|---------|
| 1 | 021 | Absconding | | ✓ | | ✓ | | |
| 2 | 452 | Battery on a place officer | | ✓ | | | | ✓ |
| 3 | 972 | Vandalism | | ✓ | | | | ✓ |
| 4 | 010 | Failed to attend POC | ✓ | | | | | ✓ |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

4. Charges Amended to Read (Complete 5 below)

| Charge# | Code | Brief Description as Amended | Amended Prior to Plea | Prior to Finding |
|---------|------|------------------------------|-----------------------|------------------|
| | | | | |
| | | | | |

5. Reason for amending Charges (Show charge # and reason): ...............................................

................................................................................................................

| NAME | CDC NUMBER | INST/REGION | HEARING DATE |
|------|------------|-------------|--------------|
| Loodshaw, Theopric | P20045 | Singh 2/ Hff  WHITE-C FILE | 6-24-02 |

BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

### III. REASON FOR DECISION

Basis for Conclusion: Ch #2, 3, 4 — Dismissed   No Witness + Spec. Condition.

AGT TESTIFIED Parolee released on 10-16-01 and Failed to Report to PCSD / BPT responsible Parole on 11-16-01 ∅ 10-17-01 Parolee Believe he was not on Parole, Ch #1 — Good Cause Found Based upon Testimony By Preponderance of Evidence,

Basis for Disposition:

Cont Case = 4350 (PR)   Prior Comm: 459 PC (1st) -1990.   Init Rel Date: 7-4-00 RTC on 9-28-00 for Fail To Register 1590 RTC on 4-19-01   Absconding.
AOR — Parolee never reported to PCSD Parolee states he understands he is on Parole 10 Months RTC Based upon PV offense and Demeaner, and 30 RTC.

| NAME | CDC NUMBER | INST/REGION | HEARING DATE |
|------|-----------|-------------|--------------|
| Coudshun Thupric | P 20045 | Single 2 / | 6-24-02 |

WHITE-C FILE
CANARY-BPT
PINK-PAROLEE

BOARD OF PRISON TERMS                                                                    STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

### IV. SUMMARY OF DISPOSITION

A. [X] Hold Status:
    1. [ ] Place Hold     2. [X] Retain Hold
    3. [ ] Remove Hold Not Later Than _____
                                     [DATE]

B. [ ] Remaining Period of Parole Waived
    Discharge Effective _____
                                    [DATE]

C. [ ] Continue on Parole

D. [X] Parole Revoked. Return to Custody
    10   TEN         Months

E. [ ] Parole Revocation Period Extended:
    _____ days

F. [ ] Parole Revoked. Return to Custody
    _____ Months for Psychiatric Treatment

G. Eligibility for Credits
    [X] Eligible    [ ] Ineligible
    Reason for Ineligibility (PC§3057(d)(2):

    [ ] Commitment offense (Specify) _____
    [ ] Revocation offense (Specify) _____
    [ ] Violation of parole condition (Specify) _____
    [ ] Sentenced under PC §1168 (Specify) _____
    [ ] Unsuitable for credits because of PC §3057 (d)(2)(E)
        [ ] Prior criminal history
        [ ] Circumstances and gravity of parole violation
    Specify reason: _____

_____
_____
_____
_____
_____

H. Optional Waivers
    [ ] Previous BPT Action of _____ is:
                                 [DATE]
    1. [ ] Rescinded    2. [ ] Reaffirmed

I. [ ] Other _____
                              [SPECIFY]
_____
_____
_____
_____

J. [ ] Special Conditions of Parole
    [ ] All current conditions reaffirmed

| | No Alcohol | ANT | POC | Other |
|---|---|---|---|---|
| Added | | | | |
| Deleted | | | | |

K. Instructions to CDC Staff/Reasons for special conditions of parole: 1073 Complete

NOTE: CDC RECORDS SEE ATTACHED document AND review for duplication to see if Parolee is on Parole per Parolee's request. BPT has ruled Parolee is on Parole per Court Records

---

BPT HEARING PANEL
NAME: _____ 6-24-0
NAME: _____

DECISION REVIEWED BY: _____

REVOCATION HEARING TIME (MINUTES)
1. Prehearing Prep. Time: _____
2. Actual Hearing Time: _____
3. Report Completion Time: _____
4. Other (Specify): 30 Minutes on Report Writing
                Total _____

| NAME | CDC NUMBER | INST/REGION | HEARING DATE |
|---|---|---|---|
| Goodman Thierrie | P20045 | Single 2/III | 6-24-02 |

WHITE-C FILE

BOARD OF PRISON TERMS                                    STATE OF CALIFORNIA

CONTINUATION SHEET

CONTINUATION FOR: _____ | SECTION _____

BPT FORM NO. _____ | SUBSECTION _____

MOTION: TIMELYNESS ISSUE. HELD
Date was 1-11-07. CASE
Prejudice test Because of prejudice
Parolee's life.

DECISION: MOTION DENIED - ATTORNEY ARTICULATED
No prejudice to Parolee's CASE. 45 day
rule is a guideline not mandated
Dismissal. DC Dismissed
Ch #2 + 3 + 4 where Denied of any WITNESS
No prejudice as to ASSULTANCE

MOTION - Parolee STATES he is not on Parole
ATTORNEY presented Court Minute
ORDER / ABSTRACT of JUDGEMENT

DECISION
MOTION IS Denied - Minute ORDER
Shows Court sent Parolee to
Prison for Probation REVOCATION
3 Prior RTC PCSD /CDC
records Show child CASE
RTC CDC records are called also
CDD to be 2004.

NAME                  NUMBER        INSTI/REGION      CALENDAR      HEARING DATE
BLOODSHAW) Thomas - P30045     Delano DRC

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

## CENTRAL OFFICE CALENDAR DECISION

### 1. REPORTS REVIEWED

| | | |
|---|---|---|
| | A. PAROLE VIOLATION REPORT OF<br>_____ REVIEWED<br>(DATE) | E. PSYCHIATRIC REPORT OF<br>_____ REVIEWED<br>(DATE) |
| | B. PAROLE VIOLATION REPORT (PAL) OF<br>_____ REVIEWED<br>(DATE) | F. DISCHARGE REPORT OF<br>_____ REVIEWED<br>(DATE) |
| X | C. SUPPLEMENTAL PAROLE VIOLATION REPORT OF  11-26-02<br>PAL dated 8-22-02  REVIEWED<br>(DATE) | G. RETAIN ON PAROLE REPORT OF<br>_____ REVIEWED<br>(DATE) |
| | D. DISCIPLINARY REPORT OF<br>_____ REVIEWED<br>(DATE) | H. OTHER REPORT OF<br>_____ REVIEWED<br>(DATE) |

### 2. PAROLE STATUS

| | | | |
|---|---|---|---|
| | A. PAROLE SUSPENDED EFFECTIVE<br>_____<br>(DATE) | X | C. REINSTATE ON PAROLE EFFECTIVE<br>11-9-02<br>(DATE) |
| | B. CONTINUE ON PAROLE | X | D. OTHER<br>Cancel Want<br>Remove Warrant from Fil |

### 3. SCHEDULE FOR FURTHER PROCEEDINGS

| | | | |
|---|---|---|---|
| X | A. SCHEDULE FOR REVOCATION PROCEEDINGS<br>1. ☐ EXTENSION   2. ☐ PSYCH. ATTN.<br>3. ☒ PREREVOCATION | | C. SCHEDULE FOR RESCISSION PROCEEDINGS |
| | B. RETURN TO PRISON FOR FURTHER PROCEEDINGS | X | D. HOLD<br>☐ PLACE   ☒ RETAIN   ☐ REMOVE |

### 4. OTHER DECISIONS

| | |
|---|---|
| A. CANCEL WANT<br>    REMOVE WARRANT FROM FILE | G. RETAIN IN CUSTODY _____ DAYS<br>    PENDING REVOCATION EXTENSION HEARING |
| B. REAFFIRM ACTION OF _____<br>                                    (DATE) | H. PAROLE PERIOD EXTENDED TO  ☐ 18 Mos.  ☐ 4 Yrs.<br>    PENDING REVOCATION HEARING |
| C. RESCIND ACTION OF _____<br>                                  (DATE) | I. ENTER NCIC WARRANT PER<br>    BPT § 2714 (b)(1)  ( _____ )<br>                         FILL IN APPROPRIATE SUBSECTION |
| D. DISCHARGE<br>1. ☐ BPT § 2535   ☐ § 2713 (c)<br>2. ☐ TO ALLOW _____ AUTHORITIES<br>    EXCLUSIVE JURISDICTION. | J. PLACE IN WANTED PERSONS SYSTEM<br>    ISSUE IN CALIFORNIA WARRANT |
| E. RETAIN ON PAROLE<br>    BPT RULE 2535 (d)  ( _____ ) | K. MISCELLANEOUS |
| F. RETAIN ON PAROLE SUPERVISION | |

### PANEL HEARING CASE

NAME _____

NAME _____

BOARD OF PRISON TERMS                                                                    STATE OF California

# CENTRAL OFFICE CALENDAR DECISION

## 1. REPORTS REVIEWED

| | | | |
|---|---|---|---|
| | A. PAROLE VIOLATION REPORT OF _____ (DATE) REVIEWED | E. PSYCHIATRIC REPORT OF _____ (DATE) REVIEWED | |
| X | B. PAROLE VIOLATION REPORT (PAL) OF 08/21/02 (DATE) REVIEWED | F. DISCHARGE REPORT OF _____ (DATE) REVIEWED | |
| | C. SUPPLEMENTAL PAROLE VIOLATION REPORT OF _____ (DATE) REVIEWED | G. RETAIN ON PAROLE REPORT OF _____ (DATE) REVIEWED | |
| | D. DISCIPLINARY REPORT OF _____ (DATE) REVIEWED | H. OTHER REPORT OF _____ (DATE) REVIEWED | |

## 2. PAROLE STATUS

| | | |
|---|---|---|
| X | A. PAROLE SUSPENDED EFFECTIVE 8 12 02 (DATE) | C. REINSTATE ON PAROLE EFFECTIVE _____ (DATE) |
| | B. CONTINUE ON PAROLE | D. OTHER _____ |

## 3. SCHEDULE FOR FURTHER PROCEEDINGS

| | | |
|---|---|---|
| | A. SCHEDULE FOR REVOCATION PROCEEDINGS  1. ☐ EXTENSION   2. ☐ PSYCH. ATTN.  3. ☐ PREREVOCATION | C. SCHEDULE FOR RESCISSION PROCEEDINGS |
| ✓ | B. RETURN TO PRISON FOR FURTHER PROCEEDINGS | D. HOLD  ☐ PLACE   ☐ RETAIN   ☐ REMOVE |

## 4. OTHER DECISIONS

| | | |
|---|---|---|
| | A. CANCEL WANT  REMOVE WARRANT FROM FILE | G. RETAIN IN CUSTODY _____ DAYS  PENDING REVOCATION EXTENSION HEARING |
| | B. REAFFIRM ACTION OF _____ (DATE) | H. PAROLE PERIOD EXTENDED TO  ☐ 18 Mos.   ☐ 4 Yrs.  PENDING REVOCATION HEARING |
| | C. RESCIND ACTION OF _____ (DATE) | X  I. ENTER NCIC WARRANT PER  BPT § 2714 (b)(1)  ( D  F  G )  FILL IN APPROPRIATE SUBSECTION |
| | D. DISCHARGE  1. ☐ BPT § 2535   ☐ § 2713 (c)  2. ☐ TO ALLOW _____ AUTHORITIES  EXCLUSIVE JURISDICTION. | J. PLACE IN WANTED PERSONS SYSTEM  ISSUE IN CALIFORNIA WARRANT |
| | E. RETAIN ON PAROLE  BPT RULE 2535 (d)    (          ) | K. MISCELLANEOUS |
| | F. RETAIN ON PAROLE SUPERVISION | |

### PANEL HEARING CASE

NAME _____

NAME _____                                                             (signature) 9 27 02

| NAME | NUMBER | INSTITUTION/REGION | UNIT | DECISION DATE |
|---|---|---|---|---|
| Bloodshaw, Theopric | P20045 | P&CSD/REG3 | Ingle2 | |

CHARGE SHEET/REVOCATION TRA~ ./SCHEDULING REQUEST
CDC 1676 (4/91)

DISTRIBUTION  DEPARTMENT OF CORRECTIONS
ORIGINAL - BOARD REPORT
1ST COPY - R.H.C.

REPORT TO:  ☐ BOARD OF PRISON TERMS
☐ NARCOTIC ADDICT EVALUATION AUTHORITY

2ND COPY - H.A.
3RD COPY - PAROLEE
4TH COPY - U.S

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT | CSTCU - ST |
|---|---|---|---|---|
| P20045 | BLOODSHAW, THEOPRIC | SAME | III/Ingle #2 | ☐ YES ☐ NO |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| 11/09/02 | LASO Lennox | [x] MANDATORY  ☐ NON-MANDATORY | 7475221/LACJ |

ARREST CODE *  * ARREST CODES
B
A  P&CSD STAFF ALONE
AB  P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY
B  LAW ENFORCEMENT AGENCY ALONE
D  LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 11/09/02 | 11/13/02 | N/A | Herm Williams | PAL | PAL | |

CHARGES AND CODES
1. Absconding (021)
2. Failure to Register per 11590 (917)
3. Assault on Peace Officer (413)

CHARGES AND CODES
4.
5.
6.

REASON FOR RETAINING PAROLE HOLD.  PAROLEE DANGER TO:
[x] ABSCOND  ☐ SELF  ☐ PROPERTY-OTHERS  [x] SAFETY-OTHERS

DATE COPY SENT TO PAROLEE  INITIALS OF PERSON SENDING

## DISABILITY CONCERNS

**PSYCHIATRIC**:  Mr. Bloodshaw has been classified as CCMS.

**PHYSICAL**:  Per North Kern State Institutional Summary and CDC 128C-1 date 11/3/98 gastric problem, Mr. Bloodshaw also has heart alert medication required.

**DEVELOPMENTAL**:  Per North Kern State Institutions Summary claims completion of the 10th grade.

## SUPPLEMENTAL REPORT TO A PAL REPORT dated 8/22/02.

## SUPPORTING EVIDENCE:

**CHARGE #1:** On 11/09/02 Mr. Bloodshaw was arrested by Lennox LASO, for our PAL Warrant #2020827547.  He was also arrested for circumstances in Charge #3.  On 8/09/02 Mr. Bloodshaw RRD from Los Angeles county Jail with reporting instructions for 8/12/02 at 12:00 pm.  He failed to report and on 8/27/02 I submitted a PAL report to the Board of Prison Terms.  On 08/27/02 the hearing panel acted to suspended his parole effective 8/12/02.

**PAROLEE STATEMENT**: To be obtained prior to his Morrisey Hearing.

**CHARGE #2:** On 11/09/02, Mr. Bloodshaw was arrested by Lennox LASO, for circumstances in Charges #1 & #3.  On 08/09/02 Mr. Bloodshaw RRD from L.A. County Jail, he failed to register per 11590 during the period 8/09/02 through 11/09/02.  Mr. Bloodshaw signed form SS8048 for narcotic offender registration per 11590 H&S on 08/24/99.

**PAROLEE STATEMENT**: To be obtained prior to his Morrisey Hearing

**CHARGE #3:** On 11/09/02 Mr. Bloodshaw was arrested by Lennox LASO, after discovering a Parolee at Large Warrant for him.  During the arrest Mr. Bloodshaw attacked one of the arresting deputies and attempted to gouge out his eyes, punched the Deputy repeatedly and maintained a

grappling hold on the deputy, on the ground. His partner and addition units were needed to secure Mr. Bloodshaw and to protect the Deputies.

**PAROLEE STATEMENT**: To be obtained prior to his Morrisey Hearing

**ATTACHMENTS**:  LASO incident report #4-02-11545-0399-057

**COURT INFORMATION**:  Inglewood Court 12/04/02 Case #YA053506, Charge ADW on a peace officer/not a firearm (GBI) 245 (C ) P.C..

**WITNESSES**:  Parole Agent Herm Williams can testify to circumstances in Charges 1 and 2 LASO Deputies Hoodye, Sean #796 and Sato, Brad #260210 can testify to circumstances in Charge #3.

SUMMARY OF PAROLE ADJUST..ENT                                      DEPARTMENT OF CORRECTIONS
* CDC 1521-B (1/01)

### ATTACH LEGAL STATUS SUMMARY

| CDC NUMBER | NAME (LAST, FIRST, MI) | DATE OF REPORT |
|---|---|---|
| P20045 | BLOODSHAW, THEOPRIC | 11/26/02 |

### PRIOR COMMITMENT(S)

| OFFENSE TITLE(S) | CODE SECTION(S) | DATE(S) OF COMMITMENT |
|---|---|---|
| Burglary 1st | 459 PC | 01/12/90 |
| | | |
| | | |

| SPECIAL CONDITION(S) OF PAROLE | INITIAL PAROLE DATE | LAST REV. REL DATE (RRD) |
|---|---|---|
| Anti-Narcotic Testing.<br>POC - Parole Outpatient Clinic | 7/4/00 | 08/09/02 |

### RESIDENCE

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| Transient | Unknown | Transient |

### MEANS OF SUPPORT

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR: - TO: | POSITION HELD |
|---|---|---|---|
| Unknown | Unknown | Unknown | Unknown |

EVALUATION - Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

Mr. Bloodshaw is a second termer for Possession of a Controlled Substance. The Subject has prior convictions for 484(A) Theft of Person 3/8/89, 666PC Petty Theft 8/21/89, 459 PC Burglary 12/27/89, 11550(A) H&S Under the Influence of C/S 4/18/94, 245(A) PC ADW 2/27/95, 602(J) PC Trespass, Injure Property, 602(J) PC Trespass; Injure Property, and 11550(A) H&S, Under the Influence of C/S 1/6/97.

There has not been a parole adjustment as Mr. Bloodshaw absconded when paroled.

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

## WAIVER OF REVOCATION HEARING

### RIGHT TO REVOCATION HEARING

I understand that the Board of Prison Terms (Board) may order a revocation hearing scheduled for me based on a parole violation report dated
_11/22/02_ I understand that I have the right to a parole revocation hearing within a reasonable time from the placement of the hold or the case conference if I am not under a hold. At the revocation hearing, I may contest the charges in the parole violation report. I may request witnesses to testify at the revocation hearing. I may be entitled to representation by an attorney at state expense if I am indigent. At the revocation hearing, the Board may find good cause to believe I have violated parole and may order my return to custody for a maximum of six (6) months if the crime for which I was committed to prison occurred on or before December 31, 1978, or 12 months if the crime for which I was committed to prison occurred on or after January 1, 1979. Any period of confinement served will be added to my parole period, but the total will not exceed the maximum period specified by law. If my parole is revoked, I shall be ineligible for discharge review until I complete one year of continuous parole beginning on the date of my release from the revocation period. However, I will be discharged at such time as my maximum discharge date is reached, if that date comes first.

### REQUEST FOR REVOCATION HEARING

PELICAN BAY ASU

☐ I request a revocation hearing and make the following pleas with regard to this hearing.

By making an admission to the charge(s), I understand that I am waiving my right to contest the charge, to request and question witnesses who may have information in regard to the charge, and to present documentary evidence which may pertain to the charge.
I also understand that an admission to the charge(s) does not affect my right to present evidence in mitigation as to why my parole should not be revoked.

| 1. I Admit Charge(s) (Specify which) | 2. I Deny Charge(s) (Specify which) | 3. I Neither Admit nor Deny Charge(s) (Spec. which) |
|---|---|---|
| | | |

| Signature of Parolee | CDC Number | Date |
|---|---|---|
| | | |

| Name and Title of CDC Employee (Print) | Signature of CDC Employee | Date |
|---|---|---|
| T. Shaw, Lt. BPA | | 1/3/03 |

### WAIVER OF REVOCATION HEARING (UNCONDITIONAL)

☐ I wish to waive my revocation hearing. I understand that by waiving my right to a hearing, I am waiving all the rights discussed above. The Board will decide if there is good cause to believe I have violated parole, and if so, will make the appropriate disposition without a hearing or a personal appearance by me.

If waiver is acceptance of Revocation Screening Offer, check this box ☐ and complete the following:

Offer of _____ months or _____ days    INELIGIBLE    ELIGIBLE  (Circle one.)

| Signature | CDC Number | Date |
|---|---|---|
| | | |

### WAIVER OF REVOCATION HEARING (OPTIONAL)

Ken AH

☒ I wish to waive my revocation hearing because a criminal prosecution is pending against me. I understand that by waiving my right to a hearing, I am waiving all the rights discussed above. The Board has determined there is good cause to believe I have violated parole and has made an appropriate disposition without a hearing or a personal appearance by me as a result of this waiver.

I may later request a hearing. The request for hearing must be received by the Board no more than 15 days following sentencing or final disposition in the criminal proceedings and no later than two months before expiration of the revocation period ordered by the Board. At the hearing the Board may take any appropriate action. [CCR, Title 15, Sec. 2641(b)]

| Signature | CDC Number | Date |
|---|---|---|
| T. Bloodshaw | P 20045 | 1/3/3 |

| Name | CDC NUMBER | INST/REGION |
|---|---|---|
| BLOODSHAW, THEODORE | P-20045 | ING. H2/III |

BOARD OF PRISON TERMS
STATE OF CALIFORNIA

PELICAN BAY
ASU

**Records Office Use Only**
Projected Revocation Release Date
_8-6-03_
Revocation Release Date
_8-6-03_
Controlling Discharge Date
_4-7-05_
Discharge Review Date
_8-6-04_

## SUMMARY OF REVOCATION DECISION:
## HEARING WAIVED / SCREENING OFFER

### I. PRELIMINARY INFORMATION

**A. Type of Hearing**
REVOCATION

**B. Basis for Charges**
Parole Violation Report, Dated: 26-NOV-2002
CDC Rules Violation Report, Dated:
Other                    Dated:

**C. Admissions/Denials**
Date Signed by Parolee: 06-DEC-2002
Date of BPT Action: 06-DEC-2002

Assessment 9I

**D. Legal Data**
Arrest Date: 09-NOV-2002     Hold Date: 09-NOV-2002

### II. DECISION

A. [X] Hold Status - RETAIN
B.      SATCU/SATU: [ ] Approved  [ ] Denied
C. [ ] Continue on Parole [ ] Dismiss  [ ] Prop36
D. [ ] Schedule for Revocation Proceedings
E. [ ] Schedule for Revocation Extension Proceedings
F. Miscellaneous Action

G. [X] Parole Revoked-Return to Custody: 9 months
   [X] Serve consecutively
   [ ] Revocation Period Extended: 0 days
   [ ] Time Served:          to
H. Attorney [ ] Conduct Determination  [ ] Assignment
   Reason

[ ] Eligible  **3057 Credits**
[X] Ineligible 3057d-1        [ ] Prior Criminal History
[ ] Ineligible 3057(d)(2)(E)  [ ] Circumstances & Gravity of
[X] Parole Violation **241 PC**    Parole Violation
[ ] Commitment Offense
Specify Reason

**H. Special Cond. of Parole:** [X] Noted [ ] Reaffirmed [ ] Amended

|              | Add/Mod/Del | Reason |
|--------------|-------------|--------|
| No Alcohol   | ------      |        |
| ANT          | ------      |        |
| POC for Eval | ------      |        |

Other Special Condition

Reason

**I. Instructions to CDC or P&CSD Staff**

Commissioner/Deputy Commissioner Signature
_Wm B. Crisdago_

Date
06-DEC-2002

### PAROLEE ACKNOWLEDGEMENT

[ ] 1. I accept the above return to custody order (Section F) and unconditionally waive my rights to contest the charges against me or have a hearing.
[ ] 2. I reject the above order (Section F) and request a revocation hearing.
[X] 3. I accept the above order and optionally waive my right to a hearing.

Parolee Signature
_T. Bloodshaw_

Date
_1/3/3_

Witness Signature

Date
_1/3/03_

NAME
BLOODSHAW, THEOPRIC

CDC NUMBER
P20045

INST/REGION / AGENT
INGLEWOOD 2 / 3
WILLIAMS, HERM

SCREEN DATE
06-DEC-2002

06-DEC-2002 04:18 PM
BPT 1104 (Rev. 7/88) Electronic

Page 1 of 3

BOARD OF PRISON TERMS
SUMMARY OF REVOCATION DECISION: HEARING WAIVED / SCREENING OFFER                    STATE OF CALIFORNIA

### III. SUMMARY OF FINDINGS AND DISPOSITION

A. Reports and Documents Considered:

☐ Parole Violation                          ☐ Police Report - Date:
☐ CDC Rules Violation                          Agency:
☐ Other (specify):

PELICAN BAY
ASU

B. Findings

| Charge Number | Code Number | Charge Specified | Findings | Evidence Considered/ Relied Upon | Other (specify) | Rev Ext |
|---|---|---|---|---|---|---|
| 1. | 021 | Absconding parole supervision | GOOD CAUSE | 3 | | |
| 2. | 947 | Failure to register per H&S 11590 | GOOD CAUSE | 3 | | |
| 3. | 413 | Assault on peace officer | GOOD CAUSE | 6 | | |

1. Court Conviction        3. Agent's Statements        5. Witnesses' Statements        7. Laboratory Analysis
2. Parolee Admits          4. Physical Evidence         6. Victim's Statements          8. Other (specify)

C. Reasons for Disposition and Documents Considered

[X] Summary of Adjustment    ☐ C-File    ☐ POR    ☐ CII/FBI    ☐ Other:

Need for Reconfinement Based Upon the Following Factors:

☐ Return to Drugs - Readdiction - Need for Dry-Out - Detoxification

☐ Involved in Felonious Behavior that Mandates a Substantial RTC

☐ Continuation of Same Behavior that Caused Parolee's Prison Confinement

☐ Inability/Unwillingness to Conform to the Expectations and Requirements of Parole/CDC

☐ Parolee's Involvement in Distribution and/or Sales of Controlled Substances

[X] Parolee's Unlawful Behavior and/or Activity Makes Him/Her a Liability to the Community

☐ Parolee's Behavior and Conduct Requires Treatment in a Controlled Environment

Other Reasons/Comments

| NAME | CDC NUMBER | INST/REGION / AGENT | SCREEN DATE |
|---|---|---|---|
| BLOODSHAW, THEOPRIC | P20045 | INGLEWOOD 2 / 3 WILLIAMS, HERM | 06-DEC-2002 |

06-DEC-2002 04:18 PM
BPT 1104 (Rev. 7/88) Electronic                    Page 2 of 3

PELICAN BAY
ASU

BOARD OF PRSION TERMS

## SUMMARY OF REVOCATION DECISON: HEARING WAIVED/SCREEN OFFER

ADA

Special Needs: CCCMS

| NAME | CDC NUMBER | INST/REGION/AGENT | SCREEN DATE |
|---|---|---|---|
| BLOODSHAW, THEOPRIC | P20045 | INGLEWOOD 2 / 3 WILLIAMS, HERM | 06-DEC-2002 |

06-DEC-2002 04:18 PM

BPT 1104 (Rev. 7/88) Bectronic             Page 3 of 3             PERMANENT ADDENDUM

BPT 1073 - NOTICE A_ _ _EQUEST FOR REASONA_ _E _CCOMMODATION

| I.    PRE-INTERVIEW FILE REVIEW (STAFF ONLY) | PELICAN BAY ASU |

Documents verifying/identifying disability: (Check all verifying documents and attach copies to 1073.)

☐ CDC 128C ☐ CDC 128C-1 ☐ CDC  128C-2 ☐ CDC 611 ☐ CDC 1845 ☐ CDC 1515 ☐ Current BPT 1073

☐ CDC 128B (TABE 4.0 or lower) Score/GPL_____ ☐ Other documents_____ ☐ No verifying documents in file

☐ Accommodation is required for effective communication and/or access (enter type, i.e., sign language interpreter, staff assistance, assistive listening device, alternate accessible location, etc.)_____

### II. PRISONER/PAROLEE RIGHTS & SELF IDENTIFICATION

The Americans with Disabilities Act (ADA) is a law to help people with disabilities.  Disabilities are problems that make it harder for some people to see, hear, talk, walk, learn, think, work, or take care of themselves than it is for others.  Nobody can be kept out of public places or activities because of a disability.  If you have a disability, you have the right to ask for help to get ready for your BPT hearing, get to the hearing, talk, read forms and papers, and understand the hearing process.  BPT will look at what you ask for to make sure that you have a disability, that is covered by the ADA, and that you have asked for the right kind of help.  If you do not get help, or if you don't think you got the kind of help you need, ask for a BPT 1074 Grievance Form.  You can also get help to fill it out.

☐ I **do not** have a disability.  (Sign and date at the "X" below.)

☑ I **do** have a disability.

**My disability is:**

☐ Seeing        ☐ Talking      ☐ Reading  ☐ Hearing        ☐ Walking

☐ Understanding/Learning     ☐ Mental Problems ☐ Other_____

**I need help for my parole hearing:** (Check all boxes that apply to you)

☐ Reading       ☐ Understanding      ☐ Talking

☐ Hearing Device (type)_____        ☐ Wheelchair or _____

☐ Visual Aids/optical device (type)_____        ☐ Walking

☐ Sign language Interpreter (type)_____        ☐ Other _____

☑ Attorney        ☐ I do not need help for my parole hearing.

X _T̲i̲ ̲B̲l̲o̲o̲d̲s̲a̲w̲_____    _____    X _____
Prisoner/Parolee Signature        CDC #        Date Signed

### III. INITIAL SERVICE OF RIGHTS (STAFF ONLY)

I have informed prisoner/parolee of the above information, and any relevant charges, and have determined that he/she: ☐ Appears to understand.    ☐ Appears to have difficulty understanding.

☐ Non-English Speaking (indicate language):_____

☐ EFFECTIVE COMMUNICATION METHOD USED: (Sign language interpreter, staff assistance, assistive device, alternate accessible location, etc.)_____
Comments:____V̲C̲L̲ ̲/̲ ̲C̲C̲C̲M̲s̲_____

_____        _____        1̲2̲/̲1̲2̲/̲0̲8̲
Staff Name and Title (please print)        Staff Signature        Date

### IV. REVIEW INDICATING NO CHANGES

| TYPE OF HEARING | PRINT NAME AND WRITE INITIALS | TITLE | INSTITUTION/REGION | DATE |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

12/17/2002 TUE 14:55 FAX 562 435 8523     LONG BEACH AREA OFFICE                    Ø002

# SU  RIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

*COURT COPY*

### PROBATION OFFICER'S REPORT

REPORT SEQUENCE NO. 1

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiff

vs

THEOPRIC KENT BLOODSAW                    Defendant

| COURT -DEPT/DIV | JUDGE | COURT CASE NO./DEF. ID |
|---|---|---|
| SW-G | FERREL | YA053506 01 |

| HEARING DATE | DEFENSE ATTY. | PROSECUTOR |
|---|---|---|
| 12-18-02 | HUEY (PD) | FRITZ |

| DPO | AREA OFFICE | PHONE NO. |
|---|---|---|
| HARRIGAN | LONG BEACH | (562) 491-5835 |

ADDRESS (PRESENT/RELEASE)
COUNTY JAIL/UNKNOWN

| BIRTHDATE | GENDER | RACE |
|---|---|---|
| 6-24-58 (44) | MALE | BLACK |

| CITIZENSHIP STATUS | DRIVER'S LICENSE/EXP. DATE |
|---|---|
| UNITED STATES | N9672705 |

| PROBATION NO. | CII NO. | MAIN NO. |
|---|---|---|
| X-271433 | A08953256 | 3934372 |

| ESTIMATED DAYS IN JAIL THIS CASE | CUSTODY STATUS/RELEASE DATE |
|---|---|
| 40 | COUNTY JAIL |

BOOKING NO.
7475221

| TYPE REPORT | |
|---|---|
| | **Probation and Sentence** |
| X | Pre-Conviction (131.3 CCP) |
| ___ | Deferred Entry of Judgment |
| ___ | Post Sentence |
| ___ | Diversion (Specify) |

## PRESENT OFFENSE: LEGAL HISTORY

CHARGED with the crimes of (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)
COUNT 1: 245(C) PENAL CODE (ASSAULT ON A PEACE OFFICER OR FIREFIGHTER), PER 1192.7(C) PENAL CODE
COUNT 2: 243(C)(2) PENAL CODE (BATTERY WITH INJURY ON A PEACE OFFICER)
COUNT 3: 422 PENAL CODE (CRIMINAL THREATS), PER 1192.7(C) PENAL CODE
ONE PRIOR ALLEGED PURSUANT TO 1170.12(A)-(D) AND 667(B)-(I) PENAL CODE
ONE PRIOR ALLEGED PURSUANT TO 667(A)(1) PENAL CODE AND TWO PRIORS ALLEGED PURSUANT TO 667.5(B) PENAL CODE

CONVICTED of the crimes of (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)

NOT CONVICTED, REFERRED PER 131.3 CCP

| CONVICTED BY | DATE OF REFERRAL | COUNT(S) CONTINUED TO P & S FOR DISPOSITION |
|---|---|---|
| - | 12-6-02 | |

| PROPOSED PLEA AGREEMENT | SOURCES OF INFORMATION |
|---|---|
| - | DISTRICT ATTORNEY PACKET |

| DATE(S) OF OFFENSE | TIME(S) |
|---|---|
| ON OR ABOUT 11-8-02 | APPROXIMATELY 9:30 A.M. |

| DEFENDANT:<br>(SEE PRIOR<br>RECORD<br>SECTION) | ☐ N/A<br>☐ ON PROBATION<br>☒ ON PAROLE-REMAINING TIME #P20045 | ☐ SENTENCED TO STATE PRISON/COUNTY JAIL ON CASE<br>☐ PENDING PROBATION VIOLATION ☐PENDING NEW CASE | HOLDS<br>☒ YES ☐ NO |
|---|---|---|---|

## RECOMMENDATION:

| ☐ PROBATION | ☒ DENIAL<br>☐ COUNTY JAIL<br>☒ STATE PRISON | ☐ DIAGNOSTIC STUDY<br>☐ 707.2 WIC<br>☐ 1203.03 PC | ☐ CYA | ☐ OTHER |
|---|---|---|---|---|

12/17/2002 TUE 14:59 FAX 562 435 8523      LONG BEACH AREA OFFICE

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

| NAME (LAST-FIRST-MIDDLE) | COURT DATE |
|---|---|
| BLOODSAW, THEOPRIC KENT | 12-18-02 |
| PROBATION NO. | COURT CASE NO. DEFENDANT ID |
| X271433 | YA053506 01 |

## RECOMMENDED TERMS AND CONDITIONS OF PROBATION/TERMS OF DEFERRED ENTRY OF JUDGMENT

1. ☐ SPEND FIRST _____ DAYS/MONTHS IN COUNTY JAIL.   ☐ NOT TO BE ELIGIBLE FOR COUNTY PAROLE.
   ☐ WORK FURLOUGH PROGRAM RECOMMENDED.
2. ☐ PAY A FINE OF $ PLUS PENALTY ASSESSMENT (1464 P.C. & 76000 G.C.) THROUGH THE PROBATION OFFICER.
   ☐ PAY $ LAB FEE PURSUANT TO 11372.5 H&S CODE ($50 FOR EACH H&S VIOLATION) THROUGH THE PROBATION OFFICER.
3. ☐ PAY RESTITUTION TO THE VICTIM(S) PURSUANT TO 1202.4 P.C. IN AMOUNT OF $ / IN A MANNER AS INSTRUCTED BY THE COURT/PROBATION OFFICER, INCLUDING A SERVICE CHARGE PER 1203.1 P.C. MINIMUM PAYMENT OF RESTITUTION TO BE $_____.
4. ☐ PAY $_____ RESTITUTION FINE PURSUANT TO 1202.4 P.C. IN A MANNER AS INSTRUCTED BY THE COURT/PROBATION OFFICER.
   ☐ TOTAL AMOUNT TO INCLUDE A SERVICE CHARGE IN THE AMOUNT OF $_____.
5. ☐ PAY $ DIVERSION RESTITUTION FEE IN AN AMOUNT AND MANNER AS INSTRUCTED BY THE COURT/PROBATION OFFICER.
6. ☐ NOT DRINK OR POSSESS ANY ALCOHOLIC BEVERAGE AND STAY OUT OF PLACES WHERE THEY ARE THE CHIEF ITEM OF SALE.
7. ☐ NOT USE OR POSSESS ANY NARCOTICS, DANGEROUS OR RESTRICTED DRUGS OR ASSOCIATED PARAPHERNALIA, EXCEPT WITH VALID PRESCRIPTION, AND STAY AWAY FROM PLACES WHERE USERS, BUYERS OR SELLERS CONGREGATE.
8. ☐ NOT ASSOCIATE WITH PERSONS KNOWN BY YOU TO BE NARCOTIC OR DRUG USERS OR SELLERS.
9. ☐ SUBMIT TO PERIODIC ANTI-NARCOTIC TESTS / ALCOHOL TESTS AS DIRECTED BY THE PROBATION OFFICER OR ANY OTHER PEACE OFFICER.
10. ☐ HAVE NO BLANK CHECKS IN POSSESSION; NOT WRITE ANY PORTION OF ANY CHECKS; AND NOT HAVE BANK ACCOUNT UPON WHICH YOU MAY DRAW CHECKS. NOT USE OR POSSESS OR APPLY FOR ANY CREDIT OR ATM CARD.
11. ☐ NOT ASSOCIATE WITH/STAY AWAY FROM _____.
12. ☐ COOPERATE WITH PROBATION OFFICER IN A PLAN FOR
13. ☐ SUPPORT DEPENDENTS AS DIRECTED BY PROBATION OFFICER.
14. ☐ SEEK AND MAINTAIN TRAINING, SCHOOLING OR EMPLOYMENT AS APPROVED BY PROBATION OFFICER.
15. ☐ KEEP PROBATION OFFICER ADVISED OF YOUR RESIDENCE AT ALL TIMES.
16. ☐ SURRENDER DRIVER'S LICENSE TO CLERK OF COURT TO BE RETURNED TO DEPARTMENT OF MOTOR VEHICLES.
17. ☐ NOT DRIVE A MOTOR VEHICLE UNLESS LAWFULLY LICENSED AND INSURED.
18. ☐ NOT OWN, USE OR POSSESS ANY DANGEROUS OR DEADLY WEAPONS.
19. ☐ SUBMIT YOUR PERSON AND PROPERTY UNDER YOUR CONTROL TO SEARCH OR SEIZURE AT ANY TIME OF THE DAY OR NIGHT BY ANY PROBATION OFFICER OR OTHER PEACE OFFICER WITH OR WITHOUT A WARRANT OR PROBABLE CAUSE.
20. ☐ OBEY ALL LAWS. OBEY ALL ORDERS, RULES AND REGULATIONS OF THE PROBATION DEPARTMENT AND OF THE COURT.
21. ☐ USE ONLY YOUR TRUE NAME, STATED TO BE
22. ☐ REPORT TO THE _____ AREA OFFICE AT _____ WITHIN _____.
23. ☐ IF YOU LEAVE THE COUNTRY, DO NOT REENTER THE UNITED STATES ILLEGALLY. IF YOU DO RETURN, REPORT TO THE PROBATION OFFICER WITHIN _____ AND PRESENT DOCUMENTATION WHICH PROVES YOU ARE IN THE UNITED STATES LEGALLY.
   ADDITIONAL CONDITIONS OF PROBATION:

## RECOMMENDATION OTHER THAN TERMS AND CONDITIONS OF PROBATION

☐ COST OF INCARCERATION: IF PROBATION IS GRANTED, IT IS RECOMMENDED THAT THE COURT DETERMINE DEFENDANT'S ABILITY TO PAY COST OF INCARCERATION PURSUANT TO SECTION 1203.1C PENAL CODE

SUBMITTED: 12-13-02    TYPED: 12-13-02    MAH:RTBC (8)

- 16 - (BLOODSAW)

| PRESENT OFFENSE: (CONTINUED) | | | SOURCES OF INFORMATION (this page) DISTRICT ATTORNEY PACKET | | |
|---|---|---|---|---|---|
| ARREST DATE | TIME | BOOKED AS | OFFENSE | LOCATION OF ARREST | ARRESTING AGENCY |
| 11-8-02 | 9:30 A.M. | THEOPRIC KENT BLOODSAW | 245(C) PC, 3056 PC | CENTURY BLVD/ LASALLE | LOS ANGELES SHERIFF'S OFFICE |

| CO-DEFENDANT(S) | COURT CASE NO. | DISPOSITION |
|---|---|---|
| NONE | | |

**ELEMENTS AND RELEVANT CIRCUMSTANCES OF THE OFFENSE:**

ON JANUARY 8, 2002, AFTER THE DEFENDANT REFUSED TO COMPLY WITH POLICE OFFICERS' DEMANDS, TURNED AND BECAME COMBATIVE, A STRUGGLE ENSUED AND HE WAS FINALLY SUBDUED, CUFFED AND ADVISED OF HIS ARREST ON CHARGES THAT INCLUDED 245(C) PENAL CODE, 69 PENAL CODE, AS WELL AS PAROLE VIOLATION PER 3056 PENAL CODE.

ACCORDING TO AVAILABLE INFORMATION, ONE OF TWO DEPUTIES RECOGNIZED THE DEFENDANT ON NOVEMBER 8, 2002, AS THE SAME INDIVIDUAL HE HAD SEEN THE DAY BEFORE BEGGING MONEY FROM MOTORISTS MAKING PURCHASES AT A DONUT SHOP. WHILE THE DEFENDANT HAD BEEN WARNED ON THAT AFOREMENTIONED DATE TO QUIT LOITERING AND BEGGING, ON NOVEMBER 8, 2002, THE DEPUTY ALLEGEDLY DECIDED UPON SEEING THE DEFENDANT AGAIN THAT PERHAPS THERE SHOULD BE A FIELD CARD FILLED OUT AND THE DEFENDANT'S IDENTITY NOTED FOR POSSIBLE FUTURE CONTACTS.

THE TWO OFFICERS IN QUESTION ALIGHTED FROM THEIR PATROL CAR AND AFTER DEFENDANT WAS ALLEGEDLY VAGUE ABOUT HIS IDENTITY, DEPUTIES MADE THE DECISION TO ELEVATE THE CONTACT INTO A DETENTION FOR INVESTIGATIVE PURPOSES. WHEN THEY DETERMINED THE DEFENDANT WAS CONSIDERED A "PAROLEE AT LARGE" THE DECISION WAS MADE TO ARREST THE DEFENDANT AND HE WAS PUT INTO A STANCE FOR HANDCUFFING.

1

2

3

4

5

6

RATHER THAN COMPLY WITH THE DEPUTIES DURING THE HANDCUFFING PROCEDURE, THE DEFENDANT ALLEGEDLY TURNED, BREAKING FREE FROM THEIR GRASP AND ENDED UP KNOCKING ONE OF THE TWO DEPUTIES TO THE GROUND. WITNESSES SAW THE DEFENDANT ON THE BACK OF DEPUTY HOODYE WITH DEPUTY SATO MAKING ATTEMPTS TO FREE HIS PARTNER. THE STRUGGLE CONTINUED UNTIL THE DEFENDANT WAS FINALLY SUBDUED WITH THE HELP OF ADDITIONAL UNITS THAT RESPONDED TO THE SCENE.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12/17/2002 TUE 14:56 FAX 562 435 8523          LONG BEACH AREA OFFICE                    Ø005

| | |
|---|---|
| **VICTIM:** | SOURCES OF INFORMATION (this page)<br>DISTRICT ATTORNEY PACKET |

| NAME<br>DEPUTY SEAN HOODYE | COUNT(S)<br>COUNT 1 |
|---|---|

INJURY: PROPERTY LOSS (TYPE / COST / ETC.)
SEE BELOW

| LOSS: ☐ YES ☐ NO | ESTIMATED LOSS<br>UNKNOWN | RESTITUTION ALREADY MADE<br>NO | APPLIED FOR VICTIM RESTITUTION FUND<br>☐ UNK   ☐ YES   ☒ NO |
|---|---|---|---|

**VICTIM STATEMENT:**

       WHILE THE PROBATION OFFICER HAS TWICE ATTEMPTED TO REACH THE ARRESTING OFFICERS AND A MESSAGE HAS BEEN LEFT IN THEIR SECTION, THE PROBATION OFFICER HAS YET TO HEAR FROM THE DEPUTIES. HOWEVER, ACCORDING TO THE INCIDENT REPORTS, THE VICTIM/ARRESTING OFFICER WAS CONSIDERED TO BE "INJURED ON DUTY" (OFF WORK) FOR THE MINIMUM OF THREE DAYS. HIS INJURIES INCLUDED BRUISING AND LUMPS TO THE RIGHT SIDE OF HIS HEAD; SENSITIVITY TO BOTH ELBOWS; PAIN IN BOTH KNEES AND SHINS; SWELLING TO THE KNUCKLES ON HIS RIGHT HAND; SCRATCHES AND A SMALL CUT BETWEEN THE CREASE OF HIS EYELID NEAR THE EYEBALL; AS WELL AS SCRATCHES ACROSS THE TEMPLE AND BACK INTO THE HAIRLINE.

| **RESTITUTION** | TOTAL NUMBER OF VICTIMS<br>TWO | ESTIMATED LOSS TO ALL VICTIMS<br>NOT APPLICABLE | VICTIM(S) NOTIFIED OF P&S HEARING<br>☒ YES   ☐ NO |
|---|---|---|---|
| DOES DEFENDANT HAVE INSURANCE<br>TO COVER RESTITUTION:<br><br>☐ YES   ☒ NO | | INSURANCE COMPANY NAME/ADDRESS/TELEPHONE NO. | |

☒ VICTIM LIST CONTINUES NEXT PAGE

- 4 - (BLOODSAW)

12/17/2002 TUE 14:56 FAX 562 435 8523          LONG BEACH AREA OFFICE                    ☒008

| ADDITIONAL VICTIMS: | SOURCES OF INFORMATION (THIS PAGE) DISTRICT ATTORNEY PACKET |
|---|---|

| NAME DEPUTY BRAD SATO | COUNT(S) COUNT 2 |
|---|---|

INJURY: PROPERTY LOSS (TYPE / COST / ETC.)
SEE BELOW

| LOSS: UNKNOWN ☐YES ☐NO | ESTIMATED LOSS N/A | RESTITUTION ALREADY MADE NO | APPLIED FOR VICTIM RESTITUTION FUND ☐UNK ☐YES ☒NO |
|---|---|---|---|

**VICTIM STATEMENT:**

WHILE THE PROBATION OFFICER HAS TWICE ATTEMPTED TO REACH THE ARRESTING OFFICERS AND A MESSAGE HAS BEEN LEFT IN THEIR SECTION, THE PROBATION OFFICER HAS YET TO HEAR FROM THE DEPUTIES. ACCORDING TO THE INCIDENT REPORTS, THE VICTIM/ARRESTING OFFICER INDICATED HE HAD SEVERE PAIN AND DISCOMFORT TO HIS RIGHT ANKLE AND AFTER SEEING A DOCTOR, WAS FOUND TO HAVE A STRAINED LIGAMENT. HE WAS SCHEDULED TO BE OFF WORK THREE DAYS BEFORE BEING RE-EVALUATED FOR DUTY FITNESS.

- 5 - (BLOODSAW)

12/17/2002 TUE 14:56 FAX 562 435 8523          LONG BEACH AREA OFFICE                               ☒007

PRIOR RECORD:                    SOURCES OF INFORMATION (this page)
                                 CII, FBI, CCHRS, DISTRICT ATTORNEY PACKET, PROBATION
                                 RECORDS, REGIONAL RECORDS, DEPARTMENT OF
                                 CORRECTIONS, DEFENDANT

**AKAs:**
(1) BLOODSAW, THEOPRIC KENT; (2) BLOODSHAW, THEOPRIC KENT; (3) BLOODSAW, THEOPRIC; (4) BLEDSOE, JONATHON; (5) BLOODSHAW THEOPRIC; (6) BOWMAN, LARRY; (7) BLOODSHAW, THEODORE KEN; (8) BLOODSAW, THEOPRIC KEN; (9) THEOPRIC, KENT; (10) BLOODSAW, THEODORE; (11) BLEDSOE, TNEOPRIL KENT; (12) BLODSNOW, THEO; (13) BLOOSHAW, THEOPRIC; (14) BLOODSHAW, MARK; (15) BLOODSAW, THEOPIC K; (16) MONIKER: T.          AKA; "T"

DATES OF BIRTH: 9-14-59; 6-24-57.

## JUVENILE HISTORY:

INFORMATION IS NOT AVAILABLE THROUGH PROBATION DEPARTMENT INQUIRY FIVE YEARS AFTER JUVENILE PROBATION ACTIVITY HAS TERMINATED, AND DEFENDANT ADMITS NO RECORD.

## ADULT HISTORY:

10-20-85          LOS ANGELES POLICE DEPARTMENT - 640(F) PENAL CODE (PUBLIC TRANSPORTATION: DISTURBING OTHERS), AN INFRACTION - 1-24-88, CASE NUMBER 30027267, BENCH WARRANT PREVIOUSLY ORDERED AND ISSUED 12-16-85 RECALLED; ON 11-30-88 SIX DAYS COUNTY JAIL CREDIT TIME SERVED.

3-6-89            LOS ANGELES POLICE DEPARTMENT - 484(A) PENAL CODE (THEFT OF PERSONAL PROPERTY) - 3-8-89, LOS ANGELES MUNICIPAL COURT CASE NUMBER 89R15171, CONVICTED COUNT 2: 484(A) PENAL CODE, 24 MONTHS PROBATION, THREE DAYS JAIL; 10852 VEHICLE CODE - DISMISSED IN THE FURTHERANCE OF JUSTICE; 5-9-89 VIOLATION/PROBATION REVOKED AND REINSTATED WITH MODIFICATION SERVE 30 DAYS COUNTY JAIL.

7-30-89           LOS ANGELES POLICE DEPARTMENT - 666 PENAL CODE (PETTY THEFT WITH PRIORS) - 8-21-89, CASE NUMBER 89R33439, CONVICTED 666 PENAL CODE, 24 MONTHS PROBATION, 90 DAYS JAIL.

9-14-89           LOS ANGELES POLICE DEPARTMENT - 459 PENAL CODE (BURGLARY) - 12-27-89, CASE NUMBER BA004642, CONVICTED 459 PENAL CODE (FIRST DEGREE), COMMITTED TO STATE PRISON FOR TERM OF FOUR YEARS; PAROLED 11-8-91; VIOLATION/RETURNEE 2-26-92; VIOLATION/RETURNEE 7-27-92; VIOLATION/RETURNEE 1-14-94; VIOLATION/RETURNEE 5-9-94; VIOLATION/RETURNEE 7-18-94; VIOLATION/RETURNEE 3-6-95; RELEASED UNKNOWN DATE; DISCHARGED CDC NUMBER E40947 ON UNKNOWN DATE.

(THIS REFERS TO ONE OF THE ALLEGED PRIORS THAT IS TO BE DETERMINED.)

7-19-92           LOS ANGELES POLICE DEPARTMENT - 245(A)(1) PENAL CODE (ASSAULT WITH A DEADLY WEAPON) - 7-20-92 PROSECUTION DEFERRED FOR REVOCATION OF PAROLE.

6    (BLOODSAW)

11-21-93    LOS ANGELES SHERIFF'S OFFICE - 11550 HEALTH AND SAFETY CODE (UNDER THE INFLUENCE OF A CONTROLLED SUBSTANCE) - 4-18-94, INGLEWOOD MUNICIPAL COURT CASE NUMBER 93M10430, CONVICTED COUNT 2:. 11550(A) HEALTH AND SAFETY CODE, 24 MONTHS PROBATION, 120 DAYS JAIL; 11364 HEALTH AND SAFETY CODE DISMISSED IN VIEW OF PLEA TO OTHER CHARGE.

1-6-94    LOS ANGELES POLICE DEPARTMENT - 602(N) PENAL CODE (TRESPASS: REFUSE TO LEAVE PROPERTY) - 1-10-94 PROSECUTION RELEASE/DETAINED ONLY/INTEREST OF JUSTICE.

(ACCORDING TO CII INFORMATION, THIS ARREST DID RESULT IN THE DEFENDANT'S RETURN FOR PAROLE VIOLATION.)

10-27-94    LOS ANGELES POLICE DEPARTMENT - 245(A)(1) PENAL CODE (ASSAULT WITH A DEADLY WEAPON) - 2-27-95, CASE NUMBER TA032554, CONVICTED 245(A)(1) PENAL CODE, 12 MONTHS PROBATION, 188 DAYS JAIL.

(ACCORDING TO COURT RECORDS, DEFENDANT WAS HELD TO ANSWER AT A PRELIMINARY HEARING ON 11-28-94 AND THE MATTER WAS CONTINUED FOR FELONY ARRAIGNMENT/PLEA 12-12-94; HOWEVER THERE ARE NO OTHER COURT RECORDS AVAILABLE. ACCORDING TO CII INFORMATION, THE MATTER REACHED DISPOSITION AS A MISDEMEANOR 2-27-95 WITH THE AFOREMENTIONED GRANT OF PROBATION AND TIME IN JAIL. IT IS KNOWN FROM THE CII THAT DEFENDANT WAS RETURNED SHORTLY AFTER 2-27-95 TO STATE PRISON FOR VIOLATION OF PAROLE.)

2-20-96    LOS ANGELES SHERIFF'S OFFICE - 11550(A) HEALTH AND SAFETY CODE (UNDER THE INFLUENCE OF CONTROLLED SUBSTANCE) - 4-1-96, PLED NOLO 11550(A) HEALTH AND SAFETY CODE, 90 DAYS COUNTY JAIL.

3-4-96    LOS ANGELES POLICE DEPARTMENT - 11550(A) HEALTH AND SAFETY CODE - 3-11-96, CRIMINAL COMPLAINT FILED IN CASE NUMBER 6IW02569, CHARGING DEFENDANT WITH THREE COUNTS:  13.18.010 LAO, 11550(A) HEALTH AND SAFETY CODE AND 11364 HEALTH AND SAFETY CODE; 6-10-96 PLED NOLO 11550(A) HEALTH AND SAFETY CODE, 90 DAYS COUNTY JAIL; REMAINING COUNTS DISMISSED.

4-20-96    LOS ANGELES POLICE DEPARTMENT - 602(J) PENAL CODE (TRESPASS: INJURE PROPERTY) - 4-22-96, LOS ANGELES MUNICIPAL COURT, CASE NUMBER 6CR11522, CONVICTED 602(J) PENAL CODE, 12 MONTHS PROBATION, THREE DAYS JAIL; 136.1(B)(1) PENAL CODE DISMISSED IN THE FURTHERANCE OF JUSTICE.

4-23-96    LOS ANGELES POLICE DEPARTMENT - 602(J) PENAL CODE (TRESPASS) - 4-24-96, CASE NUMBER 6CR11714, CONVICTED COUNT 5:  602(J) PENAL CODE, TWO YEARS PROBATION, RESTITUTION; REMAINING COUNTS INCLUDING 602.1(A) PENAL CODE, 415 PENAL CODE, 647(C) PENAL CODE AND 148(A) PENAL CODE DISMISSED IN THE FURTHERANCE OF JUSTICE.

8-17-96    LOS ANGELES SHERIFF'S OFFICE - 11364 HEALTH AND SAFETY CODE (POSSESSION OF CONTROLLED SUBSTANCE PARAPHERNALIA) - 8-19-96, CONVICTED 13.18.010 LAO, THREE DAYS JAIL; 11364 HEALTH AND SAFETY CODE DISMISSED.

| | | |
|---|---|---|
| 1 | 9-8-96 | LOS ANGELES SHERIFF'S OFFICE - 11550(A) HEALTH AND SAFETY CODE (UNDER THE INFLUENCE OF A CONTROLLED SUBSTANCE) - 10-18-96, CASE NUMBER 6IW08852, PLED NOLO 11550(A) HEALTH AND SAFETY CODE, 90 |
| 2 | | DAYS COUNTY JAIL; 13.18.010 LAO DISMISSED. |
| 3 | 11-27-96 | LOS ANGELES SHERIFF'S OFFICE - 11550(A) HEALTH AND SAFETY CODE (UNDER THE INFLUENCE OF A CONTROLLED SUBSTANCE) - 1-6-97, CASE |
| 4 | | NUMBER 6IW11682, CONVICTED AS CHARGED, 120 DAYS COUNTY JAIL. |
| 5 | 1-3-97 | LOS ANGELES SHERIFF'S OFFICE - 11550(A) HEALTH AND SAFETY CODE (UNDER THE INFLUENCE OF CONTROLLED SUBSTANCE) - 1-6-97, CASE |
| 6 | | NUMBER 7IW00063, CONVICTED 11550(A) HEALTH AND SAFETY CODE, 120 DAYS COUNTY JAIL; 148.9(A) PENAL CODE DISMISSED. |
| 7 | 4-20-97 | LOS ANGELES SHERIFF'S OFFICE - 11550(A) HEALTH AND SAFETY CODE (UNDER THE INFLUENCE OF A CONTROLLED SUBSTANCE) - 5-12-97, CASE |
| 8 | | NUMBER 7IW03937, CONVICTED AS CHARGED, 90 DAYS JAIL. |
| 9 | 8-15-97 | LOS ANGELES SHERIFF'S OFFICE - 11350(A) HEALTH AND SAFETY CODE (POSSESSION OF A CONTROLLED SUBSTANCE) - 10-7-97, CASE NUMBER |
| 10 | | YA034031, CONVICTED 11350(A) HEALTH AND SAFETY CODE, IMPOSITION OF SENTENCE SUSPENDED, THREE YEARS PROBATION, 365 DAYS COUNTY |
| 11 | | JAIL; 11-16-98 VIOLATION/PROBATION REVOKED, COMMITTED TO STATE PRISON FOR A TERM OF THREE YEARS; PAROLED UNKNOWN DATE; |
| 12 | | VIOLATION/RETURNEE 11-15-00; VIOLATION/RETURNEE 6-5-01; LAST RELEASE NOTED 8-9-02, CDC NUMBER P20045. |
| 13 | | |
| 14 | | (THIS REFERS TO ONE OF THE ALLEGED PRIORS THAT IS TO BE DETERMINED.) |
| 15 | 9-28-00 | LOS ANGELES SHERIFF'S OFFICE - 422 PENAL CODE (CRIMINAL THREATS), 243(B) PENAL CODE (BATTERY ON A PEACE OFFICER), 3056 PENAL CODE - |
| 16 | | 10-4-00, CASE NUMBER 01IW07447, PLED NOLO 243(B) PENAL CODE, 30 DAYS COUNTY JAIL, 422 PENAL CODE DISMISSED. |
| 17 | | (ACCORDING TO THE INCIDENT REPORT, THE DEFENDANT WAS FOUND TO BE WANTED |
| 18 | | FOR PAROLE VIOLATION WITH A NO BAIL WARRANT AND THUS HE WAS DETAINED, HANDCUFFED, AND WHEN TOLD ABOUT THE PAROLE WARRANT, HE REPORTEDLY |
| 19 | | BECAME VERY ANGRY. HE BEGAN YELLING OBSCENITIES AT THE PATROL OFFICER, SPAT AT THE OFFICER, AND MADE VERBAL THREATS AND CONTINUED TO SPIT AT THE |
| 20 | | OFFICER FROM THE BACK SEAT OF THE PATROL CAR.) |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1-11-02    LOS ANGELES SHERIFF'S OFFICE - WARRANT - 3056 PENAL CODE, 243(B)
PENAL CODE, 594(B)(4) PENAL CODE - SEE BELOW.

(ACCORDING TO CII INFORMATION, THE DEFENDANT WAS RETURNED TO STATE PRISON
FOR PAROLE VIOLATION WITH A NOTED RELEASE OF 8-9-02. ACCORDING TO THE ARREST
REPORT DATED 1-11-02, POLICE APPROACHED THE DEFENDANT WHEN HE WAS
SUSPECTED OF LOITERING AND PANHANDLING AT A DONUT SHOP. ONCE IT WAS
DETERMINED THE DEFENDANT HAD A PAROLE WARRANT, THE OFFICERS CONTACTED
THE DEFENDANT AND HE WAS HANDCUFFED WITHOUT INCIDENT AND SEAT BELTED IN
THE BACK SEAT OF THE RADIO CAR. AT THAT POINT HE BEGAN SHOUTING OBSCENITIES,
MAKING THREATS TOWARDS THE DETAINING OFFICER, AND HE ENDED UP SPITTING ON
THE BACK OF THE HEAD OF THE OFFICER TRANSPORTING THE DEFENDANT. HE
MANAGED TO FREE HIMSELF FROM HIS SEATBELT, KICKED OUT AND SHATTERED THE
LEFT REAR PASSENGER WINDOW AT THE RADIO CAR AND HE WAS THEN TRANSFERRED
TO A DIFFERENT RADIO CAR BUT THIS TIME HAD A "SPIT HOOD" APPLIED. A NEW
CRIMINAL COMPLAINT APPEARS NOT TO HAVE BEEN FILED BUT SIMPLY NOTES THE
DEFENDANT BEING RETURNED ON THE PAROLE VIOLATION.)

12/17/2002 TUE 14:58 FAX 562 435 8523          LONG BEACH AREA OFFICE                        ☒011

PERSONAL HISTORY:

| | SOURCES OF INFORMATION (this page) |
| --- |
| DEFENDANT AND PROBATION RECORDS |

**SUBSTANCE ABUSE:**

_____    No record, indication, or admission of alcohol or controlled substance abuse.

_____    Occasional social or experimental use of \_\_\_\_\_ acknowledged.

\_\_X\_\_    See Additional Information below: Indication / admission of significant substance abuse problem.

Additional Information

       DURING THE PRESENT INVESTIGATION AND INTERVIEW WITH THE DEFENDANT, HE ADAMANTLY DENIED ANY USE OF ANY FORM OF CONTROLLED SUBSTANCE OR ALCOHOLIC BEVERAGE SINCE 1996. (IN THE DEFENDANT'S PRIOR CRIMINAL RECORD, THERE ARE NUMEROUS CASES FILED AGAINST THE DEFENDANT FOR BEING UNDER THE INFLUENCE AND/OR IN POSSESSION OF DRUGS.)

**PHYSICAL / MENTAL / EMOTIONAL HEALTH:**

_____    No indication or claim of significant physical / mental / emotional health problem.

\_\_X\_\_    See Additional Information below:  Indication / claim of significant physical / mental / emotional health problem.

Additional Information

       THE DEFENDANT CLAIMS HE'S HAD A PSYCHIATRIC EVALUATION DONE AND HE CLAIMS, "WHILE THEY SAY I'M CRAZY, THEY LIED ON ME."

12/17/2002 TUE 14:58 FAX 562 435 8523    LONG BEACH AREA OFFICE    ⓪012

| PERSONAL HISTORY: (CONTINUED) | SOURCES OF INFORMATION (this page) DEFENDANT AND PROBATION RECORDS | |
|---|---|---|

| RESIDENCE | TYPE RESIDENCE UNKNOWN | LENGTH OF OCCUPANCY UPON RELEASE | MORTGAGE/RENT N/A | RESIDES WITH/RELATIONSHIP NOT APPLICABLE |
|---|---|---|---|---|
| RESIDENTIAL STABILITY LAST FIVE YEARS POOR | | CAME TO STATE / FROM 1979/LOUISIANA | | CAME TO COUNTY / FROM 1979/LOUISIANA |

Additional Information

THE DEFENDANT CLAIMS THAT WHEN HE'S RELEASED THIS TIME HE'S GOING TO "GO OUT OF STATE." HE HAS ABSOLUTELY NO FAMILY IN THE AREA AND CLAIMS THAT PRIOR TO HIS ARREST, HE USUALLY "BOUNCED AROUND LIVING WITH SEVERAL DIFFERENT WOMEN."

| MARRIAGE / PARENTHOOD | MARITAL STATUS SINGLE | NAME OF SPOUSE / PRESENT COHABITANTS |
|---|---|---|
| LENGTH OF UNION | NO. OF CHILDREN THIS UNION ZERO | SUPPORTED BY |
| NO. PRIOR MARRIAGES/COHABITATIONS | NO. OF CHILDREN THESE UNIONS | SUPPORTED BY |
| NO. OF OTHER CHILDREN | SUPPORTED BY | |

Additional Information

FORMAL EDUCATION:    DEFENDANT CLAIMS HE WAS RAISED IN LOUISIANA AND QUIT SCHOOL IN THE ELEVENTH GRADE.

**PERSONAL HISTORY:**
**(CONTINUED)**

SOURCES OF INFORMATION (this page)
DEFENDANT

| EMPLOYMENT STATUS | ☐ EMPLOYED ☒ UNEMPLOYED | REFERRED TO WORK FURLOUGH ☐ YES ☒ NO | EMPLOYER AWARE OF PRESENT OFFENSE ☒ N/A ☐ YES ☐ NO |
|---|---|---|---|

| LAST EMPLOYER/ADDRESS/PHONE | OCCUPATION | PERIOD OF EMPLOYMENT | GROSS MONTHLY WAGE |
|---|---|---|---|
| SEE BELOW | - | - | - |

| | EMPLOYMENT STABILITY LAST 5 YEARS | TYPE OF PREVIOUS EMPLOYMENT |
|---|---|---|
| ☐ VERIFIED ☐ UNVERIFIED | - | - |

**Additional Information**

DEFENDANT CLAIMS TO HAVE AN ARRAY OF PHYSICAL AILMENTS,

INCLUDING "SPINAL PROBLEMS, PARTIAL PARALYSIS TO MY LEFT SIDE, AND HEARING LOSS."

DEFENDANT DID NOT MENTION ONE PREVIOUS EMPLOYER BUT INDICATED

THAT HE USUALLY "RECYCLES."

| FINANCIAL STATUS | INCOME STABILITY POOR | | NET MONTHLY INCOME ZERO |
|---|---|---|---|
| PRIMARY INCOME SOURCE NONE | SECONDARY INCOME SOURCE(S) NONE | EST. TOTAL ASSETS NONE | EST. TOTAL LIABILITIES NONE |

MAJOR ASSETS / ESTIMATED VALUE
NONE

MAJOR LIABILITIES / ESTIMATED AMOUNT (MONTHLY)
NONE

**Additional Information**

| GANG ACTIVITY | ☐ YES ☒ NO ☐ UNK | Name of Gang: |
|---|---|---|

- 12 -  (BLOODSAW)

DEFENDANT'S STATEMENT:

AS THIS IS A PRE-PLEA REPORT, THE ELEMENTS AND RELEVANT CIRCUMSTANCES OF THE OFFENSE WERE NOT DISCUSSED WITH THE DEFENDANT.

INTERESTED PARTIES:

ACCORDING TO REGIONAL RECORDS WITH THE DEPARTMENT OF CORRECTIONS, DEFENDANT WAS RELEASED FROM STATE PRISON AUGUST 9, 2002, ON CDC NUMBER P20045. DEFENDANT IS ACTIVE TO THE INGLEWOOD PAROLE OFFICE AND HIS PAROLE AGENT IS MR. WILLIAMS. HE HAS NOT BEEN AVAILABLE FOR COMMENT BUT JAIL BOOKING INFORMATION INDICATES A PAROLE HOLD IS IN FULL FORCE AND EFFECT.

EVALUATION:

THIS 44-YEAR-OLD HOMELESS MAN WITH NO DOCUMENTED RECORD OF EMPLOYMENT HAS BEEN IN AND OUT OF CUSTODY SINCE THE 1980'S. HIS CRIMINAL RECORD IS EXTENSIVE, NOTING AN ARRAY OF CHARGES INCLUDING BEING UNDER THE INFLUENCE OF DRUGS, BURGLARY, POSSESSION OF A CONTROLLED SUBSTANCE AS WELL AS TRESPASS AND ASSAULT.

GIVEN THE ALLEGED PRIORS, THERE IS A QUESTION AS TO THE DEFENDANT'S ELIGIBILITY FOR PROBATION TO BE DETERMINED BUT CERTAINLY THE DEFENDANT IS POORLY SUITED FOR COMMUNITY-BASED SUPERVISION. HE HAD BEEN OUT OF PRISON ALMOST THREE MONTHS EXACTLY WHEN HE WAS PICKED UP IN THE CASE NOW BEFORE THE COURT. DEFENDANT IN THIS CASE IS ALLEGED TO HAVE ASSAULTED A POLICE OFFICER, THREATENED THE ARRESTING OFFICERS WITH HARM, AND THE ELEMENTS AND RELEVANT CIRCUMSTANCES OF THE PRESENT CASE IS NOT UNLIKE SEVERAL OTHER PREVIOUS INCIDENTS INVOLVING THE DEFENDANT.

THE DEFENDANT CLEARLY SEEMS TO HAVE SOME FORM OF PSYCHIATRIC/ PSYCHOLOGICAL PROBLEMS THAT NEED TO BE ADDRESSED WHILE HE'S IN CUSTODY. PERHAPS THE DEPARTMENT OF CORRECTIONS MAY WISH TO HAVE THE DEFENDANT EITHER EVALUATED AND/OR PLACED IN A FACILITY SUCH AS VACAVILLE OR A SIMILAR INSTITUTION WHERE PERHAPS HE CAN RECEIVE THE PSYCHIATRIC COUNSELING AND INTERVENTION HE IS IN NEED

OF, BUT AT THIS JUNCTURE HE DOES APPEAR TO BE A THREAT TO OTHERS, SPECIFICALLY OFFICERS ATTACHED WITH THE LENNOX STATION.

## SENTENCING CONSIDERATIONS:

THERE IS A QUESTION AS TO THE DEFENDANT'S ELIGIBILITY FOR PROBATION WHICH THE COURT MUST ADDRESS.

### CIRCUMSTANCES IN AGGRAVATION:

1. THE CRIME INVOLVED GREAT VIOLENCE, GREAT BODILY HARM, THREAT OF GREAT BODILY HARM, OR OTHER ACTS DISCLOSING A HIGH DEGREE OF CRUELTY, VICIOUSNESS, OR CALLOUSNESS.

2. THE MANNER IN WHICH THE CRIME WAS CARRIED OUT INDICATES PLANNING, SOPHISTICATION, OR PROFESSIONALISM.

3. DEFENDANT HAS ENGAGED IN VIOLENT CONDUCT WHICH MAY INDICATE A DANGER TO SOCIETY.

4. DEFENDANT'S PRIOR CONVICTIONS AS AN ADULT ARE BOTH NUMEROUS AND OF INCREASING SERIOUSNESS.

5. DEFENDANT HAS SERVED PRIOR PRISON TERMS.

6. DEFENDANT WAS ON BOTH SUMMARY PROBATION AND PAROLE WHEN THE CRIME WAS COMMITTED.

7. DEFENDANT'S PRIOR PERFORMANCE ON BOTH PROBATION AND PAROLE HAS BEEN UNSATISFACTORY.

### CIRCUMSTANCES IN MITIGATION:

1. NONE.

IN THE ABSENCE OF ANY MITIGATING FACTORS AND IN A REVIEW OF THOSE IN AGGRAVATION, ONE CAN ONLY THINK THE HIGH-BASE TERM IS WARRANTED WITH A REFERRAL TO THE DEPARTMENT OF CORRECTIONS.

RECOMMENDATION:

1    SHOULD THE DEFENDANT BE CONVICTED OF CRIMINAL CHARGES, IT IS

2   RECOMMENDED THAT PROBATION BE DENIED AND DEFENDANT BE SENTENCED TO STATE

3   PRISON WITH PRE-IMPRISONMENT CREDIT OF 40 DAYS; THAT THE COURT ORDER THE

4   DEFENDANT TO PAY A RESTITUTION FINE PURSUANT TO 1202.4 PENAL CODE IN THE MANNER AS

5   DIRECTED BY THE COURT.

6

7   RESPECTFULLY SUBMITTED,

8   RICHARD SHUMSKY
    CHIEF PROBATION OFFICER
9

10

11  BY: [signature]
    MELANEY A. HARRIGAN, DEPUTY
    LONG BEACH AREA OFFICE
12  (562) 491-5835

13

14  READ AND APPROVED:                      I HAVE READ AND CONSIDERED THE
                                            FOREGOING REPORT OF THE PROBATION
15                                          OFFICER.

16

17  [signature]
    LARRY SUZUKAWA, SDPO                    _____
    (562) 491-5874                          JUDGE OF THE SUPERIOR COURT
18

19  SUBMITTED: 12-13-02
    TYPED: 12-13-02
20  MAH:RTBC (8)

21

22

23

24

25

26

27

28



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
CDC 128G (Rev. 12/91)

| | | | |
|---|---|---|---|
| NO: P-20045 | NAME: BLOODSAW, Theopric | | A4-226 |
| Custody: CLO B | CS: 85 (IV) | A2/B EFF 2/24/04 | Assignment: SS/FS WL |
| RelDate: EPRD 11/24/19 | | Reclass: 6/2005 | Action: REAFFIRM PLACEMENT ON SS/FS WL; PL ON ABE-I WL; CPP |

Inmate Bloodsaw was reviewed in absentia, per his own request, by PBSP FAC A UCC on this date for Annual Review. UCC notes S's RGPL is 3.3. S was interviewed by the CCI, and all pertinent information has been updated. S requested photocopies of 2 CDC 115's, but S has no funds available; he was advised that when he has funds, he may make another request. S made repeated statements that all CDC staff involved, were going to pay for their misdeeds against him (S perceived misdeeds on legal issues). S was advised that he could work on legal issues through the courts. **Committee acts to continue S in his present program at PBSP-IV GP, reaffirm placement on the SS/FS waiting lists, add to the ABE-I waiting list, and review and clear S for double celling.** At interview, S agreed with his current double cell assignment and stated he can be housed with non-affiliated Black ethnic groups. During the interview, S indicated he was willing to conduct himself as an individual and abstain from violence, participate in an education or work incentive program, and notify staff immediately of any enemy situation. Grooming standards were discussed, and S stated he was not willing to comply, by refusing to shave his beard, as grooming standards was another issue he was working on through the courts. S was advised that Title 15 required all I/M's to comply with grooming standards. S stated he would not comply. Classification score is reduced by 2 points, to a current Level-IV score of 85 points. Committee notes CDC 128C Mental Health Screening Chrono dated 3/1/04, denoting no level of care. DDP Review: CDC 128C-2 is in C-file. Restitution is required by Los Angeles County in the amount of $250; balance due is $250. There have been no changes in case factors since Initial Classification Chrono dated 3/2/04, unless noted above. S is advised, via this chrono, of Committee's decision and his right to appeal. Next reclass scheduled in 6/2005, for Annual Review.

CHAIRPERSON: D. BRADBURY/FC(A)                 S. WALCH/CCII(A)                 RECORDER: W. HALBERT/CCI

CC: ☐OBIS  ☐CSR  ☐IGI  ☑PSYCH  ☐MED  ☐C&PR  ☐OTHER _____          ☒128-C2 in C-file
Committee Date: 6/17/04          (HALBERT/jw)          Classification          FAC-A  UCC/REVIEW          Inst: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128G (Rev. 12/91)

NO:  P-20045          NAME:  BLOODSAW, Theopric          A4-226
Custody:  CLO B       CS:  85 (IV)      C/C EFF 7/14/04      Assignment:  UNA
RelDate:  EPRD 11/24/19            Reclass:  6/2005          Action:  UNA ABE-I/ESL EFF 7/14/04, WG/PG C/C EFF
                                                                       7/14/04; REMOVE SS/FS WL

Inmate Bloodsaw appeared before PBSP FAC A UCC on this date for Program Review. No staff assistant was assigned as S is not illiterate, speaks English, can comprehend the issues, and is free of mental health services needs. UCC notes S's RGPL is 3.3; therefore, effective communication was ensured by speaking slowly, using plain, simple English, and S appeared to understand. **Committee acts to unassign ABE-I/ESL effective 7/14/04, and establish WG/PG C/C effective 7/14/04.** S was advised that if at some point in time he wanted to return to school and be removed from C/C, to let the CCI know and it would take 3 to 4 weeks for the counselor to complete. Remove from SS/FS waiting list. Current classification score is 85 Level-IV points. S participated in Committee, acknowledged understanding, and agreed with Committee action after UCC explained all the consequences stating, "I do not want to attend school." Committee notes CDC 128C Mental Health Screening Chrono dated 3/1/04, denoting no level of care. DDP Review: CDC 128C-2 is in C-file. S was advised of Committee's decision and his right to appeal. S has been advised that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. Next reclass scheduled in 6/2005, for Annual Review.

CHAIRPERSON:  P. T. SMITH/FC          D. BRADBURY/CCII          T. ROBERTS/SCEP          RECORDER:  W. HALBERT/CCI

CC:  ☑OBIS  ☐CSR  ☐IGI  ☑PSYCH  ☐MED  ☐C&PR  ☐OTHER _____      ☐128-C2 in C-file
Committee Date: 7/29/04      (HALBERT/jw)          Classification          FAC-A  UCC/REVIEW          Inst:: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION
CDCR 128G (Rev. 12/91)

NO:   P-20045                      NAME:   BLOODSAW, Theopric              A2-125
Custody:   CLO B                   CS:   87 (IV)   C/C EFF 7/14/04         Assignment:   VUN
RelDate:   EPRD 12/24/19           Reclass:   6/2006                       Action:   CONTINUE PRESENT PROGRAM

Inmate Bloodsaw appeared before PBSP FAC A UCC on this date for Annual Review. Prior to Committee, CCI M. Thornton was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: Most current RGPL is less than 4.0. Committee effectively communicated with S as noted: Short sentences using simple English. Committee noted S has an RGPL of 3.3. **Committee acts to continue S in his present program at PBSP-IV GP, and clear for double celling, noting no history of in-cell violence.** Committee noted S has no cellmate and the "S" custody suffix has not previously been applied. **Committee acts to continue custody level at CLO B, with WG/PG C/C effective 7/14/04.** Grooming standards were discussed, and S stated he was willing to comply. Placement score is increased by 2 points, to a current Level-IV score of 87 points. S participated in Committee, acknowledged understanding, and agreed with Committee action, stating "I have no intention of going to school or having a cellie. I want a transfer for my hearing disability." UCC noted that ASU medical clinic, R.N. Reallon, stated "Everything we've received, the 1824 and 1845, have been completed and sent to Appeals or Medical Records." UCC noted that when pertinent copies are received, appropriate action will be taken by the CCI, if necessary. Committee notes CDC 128C Mental Health Screening Chrono dated 3/1/04, denoting no level of care. Committee noted S has 1 new 115(s) this Annual Review period. DDP Review: CDC 128C-2 is in C-file. There have been no changes in case factors since Initial Classification Chrono dated 3/2/04, unless noted above. S is eligible to work around computers, computer systems, or to be in areas that may have access to personal information, per PC 2702, PC 502, or PC 5071. PC 2930/2933 complied with. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. Next reclass scheduled in 6/2006, for Annual Review.

CHAIRPERSON:   D. SWEARINGEN/FC(A)              S. WALCH/CCII(A)              RECORDER:   W. HALBERT/CCI

                                                                             X 128-C2 in C-file
                                                                             Inst: PBSP

CC: ☐OBIS  ☐CSR  ☐IGI  ☐PSYCH  ☐MED  ☐C&PR  ☐OTHER _____
Committee Date: 6/9/05            (HALBERT/jw)       Classification        FAC-A  UCC/REVIEW

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
CDC 128G (Rev 12/91)

| | | |
|---|---|---|
| NO: P-20045 | NAME: BLOODSAW, Theopric | A2-118L |
| Custody: MAX | CS: 87 (IV) | D1/D EFF 6/10/05 |
| RelDate: EPRD 12/24/19 | | Reclass: 7/20/05 |

Assignment: ASU
Action: RETAIN A/S PEND RELEASE TO GP BED

Inmate Bloodsaw appeared before PBSP AD-SEG ICC on this date for Initial Review. Prior to ICC, C/O K. Ruben was assigned as staff assistant and was present during Committee, as S is illiterate. An investigative employee was not required. Witnesses were not requested per CCR, Title 15, Sections 3338(h) and (l). Committee notes S was placed in AD-SEG on 6/10/05, for the following reason(s): Due to lack of available bed space in GP. **Committee acts to retain in AD-SEG pending release to GP bed, and establish custody level at MAX, with WG/PG D1/D effective 6/10/05.** S participated in Committee, acknowledged understanding, and disagreed with Committee action. ICC notes CDC 128C Madrid Exclusionary Chrono dated 3/1/04, denoting no level of care. LCSW D. Roy was present during this Committee action. When S was questioned regarding his current mental health status, he advised Committee he did not have Psych concerns at this time. S has been reviewed and assigned to the walk-alone yard. S is cleared for double celling. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. Next reclass scheduled on 7/20/05, for AD-SEG Review.

*Refer to ucc chrono dated 10/18/05 cci N. Thieser*

CHAIRPERSON: R. KIRKLAND/WARDEN          P. T. SMITH/FC          D. ROY/LCSW          N. Shouster RECORDER: N. THREM/CCII

CC: ☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐C&PR ☐OTHER _____          ☐ 128-C2 in C-file
Committee Date: 6/22/05     (N. THREM/jw)     Classification     AD-SEG -ICC/REVIEW          Inst: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION
CDCR 128G (Rev. 12/91)

NO:  P-20045
Custody:  CLO BS
RelDate:  EPRD 12/24/19

NAME:  BLOODSAW, Theopric
CS:   87 (IV)    C/C EFF 8/3/05
Reclass:   6/2006

Assignment:  U/A
Action:  AFFIX "S" SUFFIX; RETAIN C/C

HSG:   A2-109L

Inmate Bloodsaw appeared before PBSP FAC A UCC on this date for Program Review. Prior to Committee, D. Melton was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: CCCMS level of care, and S's current RGPL is 4.0 or less. Committee effectively communicated with S as noted: Short sentences using simple English. Committee noted S has an RGPL of 3.3. Effective communication was achieved, and S appeared to understand. This Program Review is being held for the two following reasons: (1) Review for "S" suffix placement; and (2) Address prior D1/D and/or C/C status. S was asked if he was willing to take a cellie and program, and S stated, "No." Committee noted S has no cellmate and the "S" custody suffix has not previously been applied. **Committee acts to affix the "S" suffix, due to S adamantly refusing to take a cellie and program.** S was advised that the "S" suffix can be taken off when he decides to program and adhere to CDC rules and regulations of double celling. Committee notes that ICC of 6/22/05, assigned S to WG/PG D1/D when placed in AD-SEG. Per memo of 9/17/04, any I/M who is placed in AD-SEG while on C/C status shall be assigned to WG/PG D2/D. This shall be assigned whether or not the move was adverse or non-adverse. **Committee acts to clear this error and make S D2/D effective 6/10/05 through 8/2/05, then C/C 8/3/05 until present UCC.** As S is adamantly refusing to program, **Committee acts to retain S on WG/PG C/C.** Committee further acts to continue custody level at CLO BS, with WG/PG C/C effective 8/3/05. S participated in Committee, acknowledged understanding, and agreed with Committee action, stating, "I refuse to take a cellie. I'm telling you straight up, I'm a Crip." S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. Next scheduled Committee will be in 6/2006, for Annual Review.

CHAIRPERSON:  D. SWEARINGEN/FC(A)

S. WALCH/CCII(A)

RECORDER:  M. THORNTON/CCI

CC: ☐OBIS  ☐CSR  ☐IGI  ☐PSYCH  ☐MED  ☐C&PR  ☐OTHER _____
Committee Date:  10/18/05    (THORNTON/jw)    Classification    FAC-A  UCC/REVIEW

☒128-C2 in C-file
Inst: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G (Rev. 12/91)

NO: P-20045                    NAME: BLOODSAW, Theopric
Custody: CLO B                CS:   93 (IV)          C/C Eff. 07/14/04
RelDate: EPRD 12/24/2019                             Reclass: 01/03/07

Housing:  B8-209
Assignment: BMU
**Action:  REAFFIRM PLACEMENT IN BMU FOR 90 DAYS.
RETAIN  ON  STEP# 1  OF  ITP.   CONTINUE
C/C EFFECTIVE 07/14/04.  D/C CLEAR.**

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for Program Review.  Committee notes CDC 128C, Madrid Exclusionary, dated 03/01/04, denoting no level of care.  DDP Review: 128C-2 in Central File.  Prior to Committee Correctional Officer Thom was assigned as a staff assistant and was present during Committee.  The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less.  Committee notes S has a RGPL of 3.3.  Effective communication was achieved using short sentences and simple English and S appeared to understand.  Committee notes that S has received disciplinaries dated 10/17/06, 11/14/06, 11/16/06, and 11/21/06, for Refusing to Attend BMU Classes.  S additionally received a 128A dated 10/25/06 for Refusing to Accept a Cellie during this 30 day review. Placement score is a current Level IV score of 93 points.  Mandatory minimum score of 19 is noted for VIO.  S was advised to notify staff immediately of any enemy situation which may arise.  S is approved for 270 design facilities.  **Committee acts to reaffirm S in the BMU program for 90 days and retain on Step # 1 of Individual Treatment Plan (ITP) for 30 days based on S's nonparticipation in the required BMU classes and not remaining disciplinary free.  Committee also acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody.  S was reviewed and cleared for double celling.**  S was advised of his ITP which includes the basic requirement that he remain disciplinary free for 90 days prior to any consideration for his release from BMU and his completion of the selected behavior modification assignments.  S participated in Committee, acknowledged understanding and disagreed with Committee action, stating "What about my 602's. I will see you all in Court."  UCC explained that his appeals were being processed and that he needed to follow the BMU program requirements to be released to the general population.  S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071.  PC 2933 and 2930 complied with.  S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, Classification chrono, or not.  Next scheduled Committee will be on 01/03/07 for Program Review.  Next scheduled Annual Committee will be in 06/2007.

CHAIRPERSON: G. BELL/FC (A)          S. WALCH/CCII          S. ROBERTS/EDUCATION          RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date:   11/29/06      (MELTON/ew)      Classification      **BMU**/UCC      PROGRAM REVIEW      Inst: **PBSP**

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G (Rev. 12/91)

NO: P-20045          NAME: BLOODSAW, Theopric          BED/CELL: B8 –209
Custody: CLO B          CS: 93 (IV)          C/C EFF: 07/14/04          Assignment: BMU
RelDate: EPRD 12/24/2019          Reclass: 01/31/07          Action:     **REAFFIRM BMU PLACEMENT. RETAIN STEP # 1 OF ITP FOR 30 DAYS. CONTINUE WG/PG C/C EFFECTIVE 07/14/04. D/C CLEAR.**

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for 30 day Program Review. Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File and is clear noting NCF. Committee notes S has RGPL of 3.3. Committee notes S has RGPL of 3.5. Prior to Committee Correctional Officer Thorn was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less. Effective communication was achieved using short sentences and simple English, and S appeared to understand. S was advised to notify staff immediately of any enemy situation that may arise. Grooming standards and Pelican Bay State Prison (PBSP) BMU expectations were discussed. S can be housed with Black ethnic groups. Committee notes S is cleared for double celling per PBSP's current double celling criteria, although he refuses to accept a cellie. S is approved for 270' design facilities. Placement score is noted to be 93 Level IV points. Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure per the CCR, Title 15, Section, 3000.** Committee notes S has received RVR's dated 12/12/06, 12/15/06, 12/26/06, and 212/29/06, for Refusing to Participate in BMU classes during this 30 day period. S has failed to meet the necessary requirements of Step # 1; therefore, is not eligible to graduate to Step # 2. **Step # 1 Privileges** include, but are not limited to:

❖ WG/PG C/C status.

❖ Emergency telephone call only.

❖ One-quarter the monthly canteen draw allowance, not to exceed $ 45.00.

❖ A minimum of 10 hours out-of-cell time per week, which includes, dayroom, workshops (ITP classes), and self-help group activities as limited by physical design and local institution security and facility needs.

❖ Non-contact visits, if eligible; and with approved visitors only.

❖ If the inmate meets the goals of the ITP he will graduate to step # 2.

**Committee acts to reaffirm S's placement in the BMU program and retain Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days. Committee further acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody. S was reviewed and cleared for double celling, noting no history of in-cell violence.** S participated in Committee, acknowledged understanding, and disagreed with Committee action, stating "I am nobody's child. I am 48 years old. I'm not going to the classes; I have a choice not to go!" S has been advised that he must remain disciplinary free and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the general population (GP). S's case will be reviewed by UCC, in approximately 30 days for future program modifications. S is eligible to work around computers, computer systems, or to be in areas that may have access to personal information, per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 has been complied with. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, classification chrono, or not. Next scheduled 30 day Program Review will be on 01/31/07. Next scheduled Annual Review will be in 06/07.

CHAIRPERSON: J. ROBERTSON/FC (A)          J. BROWMAN/CCII (A)          S. ROBERTS/EDUCATION          RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER_____

Committee Date: 01/03/07          (MELTON/ew)          Classification          BMU/UCC          PROGRAM REVIEW          Inst: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G (Rev. 12/91)

| | | | |
|---|---|---|---|
| CDCR#: P-20045 | NAME: BLOODSAW, Theopric | | Housing: B8-209L |
| Custody: CLOB | CS: 93 (IV) | C/C Eff. 07/14/04 | Assignment: BMU STEP #1 |
| Rel Date: EPRD 12/24/2019 | | Reclass: 02/27/07 | Action:  **REAFFIRM BMU PLACEMENT 90 DAYS. RETAIN ON STEP # 1 30 DAYS. CONTINUE WG/PG C/C EFF. 07/14/04.  D/C CLEAR** |

Inmate **Bloodsaw** refused to appear before PBSP FAC-B Behavior Modification Unit (BMU) UCC on this date for 30 Day Program Review. Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File and is clear noting NCF. Committee notes S has an RGPL of 3.3. Prior to Committee, Correctional Officer J. Thom was assigned as Staff Assistant, interviewed S at least 24 hours prior to UCC, per CCR, Title 15, Section, 3315(d)(2)(A) and was present during Committee. The Staff Assistant was assigned based on S 's current RGPL is 4.0 or less. S is advised, via this chrono, to notify staff immediately of any enemy situations that may arise.  Grooming standards and Pelican Bay State Prison (PBSP) expectations were discussed.  S is cleared for double celling per PBSP's current double cell policy, and can be celled with Black ethnic groups, although he refuses to accept a cellie. Committee further notes that S has no current cellmate, and the "S" custody suffix has not been previously applied. S is approved for 270' design facilities.  Placement score is noted to be 93 Level IV points. Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure defined by the CCR, Title 15, Section, 3000.**  Committee notes that since S's prior 30 day Program Review, he received RVR dated 01/22/07, for Recurring Failure to Meet Program Expectations.  S has also refused to participate in the required BMU ITP classes, dated, 01/18/07 and 01/19/07.  Based on the above information, UCC is in mutual agreement that S has not met the necessary requirements of Step # 1, and therefore, is not eligible to graduate to Step #2.  **Step # 1 Privileges include, but are not limited to:**

- ❖ WG/PG, C/C status for approximately 30 days.
- ❖ Emergency telephone calls only.
- ❖ One-quarter (1/4) the monthly canteen draw allowance, not to exceed $45.00.
- ❖ A minimum of 10 hours out-of-cell time per week, which may include dayroom, workshops (ITP classes) and self-help-group activities, as limited by physical design and local institution security and facility needs.
- ❖ Non-contact visits, if eligible; with approved visitors only.

**Committee acts to reaffirm S's placement in the BMU program and retain on Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days.  Committee also acts to continue WG/PG, C/C status effective 07/14/04, and continue at CLOB custody.  S was reviewed and cleared for double-celling, noting no history of in-cell violence.** S is advised, via this chrono, that he must remain disciplinary free, including any 128-A Counseling Chronos, and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the General Population (GP).  S's case will be reviewed in approximately 30 days to establish future program modifications.  S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 have been complied with.  S was advised, at the completion of UCC, via the staff assistant, of Committee's decision and his right to appeal, and S appeared to understand.  Next 30 day Program Review will be on 02/27/07. Next Annual Review in 06/07.

CHAIRPERSON:  M. FOSS/AFC        J. ROBERTSON/CCI I        S. ROBERTS/EDUCATION        RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date: **01/30/07**   (MELTON)    Classification    **BMU**/UCC    **PROGRAM REVIEW**    Inst: **PBSP**

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

NO:      P-20045       NAME BLOODSAW, THEOPRIC                          HSG:      ASU E1
Custody:  MAX          PS: 119    Level: IV    WG/PG: D1/D    EFF:  09/13/07   Assignment:  ASU MERD 04/12/08
Rel Date:  EPRD 09/02/202'  Reclass:  03/05/2008  Action:  FORFEIT 90-DAYS GCC MAX, MERD 04/12/08; REFER TO CSR RX TX EXTENSION
BPH Rev:   0                                      TO PBSP SHU

RECOMMENDED ACTION:  Refer to CSR recommending transfer extension to PBSP-SHU.

ADMINISTRATIVE PLACEMENT FACTORS:  Inmate BLOODSAW refused to appear and was reviewed in absentia by PBSP AD-SEG, ICC on this date for Subsequent Review.

ADMINISTRATIVE PLACEMENT DUE PROCESS:

DISCUSSION:  Committee notes S is currently endorsed for transfer to PBSP-SHU to serve a determinate SHU term due to RVR dated 04/12/07, Battery on a Peace Officer.  Committee elects to forfeit 90-days of Good Conduct Credit due to RVRs dated 10/25/07, Disrespect without Potential for Violence and RVR dated 10/03/07, Refusal to Obey Orders, resulting in a MAX MERD 04/12/08.  Committee also notes the transfer for PBSP SHU will expire on 12/07/07. STAFF ASSISTANCE:  More than 24 hours prior to Committee, Correctional Officer D. Harlow was assigned as SA.  The SA was assigned as S has no documented reading level or his reading level is below 4.0.

MENTAL HEALTH REVIEW:  ICC notes 128-C, dated 05/21/07, noting S is not a participant in the MHSDS level of care.  S does not meet PBSP-SHU exclusionary criteria.

DA ACTION:  N/A

CELL STATUS:  S is cleared for double celling.

YARD STATUS:  Committee acts to place S on Walk Alone Yard Status, Individual Exercise Yard, based upon case factor review.

COMMITTEE ACTION:  Committee acts to refer to the CSR recommending transfer extension to PBSP-SHU.  This is an adverse transfer.  Upon transfer, S's custody will be MAX, WG/PG D1/D effective 09/13/07, and single cell housing will not be required.

INMATE COMMENTS:  Did not appear.

APPEAL RIGHTS:  As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:    F. JACQUEZ/CDW                              RECORDER:      S. O'DELL/CCII

COMMITTEE MEMBERS:    M. FOSS/CAPT.          J. PASCOE/PHD

DATE:    12/05/2007
                        ASU INSTITUTIONAL CLASSIFICATION COMMITTEE              Inst.: PBSP





Case 5:08-cv-01696-JF   Document 3   Filed 04/11/2008   Page 86 of 123

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (REV 10/98)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
WHITE - CENTRAL FILE
CANARY - WARDEN
BLUE - INMATE (2ND COPY)
PINK - HEALTH CARE MGR OR
GREEN - ASU
SECOND BLUE - INMATE (2ND COPY)

| INMATE NAME | CDC NUMBER |
|---|---|

REASON(S) FOR PLACEMENT (PART A)

- [ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
- [ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
- [ ] ENDANGERS INSTITUTIONAL SECURITY   [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

- [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)   [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|

| [ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|

ADMINISTRATIVE REVIEW (PART B)

STAFF ASSISTANT (SA)    INVESTIGATIVE EMPLOYEE (IE)

| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE NAME | TITLE |
|---|---|---|---|

IS THIS INMATE:

- LITERATE? [ ] YES [ ] NO
- FLUENT IN ENGLISH? [ ] YES [ ] NO
- ABLE TO COMPREHEND ISSUES? [ ] YES [ ] NO
- FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? [ ] YES [ ] NO
- DECLINING FIRST STAFF ASSISTANT ASSIGNED? [ ] YES

- EVIDENCE COLLECTION BY IE NECESSARY? [ ] YES [ ] NO
- DECLINED ANY INVESTIGATIVE EMPLOYEE? [ ] YES [ ] NO
- ASU PLACEMENT IS FOR DISCIPLINARY REASONS [ ] YES [ ] NO
- DECLINING 1ST INVESTIGATIVE EMPLOYEE ASSIGNED [ ] YES

ANY "NO" REQUIRES SA ASSIGNMENT    ANY "NO" MAY REQUIRE IE ASSIGNMENT

[ ] NOT ASSIGNED    [ ] NOT ASSIGNED

INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER  [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |

WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |

DECISION: [ ] RELEASE TO UNIT/FACILITY  [ ] RETAIN PENDING ICC REVIEW  [ ] DOUBLE CELL  [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (IF NECESSARY) | | CORRECTIONAL ADMINISTRATOR'S SIGNATURE | | DATE OF REVIEW |

**DATE FAXED:** 04-17-07

CCOMS:NO  GPL:3.3

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

*FPRD*

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 5.28.2070 PBSP | | B8-101L | B07-04-0031 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005 ( C ) | BATTERY ON A PEACE OFFICER | B8-101L | 04-12-07 | 1855 HOURS |

CIRCUMSTANCES

**On** 4-12-07 at approximately 1855 hours officer T. Holmes and I were attempting to issue inmate BLOODSAW P-20045, B8-101L, his legal mail in the B8 officer's station. Inmate BLOODSAW seemed to be agitated when he entered the officer station, Holmes and I attempted to counsel BLOODSAW on his behavior. BLOODSAW was not receptive to the counseling and started yelling "FUCK YOU, FUCK YOU WHITE MOTHERFUCKERS, YOU CAN SUCK MY DICK." Holmes and I gave BLOODSAW a direct order to return back to his cell. I escorted BLOODSAW back to A-section, he was still yelling and cursing, when approximately 2 feet from A-section door he turned left into a bladed stance. I ordered BLOODSAW to get down, instead BLOODSAW took a step toward me. I grabbed BLOODSAW by the front of his shirt with my right hand and wrapped my left arm around his upper body pulling BLOODSAW down. With the help of officer Holmes, we placed BLOODSAW on the floor in a prone position. BLOODSAW continued to fight, refusing numerous orders to cuff up. I pulled BLOODSAWS' right arm behind his back, so Holmes could place hand cuffs on BLOODSAW. At this time BLOODSAW kicked me in the right knee while we were trying to gain control and place handcuffs and leg irons on him.

This inmate is not EOP or Crisis Bed.  Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The reviewing supervisor has concluded that a

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ T. THOM *P. Thom* | 4.17.07 | B8 FLOOR #2 | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| ▶ A, NAVARRO, SGT | 54/17/07 | |

DATE 5/13-07  LOC. A 2. 2026

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | B | 04/17/07 | ▶ P. TERRY, LT *Rot.l.* | ☐ HO ☒ SHO ☐ SC ☐ FC |
| ☒ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ R. MILLS, C/O | 4/18/07 | 12ᴾ | 7219 × 1 |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ R. MILLS, C/O | 4/18/07 | 123ᴾ | ▶ R. MILLS, C/O | 4/18/07 | 12³ᴾ |

HEARING

Pep. B08· 07.04 ·0144

(SEE ATTACHED HEARING SUMMARY)

Mental Health Assessment is not required.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| J. DIGGLE, LT | ▶ | 2ʰ-07 | 1930 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ M. FOSS, FACILITY CAPTAIN | | M.A. COOK, A.W. (G.P.) | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | | 04/27/07 | 730 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 3005(c) | 04-12-07 | PBSP | B07-04-0031 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT [X] YES [ ] NO

## POSTPONEMENT OF DISCIPLINARY HEARING

[X] I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution.　INMATE'S SIGNATURE　▶ refused　DATE

[ ] I REQUEST my hearing be postponed pending outcome of referral for prosecution.　INMATE'S SIGNATURE　▶　DATE

DATE NOTICE OF OUTCOME RECEIVED　DISPOSITION

[ ] I REVOKE my request for postponement.　INMATE'S SIGNATURE　▶　DATE

## STAFF ASSISTANT

STAFF ASSISTANT
[X] REQUESTED  [ ] WAIVED BY INMATE　INMATE'S SIGNATURE ▶ refused　DATE
[X] ASSIGNED  DATE 4-14-07  NAME OF STAFF R. Mills  c/o REASSIGNED TO C/O LEVEQUE  4-20-07
[ ] NOT ASSIGNED  REASON

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE
[ ] REQUESTED  [X] WAIVED BY INMATE　INMATE'S SIGNATURE ▶ X refused　DATE
[ ] ASSIGNED  DATE  NAME OF STAFF
[X] NOT ASSIGNED  REASON DNMC Per 3315 (d) (1)

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
[ ] REPORTING EMPLOYEE  [ ] STAFF ASSISTANT  [ ] INVESTIGATIVE EMPLOYEE  [ ] OTHER  [X] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
|  | [ ] | [ ] |  | [ ] | [ ] |
|  | [ ] | [ ] |  | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|

[ ] COPY OF CDC 115-A GIVEN INMATE　BY: (STAFF'S SIGNATURE)　TIME　DATE

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                        PAGE    1    OF    2

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER B07-04-0031 | INSTITUTION PBSP | TODAY'S DATE 4/23/07 |
|---|---|---|---|---|

☐SUPPLEMENTAL    ☑CONTINUATION OF:    ☐CDC 115 CIRCUMSTANCES    ☑HEARING    ☐I.E .REPORT    ☐OTHER

**Hearing**: On 04-21-2007 at approximately 1930 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O C. Speaker and C/O J. Keeling) to his refusal was completed.

**District Attorney**: Per the California Department of Corrections (CDC) Form 115-A, BLOODSAW was advised by the Staff Assistant prior to this disciplinary hearing that this has been referred for possible prosecution and that he can postpone his hearing pending resolution of prosecution. The Staff Assistant informed him that any statements could be used against him in a court of law. There is no reason to believe that BLOODSAW signed a written postponement request.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, Correctional Officer C. Leveque, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Officer Leveque confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape and photographic evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 04-12-2007 as well as the Incident report.

**Finding**: Guilty of the Div. B (1) offense BATTERY ON A PEACE OFFICER. *Battery* means the deliberate use of force or violence on the person of another. Battery includes intentionally striking the person of another as well as the clothing or any object closely associated with that person. If the battery is unintentional, the inmate remains responsible if it is the result of reckless indifference. *Reckless indifference* means that any reasonable person committing the intended action would understand that battery was probable. This offense also requires that the victim of this battery qualify as a peace officer. In general, this means custody, counseling, administrative and MTA staff members. This finding is based upon the following preponderance of evidence:

A. The testimony of Correctional Officer J. Thom, in the disciplinary report of 04-12-2007, wherein Officer Thom testifies that on 04-12-2007, at approximately 1855 hours, He and Officer Holmes were issuing legal mail to BLOODSAW from the floor officer's station. BLOODSAW seemed agitated when he entered the officer's station. Officer Thom and Officer

| SIGNATURE OF WRITER J. DIGGLE | | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 4/23/07 | |
|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 042707 | TIME SIGNED: 1300 |

4

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                        PAGE   2   OF   2

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER B07-04-0031 | INSTITUTION PBSP | TODAY'S DATE 4/23/07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

Holmes attempted to counsel BLOODSAW on his behavior.  BLOODSAW was not receptive, and started yelling, "Fuck you, fuck you, you white motherfuckers, you can suck my dick."  Officer Thom and Officer Holmes gave BLOODSAW a direct order to return to his cell.  Officer Thom escorted BLOODSAW back to A section.  BLOODSAW was still yelling and cursing, when approximately two feet from the A section door he turned left into a bladed stance.  Officer Thom ordered BLOODSAW to get down.  Instead, BLOODSAW took a step toward Officer Thom.  Officer Thom grabbed BLOODSAW by the front of his shirt with his right hand and wrapped his left hand around BLOODSAW's upper body, pulling BLOODSAW down.  With the help of Officer Holmes, they placed BLOODSAW on the floor in the prone position. BLOODSAW continued to fight, refusing numerous orders to submit to handcuffs.  Officer Thom pulled BLOODSAW's right hand behind his back so Officer Holmes could place handcuffs on BLOODSAW.  BLOODSAW kicked Officer Thom in the right knee while the officers were trying to restrain him.

B.   The 837C Crime / Incident report written by  Correctional Officer T. Holmes, where Officer Holmes states that at some point during the incident, he sustained an injury to his right ring finger.  The 7219 Medical Report of Injury reflects that Officer Holmes had swelling to his right ring finger.

C.   The fact that BLOODSAW kicked Officer Thom in the right knee clearly supports the charge of battery.

**Disposition:** Assessed **150 day** credit forfeiture for this Div. B offense.  Referred to classification for SHU assessment. BLOODSAW is referred to CCR §3084.1 and following for additional information on appeal procedures.

**Additional penalties:** None

| SIGNATURE OF WRITER J. DIGGLE | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 4/23/07 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE    GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 042707 | TIME SIGNED: 1300 |



State of California

# Memorandum

Date  :  May 4, 2007

# DA REFERRAL
## (DETAINER)

To    :  M. D. Yax
         Associate Warden
         Central Services

From  :  Department of Corrections and Rehabilitation
         Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P20045,** committed the following violation of the California Penal Code Section:

      **69**          **Resisting or Deterring an Officer**

      **4501.5**     **Battery Upon a Person not a Prisoner**

As of May 4, 2007, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.


T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
       Facility S&E
       Records
       Inmate
       CLO File

7

State of California

# Memorandum

Date  :  June 7, 2007

# DA ACCEPTED

To    :  M. D. Yax
         Associate Warden
         Central Services

From  :  Department of Corrections and Rehabilitation
         Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject :  **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the
California Penal Code Section:

**69**        **Resisting or Deterring an Officer**

**4501.5**    **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte County District Attorney's Office for
possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State
Prison that their office issued a complaint charging the above named inmate with the following
violation of the Penal Code Section:

**COUNT I    4501.5 Battery Upon a Person not a Prisoner**

**COUNT II  69      Resisting or Deterring an Officer**

You will be apprised of the outcome of this case.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
       Facility S&E
       Records
       Inmate
       CLO File

6

DA# 07040144                          Agency:  PBSP                    5/31

SPACE BELOW FOR USE OF COURT CLERK ONLY

DISTRICT ATTORNEY
County of Del Norte
450 H Street #171
Crescent City, California
Phone (707) 464-7210

SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
DEL NORTE JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF CALIFORNIA

                        Plaintiffs,

        vs.

THEOPRIC BLOODSAW, P-20045

                        Defendant.

**COMPLAINT**

Att: ~~Alexandra~~
Alexander
Court ~~E 7~~ Date 6-14-07

The DISTRICT ATTORNEY of the County of Del Norte, State of California, hereby charges the DEFENDANT with having committed, in the County of Del Norte, the crime of:

COUNT 1.
BATTERY ON CORRECTIONAL OFFICER, in violation of Section 4501.5 of the Penal Code, a felony.
        On or about April 12, 2007, the Defendant did willfully and unlawfully being a person confined in a state prison of this state, commit a battery upon the person of Correctional Officer J. Thom , an individual who is not himself a person confined therein. (Kicked in Knee)

COUNT 2.
RESISTING EXECUTIVE OFFICER, in violation of Section 69 of the Penal Code, a FELONY.
        On or about April 12, 2007, the Defendant did willfully, unlawfully and knowingly resist executive officers, to-wit: Correctional Officers J. Thom and T. Holmes, in the performance of their duty by the use of force and violence .

7

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY,** in violation of section 667.5(b) of the Penal Code.

It is further alleged that Defendant was, on the 17th day of September, 1997, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Possession of a Controlled Substance, a felony, in violation of section 11350(a) of the Health and Safety Code, case number YA034031, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY,** in violation of section 667.5(b) of the Penal Code.

It is further alleged that Defendant was, on the 4th day of April, 2003, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Assault on a Peace Officer, a felony, in violation of section 245(c) of the Penal Code, case number YA053506, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION, within the meaning of Penal Code sections 1170.12 and 667(b) through 667(i) inclusive.**

It is further alleged that said defendant was convicted on the 4th day of April, 2003, of Criminal Threats, in violation of section 422 of the Penal Code, in Los Angeles County, State of California, within the meaning of Penal Code sections 1170.12 and 667(b) to 667(i) inclusive.

I so swear, under penalty of perjury, on May 25, 2007, at Crescent City, California, that the foregoing is true and correct on information and belief.

8

1   MICHAEL D. RIESE
    DISTRICT ATTORNEY
2   Courthouse - 450 H Street
    Crescent City, CA 95531
3   Telephone: (707) 464-7210

FILED

MAY 3 0 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

4              SUPERIOR COURT, OF CALIFORNIA

5                  COUNTY OF DEL NORTE

6

7   PEOPLE OF THE STATE OF CALIFORNIA,        CASE NUMBER:
              Plaintiff,                       CRPB07-5089

8                                             ORDER FOR TRANSPORT
        vs.                                   VIDEO

9
    THEOFRIC BLOODSAW, P-20045               COURT DATE: May 31, 2007
10           Defendant.                       TIME: 8:00 a.m.

11  TO THE WARDEN OF PELICAN BAY STATE PRISON:

12      IT IS HEREBY ORDERED that Theofric Bloodsaw, P-20045, be produced in the Superior
13  court for prosecution or examination for an offense triable in the Superior court, and that Pelican Bay
    State Prison is to transport said person to the Video Arraignment Room located at Pelican Bay State
14  Prison, on May 31, 2007 at 8:00 a.m., for arraignment or other proceedings.

    IT IS FURTHER ORDERED that said inmate continue to be transported for appearances at the Del
15  Norte County courthouse, Crescent City, Calif. until the conclusion of his case.

16  DATED:_____ MAY 3 0 2007        _____
                                      JUDGE OF THE SUPERIOR COURT
17                                    WILLIAM H FOLLETT

18

19

20

'5

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART A1 – COVER SHEET
CDCR 837 – A  (Rev. 07/05)

PAGE 1 OF 5

| INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|
| PBP-B08-07-04-0144 | April 12, 2007 | 1855 hours |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | | | | USE OF FORCE |
|---|---|---|---|---|---|---|---|---|
| PBSP | B | ☐ I ☐ II ☐ III ☒ IV | B-8 | Rotunda | ☐ ASU ☐ SNY ☒ GP | ☐ SHU ☐ PHU ☐ RC | ☐ PSU ☐ CTC | SEG YARD ☐ ASU ☐ WA ☐ RM / ☒ YES ☐ NO |

**SPECIFIC CRIME / INCIDENT**
BATTERY ON A PEACE OFFICER
☒ CCR ☐ PC ☐ N/A  NUMBER/SUBSECTION: 3005 (c)

| D.A REFERRAL ELIGIBLE ☒ YES ☐ NO | CRISIS RESPONSE TEAM ACTIVATED ☐ YES ☒ NO | MUTUAL AID REQUESTED ☐ YES ☒ NO | PIO/AA NOTIFIED ☒ YES ☐ NO |
|---|---|---|---|

RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL ☐ NATURAL | ☐ ON INMATE | ☒ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION ☐ UNKNOWN | ☒ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER | ☐ SUICIDE | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ OVERDOSE | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | ☐ N/A | ☐ SLASHING | ☐ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE | | | | |
|---|---|---|---|---|---|---|---|
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE TYPE: | | WEAPON: WARNING# EFFECT# | | | TYPE: NO: | |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | ☐ MINI 14 | | | BATON ROUND | |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | | | WOOD | |
| ☐ OTHER | ☐ FIREARM | ☐ INMATE MANUFACTURED | ☐ 9MM | | | RUBBER | |
| | ☒ HANDS / FEET | WEAPON | ☐ SHOTGUN | | | FOAM | |
| | ☐ KNIFE | | LAUNCHER: | | | STINGER: | |
| ☒ N/A | ☐ SAP/SLUNG SHOT | | ☐ 37MM | | | .32 (A) | |
| | ☐ PROJECTILE | | ☐ L8 | | | .60 (B) | |
| ESCAPES | ☐ SPEAR | | ☐ 40MM | | | EXACTIMPACT | |
| | ☐ SLASHING INSTRUMENT: (TYPE) | | ☐ 40 MM MULTI | | | CTS 4557 | |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT: (TYPE) | | ☐ HFWRS | | | XM 1006 | |
| ☐ W/O FORCE | ☐ OTHER: | | FORCE: | | | CHEMICAL: | |
| ☐ ATTEMPTED | ☐ BODILY FLUID ☐ OTHER FLUID | | ☐ EXPANDABLE BATON | | | ☐ OC | |
| | ☐ UNKNOWN LIQUID | | ☒ PHYSICAL FORCE | | | ☐ CN | |
| ☒ N/A | ☐ N/A | | ☐ X10 | | | ☐ CS | |
| | | | ☐ OTHER: | | | ☐ N/A | |

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITIVE UA | ☐ WITH PACKAGING | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ CONTROLLED MEDS | ☐ WITHOUT PACKAGING PRELIMINARY LAB | ☐ LOCKDOWN ☐ STATE OF EMERGENCY | ☐ ENVIRONMENTAL HAZARD ☐ EXPLOSION | ☐ SEARCH WARRANT ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITUATES | | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | | PROGRAMS | ☐ HOSTAGE | |
| ☐ CODEINE | | | ☐ INMATE STRIKE | EXTRACTION: |
| ☐ HEROIN | | | ☐ MAJOR DISTURBANCE | ☐ CONTROLLED |
| ☐ MARIJUANA/THC | | | ☐ MAJOR POWER OUTAGE | ☐ IMMEDIATE |
| ☐ METHAMPHETAMINE | | | ☐ NATURAL DISATER | |
| ☐ MORPHINE | | | ☐ PUBLIC DEMONTRATION | |
| ☐ OTHER: | | ☒ N/A | ☐ SPECIAL INTEREST I/M | ☒ N/A |
| ☒ N/A | | | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Thursday, April 12, 2007 at approximately 1855 hours, Inmate BLOODSAW, P-20045, B8-101L, battered staff by attempting to break escort and resisting staff, necessitating the use of physical force to gain compliance. While staff was attempting to restrain BLOODSAW, BLOODSAW kicked Officer J. Thom in the right knee.

SUSPECTS: BLOODSAW, P-20045, B8-101L

VICTIMS: Officer J. Thom, Officer T. Holmes

COMPLETE SYNOPSIS / SUMMARY ON PART A1
Reviewed By:  Facility Captain M. Foss

| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |

*6*

| STATE OF CALIFORNIA **PART A1 – SUPPLEMENT** CDCR 837 – A1 (07/05) | | | PAGE | 2 | OF | 5 | DEPARTMENT OF CORRECTIONS AND REHABILITATION INCIDENT LOG NUMBER PBP-B08-07-04-0144 |

| INSTITUTION Pelican Bay State Prison | FACILITY B | INCIDENT DATE April 12, 2007 | INCIDENT TIME 1855 hours |

TYPE OF INFORMATION
☒ SYNOPSIS/SUMMARY OF INCIDENT   ☐ SUPPLEMENTAL INFORMATION   ☐ AMENDED INFORMATION   ☐ CLOSURE REPORT

NARRATIVE:

BLOODSAW was in the B8 Officer's station getting his legal mail when he became verbally abusive to staff. B8 Floor staff ordered BLOODSAW to return to his cell. As BLOODSAW was being escorted back to his cell, he turned and assumed a bladed stance. Officer Thom ordered BLOODSAW to get down, BLOODSAW refused and lunged towards Officer Thom. Officer Thom and Officer Holmes utilized physical force to get BLOODSAW into the prone position on the ground. During this time, BLOODSAW kicked Officer THOM in the right knee.

**ESCORTS:** Officers C. Chapman and T. Wadsworth escorted BLOODSAW from B8 to the B Facility Hobby Shop Holding Cell #1.

**MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION:** Inmate BLOODSAW was not a participant in the Mental Health Delivery System at the time of this incident.

**MEDICAL REPORTS/INJURIES TO STAFF:** MTA J. Keys medically evaluated Officer J. Thom and prepared a CDC 7219 noting the following: pain in the right knee, an abrasion/scratch to the left wrist and right thumb. MTA Keys medically evaluated Officer T. Holmes and noted the following: a swollen right ring finger.

**MEDICAL REPORTS/INJURIES TO INMATES:** MTA Keys medically evaluated BLOODSAW and prepared a CDC 7219 noting the following: Dried blood on the left nostril and lower lip, pain in the neck and left knee.

**CRIME SCENE/EVIDENCE:** A crime scene was not established and no evidence was collected from this incident.

**USE OF FORCE:** Officers J. Thom, T. Holmes and L. Northrup utilized physical force to gain control of BLOODSAW.

**STATUS OF VIDEOTAPED INTERVIEW:** BLOODSAW was offered a video interview due to the injury to his lip. A video interview will be conducted on April 13, 2007.

**CONCLUSION:** Inmate BLOODSAW will be charged under the California Code of Regulations (CCR), Title 15, Section 3005 (c), specifically BATTERY ON A PEACE OFFICER. This case has been referred to the Del Norte County District Attorneys Office for possible felony prosecution.

**NOTIFICATIONS:** The Administrative Officer of the Day, Associate Warden M. Cook was notified of this incident through the Watch Commander's Office. The Warden and all appropriate administrative staff were notified of this incident through the Watch Commander's Office. CCPOA Chapter President R. Newton was notified of this incident through the Watch Commander's Office. You will be notified of any changes, should they occur, through supplemental reports.

**OVERTIME:** There was no overtime incurred as a result of this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1            Reviewed By: Facility Captain M. Foss

| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |

Incident number:    PBP-B08-07-04-0144

Inmates charged with a disciplinary offense related to this incident will not receive a copy of the CDC 837-B as part of the evidence for their disciplinary hearing.

Per the memorandum of June 11, 1998 CLARIFICATION OF REQUIRED REPORTS FOR CALIFORNIA DEPARTMENT OF CORRECTIONS FORM 115, RULE VIOLATION REPORT HEARINGS, it is not required that the inmate receive a copy of the 837-B as part of his prehearing documents. A list of the participants may be substituted. This is the list of participants authorized by that memorandum.

| BLOODSAW | P-20045 | TUPY, R. | Correctional Lieutenant |
| | | PEPIOT,A. . | Correctional Sergeant |
| | | CHAPMAN,C. . | Correctional Officer |
| | | HOLMES,T. . | Correctional Officer |
| | | NORTHRUP,L. . | Corrrectional Officer |
| | | SILVA,J. . | Correctional Officer |
| | | THOM,J. . | Correctional Officer |
| | | WADSWORTH,T. . | Correctional Officer |
| | | KEYS,J. . | MTA |

*18*

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| PAGE | 1 | OF | 1 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|---|---|---|---|---|

| NAME: LAST Pepiot | FIRST A. | MI L. | INCIDENT DATE 4-12-07 | INCIDENT TIME 1855 Hours |
|---|---|---|---|---|

| POST # 370376 | POSITION Facility B Program Sergeant | YEARS OF SERVICE 5 Years 06 Months | DATE OF REPORT 4-12-07 | LOCATION OF INCIDENT B 8 Rotunda |
|---|---|---|---|---|

| RDO's F/S | DUTY HOURS 1400-2200 | DESCRIPTION OF CRIME / INCIDENT Battery on Peace Officer | CCR SECTION / RULE 3005 (c) ☐ N/A |
|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | (s) C/O J. Thom | (s) MTA J. Keys | (s) BLOODSAW P-20045 | B8-101L |
| ☒ RESPONDER | (s)C/O T. Holmes | | | |
| ☐ WITNESS | (s) C/O L. Northrup | | | |
| ☐ VICTIM | (s) C/O C. Chapman | | | |
| ☐ CAMERA | (s) C/O T. Wadsworth | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|
| ☐ WEAPON | | | | | |
| ☐ PHYSICAL | NO: | NO: | TYPE: | TYPE: | |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | | ☐ OC | |
| ☒ NONE | ☐ 9 MM | ☐ 40 MM | | ☐ CN | |
| FORCE OBSERVED | ☐ 38 CAL | ☐ L8 | | ☐ CS | |
| BY YOU | ☐ SHOTGUN | ☐ 40 MULTI | | ☐ OTHER: | |
| ☐ WEAPON | | ☐ HFWRS | | | |
| ☐ PHYSICAL | ☒ N/A | ☐ BATON | | ☒ N/A | |
| ☐ CHEMICAL | | | | | |
| ☒ NONE | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN ☐ OTHER | ☒ NO |

NARRATIVE:

On Thursday, April 12, 2007, while assigned as the "B" Facility program Sergeant, I responded to an alarm in building B-8, at approximately 1855 hours. I arrived to find an inmate and three officers on the floor in the rotunda. The inmate later identified as BLOODSAW P-20045, housed in B-8 cell 101L was in a prone position being held down by Correctional officers J. Thom, T. Holmes and L. Northrup. C/O Thom was on BLOODSAW'S right side, C/O Holmes was on BLOODSAW'S left side and C/O Northrup was holding BLOODSAW'S legs. C/O C. Chapman placed leg irons on BLOODSAW'S legs. Thom and Holmes helped BLOODSAW to his feet where C/ O's Chapman and Wadsworth then took over the escort. BLOODSAW was then escorted to the B yard hobby shop and placed in holding cell number (1) one. Medical Technical Assistant J. Keys then performed a 7219 medical report on BLOODSAW. BLOODSAW was then taken to the (CTC) Correctional Treatment Center for further evaluation and released back to the yard to be re-housed. BLOODSAW was re-housed into B-7 cell 127L and CTQ'D Confined to Quarters pending placement into Administrative Segregation.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF A. Pepiot | TITLE Sergeant. | BADGE # 64308 | | DATE 4-12-07 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |

*19*

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C – STAFF REPORT**
CDCR 837-C (Rev. 07/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE | 1 | OF | 2 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|------|---|----|----|----|

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|------------|-------|----|----|----|
| HOLMES | T. | R. | 04/12/07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|--------|----------|------------------|----------------|----------------------|
| 371628 | B8 FLOOR OFFICER | 4 Years 5 Months | 04/12/07 | B8 ROTUNDA |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|-------|-----------|----------------------------------|--------------------|------|
| S/S | 1400-2200 | BATTERY ON A PEACE OFFICER | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|-----------|------------------------------------------------|--|----------------------------------------------------------|--|
| ☐ PRIMARY | (S) C/O J. THOM | (S)C/O T. WADSWORTH | (S) BLOODSAW | (P20045, B8-101L) |
| ☒ RESPONDER | (S) C/O L. NORTHRUP | (S) C/O  J. SILVA | | |
| ☐ WITNESS | (S) C/O C. CHAPMAN | | | |
| ☐ VICTIM | (S) SGT. A. PEPIOT | | | |
| ☐ CAMERA | | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | | CHEMICAL AGENTS USED BY YOU | | |
|-------------------|--------------------------------|--|--|--|--|------------------------------|--|--|
| ☐ WEAPON | | | | | | | | |
| ☒ PHYSICAL | | NO: | | NO: | TYPE: | | TYPE: | |
| ☐ CHEMICAL | ☐ MINI-14 | | ☐ 37 MM | | | ☐ OC | | |
| ☐ NONE | ☐ 9 MM | | ☐ 40 MM | | | ☐ CN | | |
| FORCE OBSERVED | ☐ 38 CAL | | ☐ L8 | | | ☐ CS | | |
| BY YOU | ☐ SHOTGUN | | ☐ 40 MULTI | | | ☐ OTHER: | | |
| ☐ WEAPON | | | ☐ HFWRS | | | | | |
| ☒ PHYSICAL | ☒ N/A | | ☐ BATON | | | ☒ N/A | | |
| ☐ CHEMICAL | | | | | | | | |
| ☐ NONE | | | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---------------------------|---------------------|---------------------|------------|-----|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301 / 3067 COMPLETED |
|-------------------------|-----------------------|--------------------------------------|----------------|--|----------------------------|
| ☒ YES | | | ☐ BODILY ☒ N/A | | ☒ YES |
| ☐ NO | SPRAINED RIGHT RING FINGER ☐ N/A | B-FACILITY MEDICAL CLINIC ☐ N/A | ☐ UNKNOWN ☐ OTHER _____ | | ☐ NO |

NARRATIVE:

ON THURSDAY, 4/12/07 AT APPROXIMATELY 1855 HOURS, WHILE CONDUCTING LEGAL MAIL ISSUE IN THE B8 FLOOR OFFICERS STATION, I ASKED CONTROL BOOTH OFFICER J. SILVA TO HAVE INMATE (I/M) BLOODSAW (P20045, B8-101L) REPORT TO THE OFFICE TO RECEIVE HIS LEGAL MAIL. I/M BLOODSAW REPORTED TO THE OFFICE AND APPEARED TO BE AGGITATED. I TOLD BLOODSAW TO SIGN FOR HIS LEGAL MAIL. BLOODSAW SAID "FUCK YOU WHITE MOTHERFUCKER. SUCK MY DICK". I/M BLOODSAW THEN SIGNED FOR HIS LEGAL MAIL. SENSING BLOODSAW'S AGGITATION, I ORDERED BLOODSAW TO RETURN TO HIS CELL. BLOODSAW BECAME VERBALLY ABUSIVE AND CONTINUED HIS VERBAL ASSAULT. CORRECTIONAL OFFICER (C/O) J. THOM SAID "YOU NEED TO TAKE IT BACK TO YOUR HOUSE" AND STOOD UP FROM HIS CHAIR INSIDE THE OFFICE. C/O J. THOM THEN BEGAN TO ESCORT BLOODSAW TOWARDS THE "A" SECTION DOOR. I THEN HEARD C/O J. THOM YELL "GET DOWN" FROM WHAT SOUNDED LIKE THE ROTUNDA AREA NEAR THE "A" SECTION DOOR. I IMMEDIATELY RESPONDED TO THE ROTUNDA NEAR THE "A" SECTION DOOR AND SAW I/M BLOODSAW STANDING IN A BLADED STANCE FACING C/O J. THOM. I SAW C/O J. THOM ATTEMPT TO GRASP BLOODSAW AROUND HIS UPPER TORSO AREA. I GRASPED BLOODSAW WITH MY LEFT HAND AROUND BLOODSAW'S LEFT

✼ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|------------------------------|-------|---------|------|
| *J. Holmes* | C/O | 66538 | 4/12/07 |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |
|----------------------------------------------|---------------|---------------------|----------------------------------|------|

30

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C1 – SUPPLEMENT
CDCR 837-C1  (Rev. 07/05)

| PAGE | 2 | OF | 2 | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | | MI |
|---|---|---|---|
| | | | |

TYPE OF INFORMATION

☒ CONTINUATION OF REPORT    ☐ ADDITIONAL INFORMATION    ☐ CLARIFICATION REQUEST

NARRATIVE

UPPER ARM AND PLACED MY RIGHT HAND (PALM OPEN) ONTO BLOODSAW'S UPPER BACK AREA. I SAW THAT C/O J. THOM HAD POSITIONED HIMSELF NEAR MYSELF AND I/M BLOODSAW. C/O J. THOM APPEARED TO HAVE AHOLD OF BLOODSAWS UPPER BACK AREA. USING A DOWNWARD PULLING MOTION WITH MY LEFT ARM AND STRENGTH, I PULLED BLOODSAW DOWN TO THE ROTUNDA FLOOR WITH THE HELP OF C/O J. THOM'S PULLING MOTION. AS WE BROUGHT BLOODSAW TO THE FLOOR, BLOODSAW WAS IN THE PRONE POSITION. I COULD FEEL BOTH OF BLOODSAW'S LEGS KICKING REPEATEDLY IN VERY FORCEFUL FORWARD AND BACKWARD MOTIONS AS HE WAS LAYING ON THE GROUND. I ORDERED BLOODSAW TO STOP KICKING. BLOODSAW DID NOT COMPLY WITH MY ORDERS AND CONTINUED TO KICK. I THEN RETRIEVED MY HANDCUFF RESTRAINTS AND ORDERED BLOODSAW TO "CUFF UP". BLOODSAW'S HANDS WERE POSITIONED NEAR HIS FACE AREA. BLOODSAW DID NOT COMPLY WITH MY ORDER TO CUFF UP AND USED HIS OWN STRENGTH TO MAINTAIN HIS HAND POSITIONING. I USED MY LEFT HAND TO GRAB AHOLD OF BLOODSAW'S LEFT WRIST AND USED A REAR PULLING MOTION TO GUIDE BLOODSAW'S LEFT ARM BEHIND HIS BACK. I APPLIED ONE HANDCUFF RESTRAINT TO BLOODSAW'S LEFT WRIST AND MAINTAINED CONTROL OF HIS LEFT LOWER ARM AREA WITH MY LEFT HAND. BLOODSAW WAS TRYING TO PULL HIS LEFT ARM BACK UP TOWARDS HIS FACE AREA IN A CLEAR ATTEMPT OF NON-COMPLIANCE, ALL THE WHILE STILL ATTEMPTING TO KICK. I LOOKED BACK AND SAW THAT C/O L. NORTHRUP HAD RESPONDED TO THE INCIDENT AND WAS NOW USING HIS BODY-WEIGHT TO MAINTAIN CONTROL OF BLOODSAW'S LOWER LEGS. I THEN SAW THAT C/O J. THOM HAD PULLED BLOODSAW'S RIGHT ARM BEHIND HIS BACK AND I WAS ABLE TO APPLY THE RIGHT HANDCUFF RESTRAINT ONTO BLOODSAW'S RIGHT WRIST AREA. I THEN SAW RESPONDING STAFF ARRIVING INTO THE B8 ROTUNDA AREA. I HEARD SERGEANT A. PEPIOT SAY TO TAKE BLOODSAW TO THE HOBBY SHOP. C/O J. THOM AND I STOOD BLOODSAW TO HIS FEET. C/O T. WADSWORTH AND C/O C. CHAPMAN THEN RELIEVED C/O J. THOM AND I ON THE ESCORT AND ESCORTED BLOODSAW OUT OF THE B8 ROTUNDA TOWARD THE B-YARD HOBBY SHOP.    AFTER THE INCIDENT WAS COMPLETED, I REPORTED TO THE B-FACILITY MEDICAL CLINIC TO BE EVALUATED FOR AN APPARENT SPRAIN TO MY RIGHT RING FINGER, SUSTAINED AT AN UNKNOWN TIME DURING THE INCIDENT.  THIS ENDS MY INVOLVEMENT IN THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | | DATE |
|---|---|---|---|---|
| *signature* | C/O | 66538 | | 4/12/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | | | |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _1_ OF _2_

| INCIDENT LOG NUMBER |
|---|
| PBP-08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Northrup | L | W | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371620 | B-7 floor | 4 Years 10 Months | 4-12-07 | B-8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ |
|---|---|---|---|---|
| S/S | 14-2200 | Battery on Peace Officer | 3005 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | Sgt. A. Peprot (S) | |
| ☒ RESPONDER | C/o T. Holmes (S) | |
| ☐ WITNESS | C/o J. Thom (S) | |
| ☐ VICTIM | C/o C. Chapman (S) | |
| ☐ CAMERA | C/o T. Wadsworth (S) | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | | NO: | | NO: | TYPE: | TYPE: |
| ☒ PHYSICAL | | | | | | |
| ☐ CHEMICAL | ☐ MINI-14 ___ | ☐ 37 MM ___ | | | ☐ OC ___ | |
| ☐ NONE | ☐ 9 MM ___ | ☐ 40 MM ___ | | | ☐ CN ___ | |
| | ☐ 38 CAL ___ | ☐ L8 ___ | | | ☐ CS ___ | |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN ___ | ☐ 40 MULTI ___ | | | ☐ OTHER: ___ | |
| ☐ WEAPON | | ☐ HFWRS | | | | |
| ☒ PHYSICAL | ☒ N/A | ☐ BATON | | | ☒ N/A | |
| ☐ CHEMICAL | | | | | | |
| ☐ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☒ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

**NARRATIVE:** On 4-12-07 at approximately 1855 hours, I was working as B-7 floor officer. I was in B-8 talking with Correction Officer C/o T. Holmes while he was conducting legal mail pass when inmate (Ym) Bloodsaw, P-20045 came down to the office for his legal mail. C/o Holmes and C/o J. Thom also were counseling him on his behavior earlier in the day. As the conversation progressed, Bloodsaw became increasingly louder and belligerant while arguing. He began to yell obscenities at C/o thom stating "Suck my dick" and "fuck you". At this point C/o Holmes gave Bloodsaw a direct order to "take it back home" As Bloodsaw turned to go back to "A" section he continued

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J.W. [signature] | C/o | 65647 | 4-12-07 |

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE

22

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE 2 OF 2

INCIDENT LOG NUMBER
PBP-08-07-04-0144

NAME: LAST Northrup    FIRST L    MI W

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

NARRATIVE: to yell obsenities so C/o Thom followed him out the door toward "A" section to ensure he went strait back to his cell. I began talking to C/o Holmes, still inside the office, when I heard C/o Thom yell "get down". I immediately ran out of the office behind C/o Holmes and observed C/o Thom and I/m Bloodsaw clenched together struggling. C/o Holmes was in front of me and grabbed Bloodsaws upper body area and assisted in taking Bloodsaw to the ground. While on the ground Bloodsaw continued resisting by kicking his feet up and down and back and forth. C/o Thom and C/o Holmes were struggling with Bloodsaws upper body so I grabbed his feet in an attempt to subdue them. Bloodsaw continued to attempt to kick me so I placed my full upper body weight on his legs. I heard C/o Holmes order Bloodsaw to "Cuff up" "give me your arm" and continued to struggle before placing him in handcuffs. As responding staff arrived I began yelling for someone to get me some leg irons. C/o C. Chapman then stepped forward and placed Bloodsaw in leg irons. I then heard Sergeant A. Pepiot say "get him up, take him to the hobby shop." C/o Holmes was on his left side with C/o Thom on his right side. They assisted Bloodsaw to his feet when C/o Chapman and C/o T. Wadsworth took over the escort. They escorted Bloodsaw out of B.B. this concludes my involvement in this incident.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF        TITLE C/o        BADGE #        DATE

5

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _1_ OF _2_

| INCIDENT LOG NUMBER |
|---|
| PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Thom | James | C | 4.12.07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 271630 | B8 Activities | 15 Years 1 Months | 4.12.07 | B8- Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/S/H | 0600/1400 | Battery on a Peace Officer | 3005 (C) ☐ |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | (S) C/O T. Holmes | (S) I/m Bloodsaw F20045 |
| ☐ RESPONDER | (S) C/O C. Chapman | |
| ☐ WITNESS | (S) C/O T. Wadsworth | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|
| ☐ WEAPON | **NO:** | **NO:** | **TYPE:** | **TYPE:** | |
| ☒ PHYSICAL | ☐ MINI-14 ___ | ☐ 37 MM ___ | | ☐ OC ___ | |
| ☐ CHEMICAL | ☐ 9 MM ___ | ☐ 40 MM ___ | | ☐ CN ___ | |
| ☐ NONE | ☐ 38 CAL ___ | ☐ L8 ___ | | ☐ CS ___ | |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN ___ | ☐ 40 MULTI ___ | | ☐ OTHER: ___ | |
| ☐ WEAPON | | ☐ HFWRS ___ | | | |
| ☒ PHYSICAL | ☒ N/A | ☐ BATON ___ | | ☒ N/A | |
| ☐ CHEMICAL | | | | | |
| ☐ NONE | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☒ YES | Cut on right Hand and left wrist, Pain in right | | ☐ BODILY ☒ N/A | ☒ YES |
| ☐ NO | ☐ N/A Knee | ☐ N/A | ☐ UNKNOWN | ☐ NO |
| | | | ☐ OTHER: | |

**NARRATIVE:** On 4.12.07 at approximately 1855 hours Correctional Officer T. Holmes and I were attemping to issue inmate Bloodsaw his legal mail in the B8 officer station. I/m Bloodsaw seemed agitated when he entered the office. C/O Holmes and I both tried to counsel Bloodsaw on his earlier behavior. Bloodsaw was not receptive to the counseling and started yelling Fuck you, Fuck you you white motherfuckers, you can suck my dick. C/O Holmes gave Bloodsaw a direct order to take it back to his cell. Bloodsaw left the office still yelling and cussing. I was escorting Bloodsaw back to A section, when approximately 2 feet befor the section door Bloodsaw turned left into a bladed stance. I ordered

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J. C. Thom | C/O | 45669 | 4.12.07 |

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE

4

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __2__ OF __2__

INCIDENT LOG NUMBER
PBP-D08-07-04-014

| NAME: LAST | FIRST | MI |
|---|---|---|
| Thom | James | C |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE: Bloodsaw to get down, instead Bloodsaw took A step towards me. I grabbed Bloodsaw by the front of his shirt with my right hand and wrapped my left Arm around his upper body pulling ~~down~~ Bloodsaw down with the help of C/o Holmes we placed Bloodsaw on the floor in a prone position. Bloodsaw continued to fight refusing numerous orders to cuff up. I pulled Bloodsaw's right Arm behind his back so C/o Holmes could place Bloodsaw in Handcuffs. It should be noted that befor the leg irons were placed on Bloodsaw's legs he Kicked me in the right Knee. C/o's C. Chapman and T. Wadsworth escorted Bloodsaw to the Hobby shop. I was seen by medical staff for injuries to my hands and right Knee. A 7219 Form was completed. This ends my involvement in this incident

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J. C. Thom | C/o | 45669 | 4.12.07 |

'S

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __1__ OF __2__

INCIDENT LOG NUMBER: PBP-BOP-07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| SILVA | J- | B. | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371580 | B8 CONTROL | 4 Years ___ Months | 4-12-07 | B8 ROTUNDA |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| F/S | 14-2200 | BATTERY ON PEACE OFFICER | 3005 (C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM      (S) C. CHAPMAN | (S) BLOODSAW P-20045 |
| ☐ RESPONDER | (S) T. HOLMES | |
| ☒ WITNESS | (S) L. NORTHRUP | |
| ☐ VICTIM | (S) T. WADSWORTH | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | CHEMICAL AGENTS USED BY YOU |
|---|---|---|
| ☐ WEAPON | NO:          NO:    TYPE: | TYPE: |
| ☐ PHYSICAL | | |
| ☐ CHEMICAL | ☐ MINI-14 ___   ☐ 37 MM ___ | ☐ OC |
| ☒ NONE | ☐ 9 MM ___   ☐ 40 MM ___ | ☐ CN |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL ___   ☐ L8 ___ | ☐ CS |
| ☐ WEAPON | ☐ SHOTGUN ___   ☐ 40 MULTI ___ | ☐ OTHER: |
| ☐ PHYSICAL | ☐ HFWRS | |
| ☐ CHEMICAL | ☒ N/A   ☐ BATON | ☒ N/A |
| ☒ NONE | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☐ N/A | ☐ N/A | ☐ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

**NARRATIVE:**

ON 4-12-07, I WAS ASSIGNED AS B8 CONTROL BOOTH OFFICER. AT APPROXIMATELY 1855 HOURS, I OPENED CELL 101 WHO IS OCCUPIED BY INMATE BLOODSAW P-20045 TO COME TO THE OFFICERS' STATION TO PICK UP HIS LEGAL MAIL. BLOODSAW WAS USING PROFANITY (FUCK YOU, SUCK MY DICK) WHILE TALKING WITH OFFICERS; J. THOM, T. HOLMES AND NORTHRUP. AS BLOODSAW LEFT THE OFFICERS' STATION, OFFICER THOM WAS COUNSELING BLOODSAW ABOUT BEING DISRESPECTFUL AND YELLING. AS I WAS BY A SECTION CONTROL PANEL OPENING BLOODSAW'S CELL DOOR, I HEARD OFFICER THOM SAYING "GET DOWN!" THEN, I LOOKED DOWN INTO THE ROTUNDA AND I SAW OFFICER THOM WITH OFFICERS HOLMES AND NORTHRUP

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | C/O | 67266 | 4-12-07 |

TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE

?6

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE _2_ OF _2_

| INCIDENT LOG NUMBER |
| PBP-B C8-07-04-0144 |

| NAME: LAST | FIRST | MI |
| SILVA | J. | B |

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE:

ON THE GROUND TRYING TO CONTROL BLOODSAW. I IMMEDIATELY ACTIVATED MY PERSONAL ALARM AND WENT TO THE YARD DOOR PANEL AND OPEN THE YARD DOOR FOR RESPONDING STAFF TO ASSIST IN RESTRAINING BLOODSAW. OFFICER CHAPMAN ASKED ME FOR LEG RESTRAINS WHICH, HE APPLIED TO BLOODSAW'S ANKLES. AFTER BLOODSAW WAS IN RESTRAINS, HE WAS ESCORTED TO THE HOBBY SHOP ON B YARD BY OFFICERS; CHAPMAN AND WADSWORTH. THIS CONCLUDED MY INVOLVEMENT WITH THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|  | C/O |  | 4-12-07 |

*27*

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __1__ OF __1__

INCIDENT LOG NUMBER: PBP-B08-07-04-014

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| CHAPMAN | C. | J | 04·12·07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371568 | B-5 Control | 4 Years 2 Months | 04·12·07 | BRAVO - 8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | |
|---|---|---|---|---|
| S/S | 14-22 | BATTERY ON PEACE OFFICER | 3005 (C) | ☐ |

**YOUR ROLE** | **WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)** | **INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)**

| YOUR ROLE | WITNESSES | INMATES |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM C/O | (S) BLOODSAW   P-20045 |
| ☒ RESPONDER | T. HOLMES C/O | |
| ☐ WITNESS | L. NORTHRUP C/O | |
| ☐ VICTIM | T. WADSWORTH C/O | |
| ☐ CAMERA | | |

**FORCE USED BY YOU**
- ☐ WEAPON
- ☐ PHYSICAL
- ☐ CHEMICAL
- ☒ NONE

**FORCE OBSERVED BY YOU**
- ☐ WEAPON
- ☐ PHYSICAL
- ☐ CHEMICAL
- ☒ NONE

**WEAPONS AND SHOTS FIRED BY YOU**

NO: _____   NO: _____   TYPE: _____

- ☐ MINI-14 _____   ☐ 37 MM _____
- ☐ 9 MM _____   ☐ 40 MM _____
- ☐ 38 CAL _____   ☐ L8 _____
- ☐ SHOTGUN _____   ☐ 40 MULTI _____
- ☐ HFWRS _____
- ☒ N/A   ☐ BATON

**CHEMICAL AGENTS USED BY YOU**

TYPE: _____

- ☐ OC _____
- ☐ CN _____
- ☐ CS _____
- ☐ OTHER: _____
- ☒ N/A

**EVIDENCE COLLECTED BY YOU**
- ☐ YES
- ☒ NO

| EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|
| ☒ N/A | ☒ N/A | ☐ YES  ☒ NO | ☐ YES  ☒ NO |

**REPORTING STAFF INJURED**
- ☐ YES
- ☒ NO

| DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|
| ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A<br>☐ UNKNOWN<br>☐ OTHER: _____ | ☐ YES  ☒ NO |

**NARRATIVE:** ON 04·12·07 AT APPROXIMATLY 1855 HOURS, I RESPONDED TO AN ALARM IN B-8. UPON ENTERING THE ROTUNDA I SAW AN INMATE LATER IDENTIFIED AS BLOODSAW P-20045 B8-101L ON THE GROUND IN RESTRAINTS. OFFICER J. THOM WAS HOLDING DOWN BLOODSAW'S UPPER BODY ON THE RIGHT SIDE OF BLOODSAW. C/O T. HOLMES WAS HOLDING DOWN BLOODSAW'S UPPER LEFT SIDE. C/O L. NORTHRUP WAS HOLDING DOWN BLOODSAWS LEGS. I PLACED LEG IRONS ON BLOODSAW AND C/O T. WADSWORTH AND I ESCORTED BLOODSAW TO B-HOBBY SHOP AND PLACED HIM HOLDING CELL NUMBER ONE. THIS CONCLUDES MY REPORT.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 67045 | DATE 04·12·07 |
|---|---|---|---|
| C. Chapman | C/O | 67045 | 04·12·07 |

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE

'8

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __2__

INCIDENT LOG NUMBER
PBP. B08-07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| WADSWORTH | T | P | 4-12-07 | 1855 |

| POST # 37/621 | POSITION B7 Floor #2 | YEARS OF SERVICE 12 Years 10 Months | DATE OF REPORT 4-12-07 | LOCATION OF INCIDENT B8 ROTUNDA |
|---|---|---|---|---|
| ~~271579~~ | | | | |

| RDO's S/S | DUTY HOURS 1400-2200 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON A PEACE OFFICER | CCR SECTION / RULE 3005 (c) ☐ |
|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM c/o | (S) BLOODSAW   P-20045 |
| ☒ RESPONDER | (S) T. HOLMES c/o | B8-101L |
| ☐ WITNESS | (S) L. NORTHRUP c/o | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|
| ☐ WEAPON | NO: | NO:    TYPE: | TYPE: |
| ☐ PHYSICAL | ☐ MINI-14 _____ | ☐ 37 MM _____ _____ | ☐ OC _____ |
| ☐ CHEMICAL | ☐ 9 MM _____ | ☐ 40 MM _____ _____ | ☐ CN _____ |
| ☒ NONE | ☐ 38 CAL _____ | ☐ L8 _____ _____ | ☐ CS _____ |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN _____ | ☐ 40 MULTI _____ _____ | ☐ OTHER: _____ |
| ☐ WEAPON | | ☐ HFWRS _____ | |
| ☐ PHYSICAL | ☒ N/A | ☐ BATON _____ | ☒ N/A |
| ☐ CHEMICAL | | | |
| ☒ NONE | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

NARRATIVE: ON THURSDAY, APRIL 12th 2007 AT APPROXIMATELY 1855 HOURS
WHILE WORKING AS B7 FLOOR OFFICER #2, I RESPONDED TO A PERSONEL
ALARM IN UNIT B8. AS I ENTERED THE ROTUNDA AREA OF B8, I
OBSERVED THREE OFFICERS AND ONE INMATE ON THE FLOOR NEXT
TO HOLDING CELL NUMBER TWO. OFFICER J. THOM WAS HOLDING
THE UPPER RIGHT LEFT SIDE OF INMATE BLOODSAW P-20045 AGAINST THE
FLOOR. OFFICER T. HOLMES WAS HOLDING THE UPPER RIGHT SIDE
OF BLOODSAW AGAINST THE FLOOR. OFFICER L. NORTHRUP WAS
HOLDING BLOODSAWS LEGS DOWN. I NOTICED THAT BLOODSAW HAD
ALREADY BEEN PLACED IN HANDCUFFS. WHEN OFFICER C. CHAPMAN
PLACED LEG RESTRAINTS ON BLOODSAW. OFFICER C. CHAPMAN
AND MYSELF ESCORTED BLOODSAW OUT OF THE UNIT AND PLACED HIM

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF T. W_____ | TITLE c/o | BADGE # 49538 | DATE 4-12-07 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED   CLARIFICATION NEEDED | |

29

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

PAGE **2** OF **2**

INCIDENT LOG NUMBER
PBP- B08-07-04-0144

NAME: LAST
Wadsworth,

FIRST
T

MI
P

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE: INTO "B" FACILITIES HOBBIE SHOP AND INTO HOLDING CELL NUMBER ONE

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF

TITLE
C/O

BADGE #
49538

DATE
4-12-07

APPROVED    CLARIFICATION NEEDED    DATE

DATE RECEIVED

30

STATE OF CALIFORNIA　　　　　　　　　　　　　　　　　　　　　　　　DEPARTMENT OF CORRECTIONS AND REHABILITATION

# MEDICAL REPORT OF INJURY
## OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | INJURY | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| PBSP | B 8 | USE OF FORCE　　UNUSUAL OCCURRENCE | | PRE AD/SEG ADMISSION | 4-12-07 |

| THIS SECTION FOR INMATE ONLY | NAME　LAST Bloodsaw | FIRST Theopric | CDC NUMBER P20045 | HOUSING LOC. B8-101 | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME　LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME　LAST | FIRST　　　　MIDDLE | | DOB | OCCUPATION |
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE B8 Rotunda | DATE/TIME OF OCCURRENCE 4-12-07 - 1855 | NAME OF WITNESS(ES) Custody Staff | | | | |
|---|---|---|---|---|---|---|
| TIME NOTIFIED 1855 | TIME SEEN 1900 | ESCORTED BY | MODE OF ARRIVAL (circle) AMBULATORY　LITTER　WHEELCHAIR　ON SITE | AGE 48 | RACE B | SEX M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"My Neck hurts"　"My Knee hurts"



| INJURIES FOUND? | YES/NO | |
|---|---|---|
| Abrasion/Scratch | | 1 |
| Active Bleeding | | 2 |
| Broken Bone | | 3 |
| Bruise/Discolored Area | | 4 |
| Burn | | 5 |
| Dislocation | | 6 |
| Dried Blood | (7) | 7 |
| Fresh Tattoo | | 8 |
| Cut/Laceration/Slash | | 9 |
| O.C. Spray Area | | 10 |
| Pain | (11) | 11 |
| Protrusion | | 12 |
| Puncture | | 13 |
| Reddened Area | | 14 |
| Skin Flap | | 15 |
| Swollen Area | | 16 |
| Other | | 17 |
| | | 18 |
| | | 19 |

| O.C. SPRAY EXPOSURE? | YES / (NO) |
|---|---|
| DECONTAMINATED? | YES / (NO) |
| Self-decontamination instructions given? | YES / (NO) |
| Refused decontamination? | YES / (NO) |
| Q 15 min. checks | N / A |
| Staff issued exposure packet? | YES / (NO) |

| RN NOTIFIED/TIME Bales RN /1920 | PHYSICIAN NOTIFIED/TIME N/A |
|---|---|

| TIME/DISPOSITION 2010 / Returned to cell from CTC, (Non-CCCMS patient) | REPORT COMPLETED BY/TITLE (PRINT AND SIGN) J. Kers / (signature) MTA | BADGE # 71765 | RDOs. M/T |
|---|---|---|---|

MICHAEL D. RIESE
DISTRICT ATTORNEY
450 H Street, #171
Crescent City, CA  95531
Telephone: (707) 464-7210

Attorney(s) for Plaintiff

Space Below for use of Court Clerk Only

ENDORSED
FILED

OCT 2 6 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE

450 H Street, Crescent City, CA

THE PEOPLE OF THE STATE OF CALIFORNIA

v.

THEOPRIC BLOODSAW (P-20045)

Defendant

CASE NUMBER: **CRPB07-5089**

**REQUEST FOR DISMISSAL**

Next Court Date: 11/1/2007

Request is made to dismiss this action for the following reason:

Interests of justice.

Dated: October 24, 2007

MICHAEL D. RIESE
DISTRICT ATTORNEY

By:    Katherine Micks
       Deputy District Attorney

**IT IS SO ORDERED**

Dated: OCT 2 6 2007

Robert W. Weir

Judge of the Superior Court

1           PROOF OF SERVICE

2

3       I am a citizen of the United States and a resident of the

4   County of Del Norte.  I am over the age of eighteen years and not

5   a party to the within above entitled action; my business address is

6   450 H Street, Crescent City, California, 95531.

7       On October 24, 2007, I served the within **REQUEST FOR DISMISSAL**

8   in this action by delivering to and leaving with the following

9   persons in the County of Del Norte, State of California, a true

10  copy thereof, to wit:

11

12  Law Office of **George Mavris**, *via clerk's receptacle*.

13

14

15      I, H. Diane Collins, declare, under penalty of perjury that

16  the foregoing is true and correct.

17

18  Executed on October 24, 2007, at Crescent City, California.

19

20

21                                      H. Diane Collins

22

23

24

25

26

27





California State Prison Corcoran

# RADIOLOGY REPORT

NAME: BLOODSAW, Theopric        NUMBER: E-40947        DATE: 12/17/92

DOCTOR: Hoffman        HOUSING: 4B

SKULL SERIES, C-SPINE.

HISTORY: Blow to head 1977. Dizziness daily since.

SKULL SERIES.

I see no fracture, sinuses clear.

IMPRESSION: Unremarkable skull series.

CERVICAL SPINE.

Films continue to show loss of normal cervical lordosis. There is narrowing of the C-5/6 disc with some straightening of curvature at this level, no change since previous, no fractures or destructive processes seen.

IMPRESSION: Abnormal C-5/6 interspace. No other significant findings identified.

_____
Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 12/22/92 ls/JG
Original: Medical Chart
        cc: X-Ray Jacket

4

---

### California State Prison Corcoran
## RADIOLOGY REPORT

---

NAME: BLOODSAW, Theopric _____ NUMBER: E-40947 _____ DATE: 10/20/92 _____

DOCTOR: Brown _____ HOUSING: 4B _____

CERVICAL SPINE FILM SERIES WITH OBLIQUES.

Radiographic examination of the cervical spine was obtained. There is either a superimposed position artifact or non-displaced fracture at the ~~lateral~~ left lateral corner of C-1. It is visible on the frontal projection. Further evaluation by obtaining follow-up radiographic examination may be of value. Otherwise there is no evidence of acute fracture or dislocation. Vertebral body statures are well maintained. Narrowing of C-5/C-6 intervertebral disc space with osteophytes is appreciated. This is consistent with degenerative disc disease. Neural canal are patent. Prevertebral soft tissue structures appear unremarkable. Mild reversal of cervical curvature is noted. This may be secondary to positioning or muscle spasms.

IMPRESSION:  (1)  Reversal of cervical curvature.  (2)  Degenerative disc disease.  (3)  Fractures verses superimposed position artifact of C-1 as described, Follow up Lateral + open mouth view Rx.

_____
Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 10/22/92 ls/MD
Original: Medical Chart
        cc: X-Ray Jacket

**X-RAY REPORT**

4-9-99

m

DEPARTMENT OF CORRECTIONS
CORRECTIONAL TRAINING FACILITY

NAME:                   CDC #:          CELL:       DOB:        DATE:
BLOODSAW, THEOPRIC      P-20045         D4/025U     06/24/58    02/26/99

EXAM REQUESTED:
PA AND LATERAL CHEST

CLINICAL DATA:
OLD GSW, LEFT THORAX

REFERRING PHYSICIAN:
D. GINES, M.D.


RADIOGRAPHIC REPORT:

CHEST:  PA AND LATERAL VIEWS OF THE CHEST ARE OBTAINED ON 02/26/99.

MULTIPLE METALLIC FRAGMENTS ARE NOTED OVERLYING AND WITHIN THE UPPER LEFT
HEMITHORAX, CONSISTENT WITH A PREVIOUS GUNSHOT INJURY.  BOTH LUNGS ARE
WELL EXPANDED AND CLEAR.  THERE IS NO EVIDENCE OF ANY ACTIVE PULMONARY
PATHOLOGY.  THE HEART IS NORMAL IN SIZE AND CONTOUR.  THERE IS NO
MEDIASTINAL ADENOPATHY.

IMPRESSION:

THERE IS EVIDENCE OF A PREVIOUS OLD GUNSHOT INJURY INVOLVING THE LEFT
UPPER HEMITHORAX.  NO ACTIVE CARDIOPULMONARY PATHOLOGY IS SEEN.  THERE
ARE NO PREVIOUS FILMS AVAILABLE FOR COMPARISON.


03/02/99               NELSON PARKER, M.D.                    NHP/gj
DATE READ                  RADIOLOGIST          DATE TYPED:  04/07/99







# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC   NO. P20045   RM: A2-125   DOB:  6/25/58  DATE: 02/22/05

EXAM REQUESTED:              CERVICAL SPINE

REQUESTING M.D.:            J. LAZORE, F.N.P.

CLINICAL DATA:              NO HISTORY GIVEN

RADIOGRAPHIC REPORT:        CERVICAL SPINE

FINDINGS:                   Comparison to a previous study dated 7/23/04.

On the current study the soft tissues are unremarkable.

There is a mild reversal of the cervical lordosis centered at  C5-6.  There is mild anterior subluxation of C4 with respect to C5 which was not present on the previous study.

Degenerative discs at C5-6 and C6-7 again noted and show little change compared to the previous study.

**IMPRESSION:**              **1.   REDEMONSTRATION OF DEGENERATIVE DISC DISEASE AT C5-6 AND C6-7 WHICH APPEAR STABLE.**
**2.   THERE IS MILD ANTERIOR SUBLUXATION OF C4 WITH RESPECT TO C5 OF APPROXIMATELY 2 MM WHICH WAS NOT SPECIFICALLY PRESENT ON THE FILMS OF 7/23/04.**

**ON THE OBLIQUE VIEWS POSTERIOR OSTEOPHYTES PARTIALLY ENCROACH ON THE INTERVERTEBRAL FORAMINA AT THE C5-6 LEVEL BILATERALLY.**

02/22/05                    CURTIS COULAM, M.D.                    BGR
DATE READ                   RADIOLOGIST                           TRANSCRIBER

283

NAME ___Bloodsaw_____     NUMBER ___E40947·_____     AGE __32__     DATE ___12/17/90___

X-RAY REQUESTED _____Left hip_____     PHYSICIAN ___A. C. Pedley, M.D.___

REPORT:

    The left hip is negative for evidence of acute fracture or dislocation.
There are several bullet fragments overlying the soft tissues lateral to
the left hip joint space. and suggested slight increased narrowing of the
left hip joint space medially.

RJB: ck
d:  12/18/90
t:  12/18/90

                           /S
                       ROBERT J. BEMRICK, M.D.
                       RADIOLOGIST

S.C.C. X-RAY REPORT

20

NAME __Bloodsaw_____   NUMBER __E40947·__   AGE __32__   DATE __12/17/90__

X-RAY REQUESTED_____ Left hip _____   PHYSICIAN __A. C. Pedley, M.D.__

REPORT:

The left hip is negative for evidence of acute fracture or dislocation.
There are several bullet fragments overlying the soft tissues lateral to
the left hip joint space  and suggested slight increased narrowing of the
left hip joint space medially.

RJB: ck
d:  12/18/90
t:  12/18/90

                                        /s/
                                        _____
                                        ROBERT J. BEMRICK, ·M.D.
                                        RADIOLOGIST

                    S.C.C. X-RAY REPORT

NAME · Bloodsaw_____   NUMBER __E40947__   AGE __31__   DATE __2/16/90__

X-RAY REQUESTED__ Upper GI Series _____   PHYSICIAN _____ F. J. Foster, M.D.

REPORT:

The preliminary film of the abdomen shows no evidence of acute intra-abdominal
disease or other significant abnormality except for a developmental or possibly
old minor post-traumatic deformity involving the right transverse process of
the fourth lumbar vertebra.

The examination was performed without the aid of fluoroscopy.  There appears to
be increased prominence of the partially visualized distal antral and pyloric
folds and there is deformity of the duodenal bulb with inflammatory thickening
of the duodenal bulb and post-bulbar folds.  The visualized upper intestinal tract
is otherwise within normal limits and shows no evidence of peptic ulceration.

CONCLUSIONS:  Findings consistent with nonerosive antral gastritis and duodenitis.

              No evidence of peptic ulceration involving the upper intestinal
              tract.

                                        /s/
                                        _____
                                        Robert J. Bemrick, M.D.
                                        Radiologist

'B: ck
   2/27/90



*Jain Bhawna, M.D.*




# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC    NO. P20045    RM: A2-202L    DATE: 05/10/07

EXAM REQUESTED:                CERVICAL SPINE THREE VIEWS

REQUESTING M.D.:               PCP CLINIC

CLINICAL DATA:                 HISTORY OF NECK PAIN.

RADIOGRAPHIC REPORT:           CERVICAL SPINE THREE VIEWS

FINDINGS:                      This study is compared with films taken in June of 2005.

There is no obvious soft tissue swelling or calcifications.  There is a focal reversal of the normal cervical lordosis with the apex this reversal is centered at C5.  Mild arthritic changes are noted at C4-5.  Moderate arthritic changes bordering on severe are noted at C5-6 and C6-7.  At these levels there is endplate sclerosis, osteophyte formation and joint space narrowing.  Lateral mass arthritic changes are noted at disc spaces above this.  There is an unusual appearance of the symphysis of the mandible perhaps this is posttraumatic.  This is probably unchanged from the preceding study.  The degree of arthritic changes in the mid and lower cervical spine is thought to be mildly progressive when compared to the previous study in 2005.

IMPRESSION:    1.  **FOCAL MODERATE DEGENERATIVE ARTHRITIC CHANGES OF THE MID AND LOWER CERVICAL SPINE, I BELIEVE THEY ARE MILDLY PROGRESSIVE WHEN COMPARED TO THE PRECEDING STUDY.**

2.  **FINDINGS AT C5-6 MAY BE CHARACTERIZED AS SEVERE.**

3.  **I BELIEVE THAT THERE IS A POSTTRAUMATIC DEFORMITY OF THE SYMPHYSIS OF THE MANDIBLE THAT IS STABLE WHEN COMPARED TO THE PREVIOUS STUDY.**

05/15/07                    PHILIP GRIMM, M.D.                    DLK
DATE READ                   RADIOLOGIST                    TRANSCRIBER

*19*

## LABORATORY REPORTS

DEPARTMENT OF CORRECTIONS
CMD-EAST HOSPITAL

NAME: **BLOODSAW, THEO**    NUMBER: **E-40947**    ROOM: **4190X**    AGE: **37**

Date Taken: 9-15-95    Date Read: 09/15/95    Ordering M.D.: **MISSON**

### RADIOGRAPHIC REPORT: LEFT HIP

There is evidence of fracture.  Minimal osteoarthritic spurring is present
about the inferior margin of the femoral head.

*pmc*

JBF:jag    Date: **September 16, 1995**    J. FLEMING, M.D.

Date Taken: 3-30-95    Date Read: 3-31-95    Ordering M.D.: Stevig

### RADIOGRAPHIC REPORT:

CHEST:   There is no evidence of active pulmonary disease.  Small
metal fragments are present in the left upper chest.

JBF:co    Date: March 31, 1995    J. B. Fleming, M.D.

NAME: BloodsAW Mreeprix

CDC NO.: P20042 HOUSING: C10-111

PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

LEGAL MAIL

RECEIVED

JS APR 11 PM 2:29

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

JF



PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

UNITED STATES POSTAGE
$ 04.90°
PITNEY BOWES
02 1M
0004217666    APR 09 2008
MAILED FROM ZIP CODE 95531

United States District Cou
Northern District of Calif
ATTN: Clerk
450 Golden Gate Ave.